IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 1:18-cv-00033 |
| ) | |
| COMMUNITY PROBATION ) | JUDGE CAMPBELL |
| SERVICES, LLC, et al., ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendants. ) | |

## TEMPORARY RESTRAINING ORDER

Pending before the Court is Plaintiff Indya Hilfort's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. No. 42). Plaintiff requests the Court issue a temporary restraining order prohibiting Defendant Giles County from enforcing against Plaintiff Hilfort any secured financial condition of release determined without an inquiry and findings concerning ability to pay, and requiring the County to release Ms. Hilfort on her own recognizance if she is arrested for an alleged violation of probation. The Court held a telephonic hearing on the request for a temporary restraining order on July 13, 2018.

Based on Plaintiff Hilfort's filings and the parties' arguments, and for the reasons described at the hearing and set forth below, the request for a temporary restraining order is **GRANTED** on the terms and conditions stated herein.

Through the Amended Complaint (Doc. No. 35), five individual plaintiffs seek to bring a class action challenging the operation of Giles County, Tennessee's misdemeanor probation system, which is run by two for-profit companies – Community Probation Services, LLC ("CPS") and PSI Probation, LLC ("PSI") – through contracts with the County. More

specifically, Plaintiffs allege the goal of the system is to maximize profits for CPS and PSI through threats of arrest, physical confinement, and extended periods of supervised probation due to nonpayment of debts owed to the court and to the private companies. More specifically, concerning the request for temporary injunctive relief, Plaintiffs allege in Count 15 that Defendants violate the Fourteenth Amendment Due Process and Equal Protection Clauses, as follows:

> 560. Defendants have a policy and practice of violating probationers' substantive right against wealth-based detention by enforcing secured financial conditions of release that are pre-printed on violation-of-probation arrest warrants and that are determined without an inquiry into or findings concerning ability to pay, without any pre-deprivation process, assessment of alternatives to detention, inquiry into whether the Plaintiffs pose a danger to the community or a risk of flight, or any findings regarding the need for detention in light of any particular government interest. Because the monetary amounts are predetermined without reference to the person's ability to pay, they operate to detain only those indigent misdemeanor-probationer arrestees who cannot afford them, but without any findings that pre-revocation, wealth-based detention is necessary to meet a compelling government interest. If the Plaintiff could pay the monetary amount, she would be released immediately.
>
> 561. These violation-of-probation warrants are routinely issued for the arrest of indigent misdemeanor probationers who, like Named Plaintiff Indya Hilfort, are supervised on probation only because they cannot afford to pay in full their court costs and probation fees.

(Doc. No. 35, at 116-17).

In her request for a temporary restraining order and supporting Declaration, Plaintiff Hilfort states that she learned on July 11, 2018, an arrest warrant had been issued for an alleged violation of her conditions of probation. (Doc. Nos. 42, 42-1). Plaintiff states that, if arrested, she will be required to pay $2,500 to be released from the Giles County jail, an amount that was determined without inquiry or findings regarding her ability to pay. Plaintiff further states that she is indigent, and is responsible for providing for her four children and mother. According to

Plaintiff Hilfort, if she cannot pay the predetermined amount of $2,500, she will be kept in jail until the Thursday after her arrest, when she will have a violation-of-probation proceeding.

In determining whether to issue a temporary restraining order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017).

Based on the motion, pleadings, declarations, briefs, representations of counsel and the entire record, the Court finds:

(1)  Plaintiff Hilfort has demonstrated a strong or substantial likelihood of success on the merits of her claim that enforcing secured financial conditions of release that are pre-determined on violation-of-probation arrest warrants and are determined without an inquiry into or findings concerning ability to pay violates the Fourteenth Amendment Due Process and Equal Protection Clauses;

(2)  Plaintiff Hilfort has demonstrated she will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending a preliminary injunction hearing. Specifically, the Court finds Plaintiff Hilfort will suffer irreparable harm if she is arrested and held in custody until the Thursday after her arrest before she is provided a detention hearing;

(3)  The balance of relative harms among the parties weighs in favor of Plaintiff Hilfort and against Defendants. Defendants have not demonstrated any prejudice they will suffer as a result of the requested relief; and

(4) the public interest will not be harmed by injunctive relief pending a preliminary injunction hearing.

It is, therefore, ORDERED that, pursuant to Federal Rule of Civil Procedure 65, that: Defendant Giles County, its officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby enjoined and restrained from enforcing against Plaintiff Hilfort any secured financial condition of release determined without an inquiry and findings concerning ability to pay by an appropriate judicial officer, pending further order of the Court.

Given the indigency of Plaintiff Hilfort, the bond requirement is waived.

This TRO is effective upon its issuance on July 13, 2018, at 5:00 p.m., and expires on July 27, 2018, at 5:00 p.m., absent further order of the Court.

As the Court instructed the parties at the hearing, should Plaintiffs determine they want a preliminary injunction on behalf of Plaintiff Hilfort, or on behalf of other Plaintiffs, they should file an appropriate motion.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE