# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE - COLUMBIA DIVISION

| | | |
|---|---|---|
| KAREN MCNEIL, LESLEY JOHNSON, TANYA MITCHELL, INDYA HILFORT, and SONYA BEARD, On behalf of themselves and all others similarly situated, | ) ) ) ) ) | CASE NO.: 1:18-cv-00033 |
| | ) | |
| | ) | JUDGES CAMPBELL/FRENSLEY |
| Plaintiffs | ) | |
| | ) | JURY DEMAND |
| VERSUS | ) | |
| | ) | |
| COMMUNITY PROBATION SERVICES, LLC; COMMUNITY PROBATION SERVICES, L.L.C.; COMMUNITY PROBATION SERVICES; PROGRESSIVE SENTENCING, INC.; PSI-PROBATION II, LLC; PSI-PROBATION, L.L.C.; TENNESSEE CORRECTIONAL SERVICES, LLC; TIMOTHY COOK; GILES COUNTY, TENNESSEE; PATRICIA MCNAIR; MARKEYTA BLEDSOE; HARRIET THOMPSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants | ) | |

## ANSWER

Come now Community Probation Services, LLC; Community Probation Services, L.L.C.; Community Probation Services; and Patricia McNair, in her personal and official capacity, by and through counsel, and for response to the Complaint against them, would state and show unto the Court as follows:

1.      Denied.

1

2.     It is averred that these Defendants are engaged in proper, lawful and appropriate conduct in all respects.  It is admitted that CPS charges appropriate and reasonable fees for its services.  Any other allegations are denied.

3.     Denied.  It is averred that these Defendants engage in proper, appropriate and reasonable conduct in every respect.

4.     Denied.

5.     Denied.

6.     Denied.

7.     It is admitted that Giles County contracted with Defendant CPS to provide probation services.  It is averred that this arrangement is entirely proper, lawful and appropriate in all respects.

8.     Denied as stated.  It is averred that the probation fees are reasonable, appropriate fees, and they are not procured by any improper means.

9.     Denied.  However, it is averred that probationers are required to meet all of the conditions of their probation.

10.    Denied.

11.    To the extent the allegations of Paragraph No. 11 contain a statement of law, no response is required.  The remaining allegations of Paragraph No. 11 are denied.

12.    The allegations of Paragraph No. 12 are not directed to these Defendants. The Judges of the General Sessions Court and the Circuit Court are judicial officers. These Defendants comply with the Court orders, but do not create the Court orders.  It is

generally denied that either of the Courts or their Judges does anything improper, at any time.

13.     Denied.  It is averred that any citation, summons, or warrant speaks for itself.

14     Denied as stated.  It is generally admitted that a violation of probation may result in a warrant issued by a Judge in a Court of competent jurisdiction that authorizes an arrest.  These Defendants reject the Plaintiffs' attempt to coin a term "pre-set money bond" or otherwise insinuate that anything done by the Judges of the General Sessions Court or the Circuit Court is improper in any way whatsoever.  It is generally averred that those who violate probation are given all the process that is due, and the process they receive occurs in a timely manner.

15.     Denied.  It is averred that these Defendants are responsible to insure compliance with the Court's judgments, and that they are responsible to notify the Court when a person on probation violates the conditions of that probation.

16.     Denied as stated.  It is averred that these Defendants notify the Court when a person on probation by virtue of their criminal act fails to comply with the conditions of the probation.

17.     Denied.

18.     Denied.

19.     Denied.  It is specifically averred that the contracts are appropriate, lawful and contemplated by Tennessee statute.  It is averred that the Plaintiff's complaint is an

3

attempt to invalidate a Tennessee statute that is lawful, constitutional, and appropriate in all respects.

20.     Denied.

21.     It is admitted that the Plaintiffs are seeking the relief sought in Paragraph No. 21; but it is denied that the Plaintiffs are entitled to any relief, either in their own stead or for any other persons.  It is further averred that there is no one similarly situated for whom the Plaintiffs can serve as a class representative.

22.     Denied.  On the contrary, it is averred that this case is entirely distinguishable from *Rodriguez v. Providence Community Corrections, Inc*.  Further, the fact that Plaintiffs' attorney has filed a separate suit constitutes no precedent whatsoever.  Further, the voluntary settlement reached in that case does not constitute a precedent, nor does any individual interlocutory ruling.  The issues are different than those presented in that case, and the Plaintiffs' attempt to parallel the issues in that case is entirely without merit.

23.     It is admitted that Defendant CPS began operating in Giles County.  It is denied that these Defendants engage in any improper conduct, whatsoever.

24.     Denied.  It is further denied that the issues in *Rodriguez* were similar; and it is further denied that the interlocutory memorandum opinions issued prior to settlement in that case have any bearing on this suit or relevance whatsoever.

25.     It is admitted that this suit is not brought for any proper purpose, but is brought as an activist attempt to drive CPS and its employees out of their lawful,

4

appropriate and legitimate business. It is denied that the Plaintiffs' allegations against these Defendants have any merit whatsoever.

26.　　It is denied that any of the individual Plaintiffs have a right to bring this action on behalf of any other person, and it is denied that the Plaintiffs are similarly situated to any other person. To the extent the Plaintiffs bring this action, either on behalf of themselves, or on behalf of any other person, the suit is without merit.

27.　　It is admitted that this Court has jurisdiction over the federal claims in this matter. It is averred that this Court should decline to exercise supplemental jurisdiction over any state law claims whatsoever.

28.　　It is admitted that venue is proper in this Court and division.

29.　　These Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 29 with respect to Ms. McNeil's age, current residence, or the existence of her adult children, who have no relevance to this suit. It is admitted that Ms. McNeil was previously on probation with CPS and that she worked with Defendant McNair.

30.　　These Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 30 with respect to Ms. Lesley Johnson's age, current residence, or the existence of her adult children, who have no relevance to this suit. It is admitted that Ms. Johnson was previously on probation with CPS and that she worked with Defendant McNair.

5

31.    These Defendants lack information to admit or deny the allegations of Paragraph No. 31, and demand strict proof of the same.  It is averred that Ms. Mitchell was not on probation with this Defendant, CPS, and has no relationship to this Defendant.

32.    These Defendants generally admit that Plaintiff, Hilfort, is presently on probation with Defendant, CPS.  It is averred that Ms. Hilfort has recently violated her probation by failing to comply with all laws.  In particular, it is averred that Plaintiff, Hilfort, has recently been indicted for multiple felony charges of drug sales, and charges of endangerment of her minor children identified by the Plaintiff in Paragraph No. 32, because Ms. Hilfort allegedly brought her children with her to these drug deals.

33.    These Defendants lack information to admit or deny the allegations of Paragraph No. 33, and demand strict proof of the same.  It is averred that Ms. Mitchell was not on probation with this Defendant, CPS, and has no relationship to this Defendant.

34.    It is admitted that Defendant, Community Probation Services, LLC, is a for-profit limited liability company organized and registered to do business in Tennessee, that it is headquartered in Crossville, and that it has operated lawfully and properly in the State of Tennessee since 2015.  Any other allegations are denied as stated.

35.    Denied.  It is denied that the Defendant "Community Probation Services" is a proper defendant.  To the extent it ever existed as an entity, it ceased to do so long before the statute of limitations expired with respect to any claim against it, and it should be dismissed from this suit.

36.    Denied.  It is denied that the Defendant "Community Probation Services, L.L.C." is a proper defendant.  To the extent it ever existed as an entity, it ceased to do so

6

long before the statute of limitations expired with respect to any claim against it, and it should be dismissed from this suit.

37.     Denied.  It is averred that the only proper defendant is Community Probation Services, LLC, and that any reference anywhere in the complaint to "CPS" purporting to be collective, is hereby denied entirely, as these entities cannot be conflated.  To the extent that elsewhere in this complaint any allegation relating to "CPS" is admitted at all, it is admitted only as to Defendant, Community Probation Services, LLC, and not as to "Community Probation Services" or "Community Probation Services, L.L.C.".

38.     Paragraph No. 38 is not directed to these Defendants, and no response is required.  These Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

39.     Paragraph No. 39 is not directed to these Defendants, and no response is required.  These Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

40.     Paragraph No. 40 is not directed to these Defendants, and no response is required.  These Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

41.     Paragraph No. 41 is not directed to these Defendants, and no response is required.  These Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

42.     Paragraph No. 42 is not directed to these Defendants, and no response is required.  These Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

43.     Paragraph No. 43 is not directed to these Defendants, and no response is required.  These Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

44.     It is admitted that Defendant, CPS, generates income from probation supervision fees.  It is averred that these fees are proper, lawful and appropriate in all respects.

45.     Admitted.

46.     Denied as stated.  The document speaks for itself.

47.     It is admitted that Defendant, Giles County, is a local government entity, properly organized under the laws of the State of Tennessee.  It is averred that any other allegation with respect to the responsibility of Defendant, Giles County, is a statement of law, to which no response is required.

48.     Admitted.  It is denied that Ms. McNair has done anything improper in any way, whatsoever, either in her personal or official capacity.

49.     Paragraph No. 49 is not directed to these Defendants, and no response is required.  These Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

50.     Paragraph No. 50 is not directed to these Defendants, and no response is required.  These Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

51.     Denied.  It is averred that Defendant, McNair, and CPS conducted the probation services appropriately, lawfully and properly in every respect.

52.     It is averred that these Defendants have engaged in lawful, appropriate and proper actions, in all respects, and at all times.  To the extent these Defendants act as officials of the Court, quasi-judicial immunity and/or qualified immunity extend to them.  To the extent these individuals are not officials of the Court and are not entitled to immunity, then they are not acting under color of law.

53.     It is generally admitted that Defendant, McNair, is the agent of Defendant, Community Probation Services, LLC.  Despite the extreme length of the complaint, all of the allegations in it are generic, broad, sweeping, and unspecific, and these Defendants demand strict proof of any individual action for which agency is alleged.

54.     Upon information and belief, the allegations of Paragraph No. 54 are admitted.

55.     Denied.  Notwithstanding the allegation in Paragraph No. 55 that "all references to internal 'CPS' herein refer to all current and former legal entities through which CPS operates" these Defendants deny the applicability of this suit to any entity other than "Community Probation Services, LLC" and further generally deny every allegation in the complaint, whatsoever, relating to any other similarly named entity.

9

To the extent that this Defendant uses "CPS" anywhere in its answer, it refers only to Defendant, Community Probation Services, LLC. Plaintiffs' attempt to improperly conflate legal entities is invalid. As a result of Plaintiffs' apparent attempt to conflate all entities, and bring all allegations against each of them, jointly, then all of Plaintiffs' allegations are denied in their entirety.

56. The allegations of Paragraph No. 56 are not directed to these Defendants, and the Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demand strict proof of the same. It is generally averred, however, that the probation services provided in Giles County are lawful, appropriate, and proper in all respects.

57. Denied. It is averred that the relationship between these Defendants and Giles County is lawful, proper and appropriate in all respects. It is not only denied, but is outrageous for Plaintiffs to assert any conspiracy or unlawful extortion by either Giles County or any of these Defendants.

58. Denied.

59. Denied.

60. The characterizations in Paragraph No. 60 are all denied. It is averred that Defendant's conduct observes constitutional and statutory safeguards, and is lawful, appropriate and proper in all respects. It is denied that there is anything improper about the probation system in Giles County as it relates to these Defendants.

61. The entire premise and predicate of Paragraph No. 61 is denied.

10

62.     It is admitted that CPS signed its contract with Giles County after PCC, Inc. ceased operation. It is denied that any conduct of CPS is improper in any respect, whatsoever.

63.     It is admitted that Defendant, McNair, was previously an employee of PCC, Inc. It is averred that CPS is a separate business entity than PCC, Inc. and that any attempt to conflate these two is improper.

64.     Denied as stated. It is admitted that Defendants have some flexibility in working with defendants on probation to enable them to comply with the terms of the probation and pay the Court ordered charges. It is averred, however, that the obligation of a probationer, including the named Plaintiffs, to comply with the terms and conditions of probation, to pay the court costs, fines, and supervision fees, are a judgment of a Court which Plaintiffs are obligated to follow. It is averred that the entire practice is lawful, proper and appropriate in all respects.

65.     Denied as stated.

66.     It is admitted that Defendants, CPS and McNair, are required to notify the Court when persons violate the conditions of their probation, and are compelled to give evidence from time to time. It is averred that this is lawful, appropriate and proper in all respects. It is averred that the Court's actions with respect to these convicted persons on probation is a lawful, valid, constitutional, and proper exercise of justice, and that Plaintiffs' attorneys' activist agenda notwithstanding, the conduct of these Defendants is not actionable.

67.     The allegations of Paragraph No. 67 are not directed to these Defendants, and these Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

68.     The allegations of Paragraph No. 68 are not directed to these Defendants, and these Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

69.     The allegations of Paragraph No. 69 are not directed to these Defendants, and these Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph.

70.     Denied.  Despite the length of Plaintiffs' complaint, it is totally devoid of any meaningful, specific, or substantive allegation.  Instead, the Plaintiffs offer only gross generalizations, non-specific, and non-substantive complaints.  The allegations of Paragraph No. 70 then, further, try to conflate all of the actions of each of the Defendants in a wholly non-specific manner.  These Defendants demand strict proof of each and every allegation against them.  It is specifically denied that these Defendants engage in any unlawful, inappropriate or improper conduct, whatsoever.

71.     Denied.

72.     It is generally admitted that misdemeanor and traffic cases originate in General Sessions Court.  Any other allegation in Paragraph No. 72 is denied as stated.

73.     These Defendants do not impose sentence on any persons; sentences are imposed by the Judges of the respective Courts.  These judicial sentences are proper in all

12

respects, and the Plaintiffs, and each of them, are estopped from challenging the validity of the sentences in this suit.

74. The breadth of this allegation is denied. The Defendants are without sufficient knowledge or information to admit or deny whether on one instance a person pleading guilty asked the Judge the quoted question and received the quoted response. It is generally averred that court costs and fines are ascertainable should a defendant or his or her attorney attempt to discern them.

75. The generic allegations of Paragraph No. 75 are denied as stated. It is averred that Defendants are sentenced in accordance with their charges and other appropriate factors.

76. Denied as stated. It is averred that the respective Courts impose the sentence and conditions that they feel are appropriate based on the individual charges.

77. The first grammatical sentence is denied as stated. The second grammatical sentence is denied.

78. The breadth of the allegations in Paragraph No. 78 makes it impossible to respond. It may be possible that some misdemeanor defendant is extremely poor or receives limited income. It is averred that various individual situations are unique, and that the named Plaintiffs are not similarly situated to others.

79. Denied.

80. Denied.

81. Denied as stated; however, it is generally admitted that persons given the opportunity of probation as part of their sentence would be well-advised to avoid

13

violating the conditions of their probation, such as those relating to violating other laws. For example, it is averred that named Plaintiff Hilfort violated the terms of her probation, by being indicted for two felony drug deals, in which she brought her children, resulting in additional endangerment charges. Named Plaintiff Hilfort should not have violated the conditions of her probation by engaging in the sale of drugs or endangering her children during her sale of drugs.

82. These Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 82, and demand strict proof of the same.

83. The allegations of Paragraph No. 83 assert a legal proposition for which no response is required.

84. Denied as stated.

85. It is admitted that persons sentenced to probation are generally supervised by either CPS or PSI. Any allegation inconsistent with the foregoing is denied.

86. It is generally admitted that CPS and PSI have approximately the same number of new probationers.

87. Denied as stated. However, it is admitted that a supervised probation can be converted to unsupervised probation after some period of time, in accordance with the original sentence.

88. Denied as stated.

89. Denied as stated.

90.     It is generally admitted that probationers have an initial meeting with this Defendant's representative when they are assigned to this Defendant for supervised probation.

91.     Denied as stated.

92.     Denied as stated.

93.     It is generally admitted that a probationer receives a form indicating how frequently the probationer must report.

94.     Denied as stated.

95.     Denied as stated.

96.     These Defendants aver that the documents and orders of the Court speak for themselves, but that they are lawful, appropriate and proper in all respects.

97.     Denied as stated.

98.     The allegations of Paragraph No. 98 are not directed to these Defendants, and the Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph, and demand strict proof of the same.

99.     It is admitted that probationers may be required to submit to drug tests as a condition of probation requires them to be free of drugs.

100.    It is admitted that there are charges, which cover the costs of drug tests. The remaining allegations of this paragraph are denied.

101.    Denied as stated.  It is averred that varying charges may be required depending upon what type of testing and/or verification is required based on the individual circumstances of a particular test.

15

102.    The allegations of Paragraph No. 102 are not directed to these Defendants, who lack sufficient knowledge or information to respond, and demand strict proof of the same.

103.    It is generally admitted that these Defendants use drug testing kits which do not require laboratory analysis, when possible.

104.    It is admitted that probationers have an opportunity to have the test results verified by a lab, usually when the probationer wishes to deny the results of the test.  The charge from the lab may vary depending upon the number of drugs that the probationer has illicitly taken.

105.    Denied.

106.    The allegations of Paragraph No. 106 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

107.    The allegations of Paragraph No. 107 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

108.    Admitted.

109.    The allegations of Paragraph No. 109 are generally admitted.

110.    The allegations of Paragraph No. 110 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

111. Denied as stated, but it is averred that different circumstances may warrant accommodation. For example, a lot of truck drivers report by phone because they are out of state.

112. Denied as stated.

113. Denied as stated.

114. Denied.

115. Denied.

116. It is generally admitted that these Defendants make the appropriate inquiries with respect to the conditions of probation. It is generally admitted that when a probationer violates probation, these Defendants report same to the appropriate Court. Any allegation inconsistent with the foregoing is denied.

117. It is admitted that meetings typically last no longer than is necessary to accomplish the appropriate, lawful, and proper purpose of the meeting. Any allegation inconsistent with the foregoing is denied.

118. It is generally admitted that probationers reporting by phone are asked to provide information appropriate to the conditions of probation. It is generally averred that reporting by phone is an accommodation.

119. The allegations of Paragraph No. 107 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

120. Denied as stated, but it is averred that probationers are required to pay the appropriate and lawful court costs, fines and fees.

121.    Denied as stated.  However, it is averred that these Defendants conduct themselves appropriately, lawfully and properly in all respects.

122.    Denied as stated.  However, it is averred that the probationers are aware that if they violate their probation, the Court will be asked to appropriately, lawfully and properly address the same.

123.    Denied as stated.

124.    Denied as stated.  It is averred that probationers should comply with the provisions of their probation.

125.    Denied as stated.

126.    It is generally admitted that probationers may be subject to drug tests, and that there are costs associated with the same.

127.    The first grammatical sentence of Paragraph No. 127 constitutes a question of law, for which no response is required.  The remaining allegations of Paragraph No. 127 are denied.

128.    Denied.

129.    Denied as stated.

130.    The document speaks for itself.

131.    It is admitted that this Defendant has a supervision fee exemption form, and that it is routinely provided when a fee exemption is requested.  These Defendants do not have the power to waive court costs or fines.

132.    The form speaks for itself.

133.    The form speaks for itself.

134.    The first grammatical sentence of Paragraph No. 134 is such a broad, sweeping generalization that no response can be made.  It is generally admitted that throughout life, family and friends of persons assist them, from time to time.  It is averred that the form speaks for itself.

135.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 135.  However, the allegations of Paragraph No. 135 confirm that much of the conduct of the Plaintiffs' attorneys as described exist outside the statute of limitations, and any claims beyond the statute of limitations are barred.

136.    The allegations of Paragraph No. 136 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

137.    The allegations of Paragraph No. 137 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

138.    The allegations of Paragraph No. 138 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

139.    The allegations of Paragraph No. 139 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

140. The allegations of Paragraph No. 140 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

141. The allegations of Paragraph No. 141 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

142. The allegations of Paragraph No. 142 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

143. The allegations of Paragraph No. 143 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

144. Denied. It is specifically averred that these Defendants conduct themselves lawfully, appropriately and properly in all respects.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied as stated.

151. The documents speak for themselves. It is specifically denied that these Defendants have any inappropriate, unlawful or improper practice of any kind.

20

152.   Denied.

153.   It is admitted that these Defendants accept partial payments.

154.   Denied as stated.

155.   Denied as stated.

156.   Denied as stated.

157.   Denied as stated.

158.   It is averred that these Defendants report to the Court when a probationer has not complied with the terms and conditions of the probation.  Any allegation inconsistent with the foregoing statement is denied.

159.   The allegations of Paragraph No. 159 are such a broad generalization that no response can be made.  It is admitted that the Court does sometimes issue citation warrants.

160.   The allegations of Paragraph No. 159 are such a broad generalization that no response can be made.  It is admitted that the Court does sometimes issue warrants authorizing arrest.

161.   Denied.

162.   The allegations of Paragraph No. 162 contain broad generalizations, for which no response can be made.  However, it is generally admitted that these Defendants work to try and resolve possible violations by asking the Court to recall warrants.

163.   Denied.

164.   Denied.

165. These Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 165 as it relates to the practice of local tabloids. It is denied that these Defendants engage in any inappropriate, unlawful or improper conduct at any time.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. It is generally admitted that these Defendants properly, lawfully and appropriately notify the Court when a probationer has violated the conditions of his or her probation. The remaining allegations of Paragraph No. 170 are denied as stated.

171. It is generally admitted that a probationer/arrestee is given a prompt hearing within a few days after an arrest. It is averred that this is an appropriate, lawful and proper practice in all respects.

172. Denied.

173. Denied.

174. Denied.

175. It is generally admitted that detainees wear provided attire and that lawful and appropriate security measures are utilized, but it is averred that these individuals are promptly provided an opportunity for a hearing, and that the practice is lawful, appropriate and proper in all respects.

176. The allegations of Paragraph No. 176 are generally admitted.

177. It is admitted that probationers are given an opportunity to consult an attorney, including a public defender if appropriate.

178. It is generally admitted that sometimes those who violate probation enter pleas to their violation, often with legal advice. It is denied that there is anything inappropriate, unlawful or improper about such occurrence.

179. It is generally admitted that these Defendants' representatives are present in Court.

180. The contracts speak for themselves.

181. Denied as stated.

182. It is generally admitted that a probation officer provides testimony and may make statements concerning the appropriate disposition. It is averred that the Judge of the appropriate Court is the sole decision maker, and that the actions of the Courts are proper and lawful; and further, any dissatisfied litigant is entitled to appeal.

183. Denied.

184. Denied.

185. Denied.

186. It is admitted that violation of probation by a probationer, which may result in an arrest or a revocation of probation, may result in an additional court cost and/or fine.

187. Denied.

188. Denied.

189.    Denied as stated.

190.    These Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph No. 190, and demand strict proof of the same.

191.    Denied as stated.

192.    The documents speak for themselves.  Any allegation characterizing the documents otherwise is denied.

193.    Denied as stated.

194.    Denied as stated.

195.    The allegations of Paragraph No. 195 are not directed toward this Defendant, and the Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

196.    Denied.

197.    Denied.

198.    Denied.

199.    It is generally admitted that Plaintiff McNeil is 53 years old.  These Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph No. 199 as it relates to Plaintiff McNeil's current living arrangement, and demands strict proof of the same.

200.    It is generally admitted that Ms. McNeil was on probation supervised by this Defendant, which supervised probation has ended.  It is averred that Ms. McNeil is not a representative of any type of class with any applicability to this suit, whatsoever.

201.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

202.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same. However, it is averred that based on failed drug tests, it appears that Ms. McNeil abuses drugs, illegally, and it is likely that Ms. McNeil's illegal drug abuse contributes to any financial problems she may claim to have.

203.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same. However, it is averred that based on failed drug tests, it appears that Ms. McNeil abuses drugs, illegally, and it is likely that Ms. McNeil's illegal drug abuse contributes to any financial problems she may claim to have.

204.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same. However, it is averred that based on failed drug tests, it appears that Ms. McNeil abuses drugs, illegally, and it is likely that Ms. McNeil's illegal drug abuse contributes to any financial problems she may claim to have.

205.    It is generally admitted that Ms. McNeil pled guilty in 2015, and that she incurred fines and court costs.  It is admitted that she was placed on probation.  It is averred that the statute of limitations has expired with respect to any portion of this claim.

206.    Denied.  It is averred that based on failed drug tests, it appears that

Ms. McNeil abuses drugs. It is averred that Ms. McNeil's drug abuse contributes to any economic problems she may have.

207. Denied.

208. Denied.

209. Denied.

210. It is admitted that Ms. McNeil was arrested. Any allegation with respect to the status of Ms. McNeil's probation at the time is barred by the statute of limitations, and outside the scope of this suit.

211. The document speaks for itself. It is averred that Ms. McNeil's arrest constituted a violation of her probation, and these Defendants' actions were appropriate, lawful and proper in all respects. It is averred that the Court set the bail amount, and that the Court's action was appropriate and proper, and not actionable in any respect.

212. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same.

213. Upon information and belief, the allegations of Paragraph No. 213 are admitted.

214. These Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 214, and demand strict proof of the same. These Defendants doubt the truthfulness of Plaintiff's allegation in Paragraph No. 214. Regardless of the veracity though, these Defendants assert the doctrine of comparative fault with respect to these allegations.

215.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 215, and demand strict proof of the same.

216.    Upon information and belief, it is admitted that Plaintiff McNeil's probation resumed after she was released from jail as a result of her own criminal conduct.  It is admitted that Ms. McNeil's own criminal conduct resulted in additional court costs.

217.    Denied.

218.    Denied as stated.  It is averred that based on Plaintiff McNeil's failed drug tests, it appears that she abuses illegal drugs.  It is averred that Ms. McNeil's illegal drug abuse contributed to any economic problems that she may have.

219.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same.

220.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same.

221.    Denied.

222.    The first grammatical sentence of Paragraph No. 222 is admitted.  The second grammatical sentence of Paragraph No. 222 is denied.

223.    It is averred that the Judge set the amount of the bond, and that the Court's action was appropriate, lawful and proper in all respects.

224.    Denied as stated.

225.    Denied as stated.

226.	These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same.

227.	Denied as stated.  It is averred that the Court's action was lawful in all respects.  It is averred that Plaintiff's remedy if she feels that the Court's action was improper would be to appeal the Court's ruling or to seek *habeas corpus*.  It is averred that Plaintiff McNeil's complaints against these Defendants and others are not actionable in any regard.

228.	Denied.

229.	Denied.

230.	Denied.

231.	Denied.

232.	Denied as stated.

233.	Denied.

234.	Denied.

235.	Denied as stated.  It is specifically denied that any of these Defendants instructed any male person to actually watch Ms. McNeil urinate.  It is averred that it is possible that a male employee stood outside the closed door of the bathroom, but it is averred that there is nothing inappropriate or improper about such in any way.  It is admitted that Plaintiff McNeil tested positive for a controlled substance.

236.	It is admitted that these Defendants properly reported Plaintiff for having violated her probation, as a result of her drug use.

237.    Denied as stated.

238.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 238, and demand strict proof of the same.

239.    Denied as stated.

240.    Upon information and belief, it is admitted that Plaintiff McNeil's probation was revoked and she was sentenced to jail.

241.    Denied as stated.

242.    Denied.

243.    The age of Plaintiff Johnson is admitted.  These Defendants are without sufficient knowledge or information to admit or deny the remaining allegations with respect to Plaintiff's living arrangements.

244.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same.

245.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same.

246.    Upon information and belief, it is admitted that Plaintiff Johnson was charged with driving on a suspended license.  These Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph No. 246, and demand strict proof of the same.

247. Upon information and belief, it is admitted that Plaintiff Johnson pled guilty and was sentenced to probation, together with fines and costs. The remaining allegations of Paragraph No. 247 are denied as stated.

248. Denied as stated.

249. It is admitted that Plaintiff Johnson began reporting for probation as required by the Court. It is admitted that the meetings lasted no longer than were appropriate. It is admitted that Plaintiff Johnson was asked to complete paperwork concerning her probation, and she was asked to pay the required fines, costs, and the appropriate fees.

250. It is admitted that Plaintiff Johnson paid the fees as described, and that the fees were allocated as such. Any remaining allegation is denied.

251. Denied.

252. These Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 252, and demand strict proof of the same.

253. Denied.

254. Denied.

255. Admitted.

256. It is admitted that Plaintiff Johnson was required to take a drug test, as a condition of her probation required her to be free of drugs. The remaining allegations of Paragraph No. 256 are denied as stated.

257. Denied as stated.

258. Denied as stated.

30

259. It is admitted that Plaintiff was required to undergo a drug test. The remaining allegations of Paragraph No. 259 are denied.

260. Denied as stated.

261. Denied.

262. Upon information and belief, the allegations of Paragraph No. 262 are admitted.

263. Denied as stated.

264. Denied.

265. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

266. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

267. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

268. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

269. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

270. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

271. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

272.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

273.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

274.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

275.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

276.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

277.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

278.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

279.     It is admitted that Plaintiff Hilfort is 27 years old.  These Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this Paragraph, and therefore, demand strict proof of the same.

280.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

281.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

282. Admitted.

283. It is generally admitted that Plaintiff Hilfort was properly sentenced as set forth in this Paragraph. It is averred that the sentence was appropriate, lawful and proper in all respects.

284. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

285. It is admitted that Plaintiff Hilfort began reporting to this Defendant CPS.

286. It is admitted that Plaintiff was guilty of yet another crime, and incurred additional court costs, fines and restitution. It is admitted that she was also sentenced to probation.

287. Admitted.

288. Admitted, but it is averred that the Court set the period of supervised probation.

289. Denied.

290. Denied.

291. These Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same. It is further averred that these allegations have no bearing on the suit.

292. Denied.

293. Denied.

294. It is admitted that Plaintiff Hilfort was asked to submit to a drug test, which it is averred was appropriate, lawful and proper in all respects.

33

295.    It is admitted that the drug screen was positive.  The remaining allegations of Paragraph No. 295 are denied.  It is averred that the Court sets the bond.

296.    It is admitted that these Defendants properly reported Plaintiff Hilfort's violation of her conditions of probation -- as a result of her illegal drug use -- to the Court.

297.    It is admitted that these Defendants properly reported Plaintiff Hilfort's violation of her conditions of probation -- as a result of her illegal drug use -- to the Court.

298.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same.

299.    The order speaks for itself.

300.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same.

301.    Upon information and belief, the first grammatical sentence of this Paragraph is admitted.  These Defendants are without sufficient knowledge or information to admit or deny the second grammatical sentence of this Paragraph, and demand strict proof of the same.  The third grammatical sentence of this Paragraph is denied.  The Defendants lack sufficient knowledge and information to admit or deny the fourth grammatical sentence of this Paragraph, and demand strict proof of the same.

302.    Upon information and belief, the allegations of this Paragraph are admitted, and the order speaks for itself.

303.    These Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same.

304.    The first grammatical sentence of this Paragraph is admitted.  These Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of this Paragraph, and demand strict proof of the same.

305.    Admitted.

306.    Admitted.

307.    Denied as stated.

308.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and demand strict proof of the same.

309.    Denied.

310.    It is averred that Plaintiff Hilfort would be provided a prompt and timely hearing.  It is averred that the practice is appropriate, lawful and proper in all respects.  To the extent the allegations of this Paragraph assert, in any way, that the Plaintiff has not been treated appropriately, lawfully or properly in any respect, then the allegation is denied.

311.    Denied.

312.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

313.    These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

314.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

315.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

316.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

317.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

318.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

319.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

320.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

321.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

322.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

323.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

324.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

325. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

326. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

327. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

328. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

329. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

330. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

331. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

332. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

333. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

334. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

335. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

336.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

337.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

338.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

339.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

340.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

341.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

342.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

343.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

344.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

345.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

346.     These Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

347. It is admitted that the Plaintiffs seek a class action status. It is denied that the Plaintiffs are entitled to any class action status.

348. It is denied that the proposed class definitions in Paragraph No. 348, including but not limited to part (a) and part (b) are proper. It is specifically denied that the Plaintiffs are entitled to the certification of any class.

349. Denied.

350. Denied.

351. Denied, and all subparts are denied.

352. Denied.

353. Denied.

354. Denied.

355. These Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

356. These Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore, demand strict proof of the same.

357. Denied.

358. Denied.

359. Denied.

360. Denied.

361. Denied.

362. It is denied that the Plaintiffs, or any of them, or any purported class, are entitled to any relief whatsoever set forth in this complaint.

363. The responses to Paragraphs 1 through 362 are incorporated by reference as if fully and completed restated herein.

364. It is denied that the Plaintiff is entitled to any relief against these Defendants, by virtue of any theory of law whatsoever.

365. Denied.

366. It is admitted that Defendant CPS is an entity within the meaning of the law, but it is denied that Defendant CPS can be subjected to any action under the RICO statute.

367. It is admitted that Defendant McNair is an individual within the meaning of the law, but it is denied that she may be subjected to any liability by virtue of any RICO statute.

368. Denied.

369. Denied.

370. Denied.

371. Denied.

372. Denied.

373. Denied, and all subparts are denied.

374. Denied.

375. Denied.

376. Denied.

377. Denied.

378. Denied.

379. Denied.

380. Denied.

381. Denied.

382. Denied.

383. Denied.

384. Denied.

385. Denied.

386. Denied.

387. Denied.

388. Denied.

389. Denied.

390. Denied.

391. The responses to Paragraphs 1 through 390 are incorporated by reference as if fully and completely restated herein.

392. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

393. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any

Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

394. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

395. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

396. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

397. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

398.   The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

399.   The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

400.   The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

401.   The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

402.   The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of

this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

403.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

404.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

405.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

406.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any

Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

407.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

408.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

409.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

410.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

411.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

412.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

413.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

414.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

415.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of

this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

416.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

417.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

418.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

419.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any

Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

420.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

421.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

422.    The responses to Paragraphs 1 through 421 are incorporated by reference as if fully and completely restated herein.

423.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

424.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any

Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

425. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

426. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

427. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

428. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

429.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

430.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

431.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

432.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

433.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of

this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

434.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

435.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

436.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

437.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any

Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

438.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

439.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

440.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

441.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

442.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

443.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

444.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

445.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

446.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of

this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

447. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

448. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

449. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

450. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any

Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

451. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

452. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

453. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

454. The responses to Paragraphs 1 through 453 are incorporated by reference as if fully and completed restated herein.

455. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any

Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

456.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

457.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

458.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

459.     The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

56

460.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

461.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

462.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

463.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

464.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of

this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

465.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

466.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

467.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

468.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any

Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

469. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

470. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

471. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

472. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

473.	The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

474.	The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

475.	The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

476.	The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

477.	The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of

this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

478.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

479.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

480.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

481.    The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any

Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

482. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

483. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

484. The allegations of this Paragraph are not directed to these Defendants; these Defendants lack sufficient knowledge or information to admit or deny the allegations of this Paragraph; generally deny that the Plaintiffs may pursue any claims against any Defendants, including the other Defendants, under the RICO act, and demand strict proof of any such allegation whatsoever.

485. The responses to Paragraphs 1 through 484 are incorporated by reference as if fully and completed restated herein.

486. Denied.

487. Denied.

488. Denied.

489.    Denied.  It is specifically averred that the Judge makes the decision as to the appropriate act or outcome, and that judicial decision is not subject to challenge in this regard.

490.    Denied.  It is specifically averred that there is nothing whatsoever improper about privatization of such state function.  It is specifically averred that these Defendants have acted appropriately, lawfully and properly in all respects.  It is absolutely denied that the Plaintiffs, or anyone in any purported class, are entitled to any relief of any kind whatsoever for the claim brought in this suit.

491.    Denied.

492.    Denied.

493.    Denied.

494.    Denied.

495.    The responses to Paragraphs 1 through 494 are incorporated by reference as if fully and completely restated herein.

496.    Denied.

497.    Denied.

498.    Denied.

499.    Denied.

500.    Denied.  It is specifically averred that there is nothing whatsoever improper about privatization of such state function.  It is specifically averred that these Defendants have acted appropriately, lawfully and properly in all respects.  It is absolutely denied

that the Plaintiffs, or anyone in any purported class, are entitled to any relief of any kind whatsoever for the claim brought in this suit.

501.    Denied.

502.    Denied.

503.    Denied.

504.    Denied.

505.    The responses to Paragraphs 1 through 504 are incorporated by reference as if fully and completely restated herein.

506.    Denied.

507.    The allegations of Paragraph No. 507 are not directed to these Defendants and no response is required.  It is specifically denied, however, that any of the Plaintiffs, or any one allegedly similarly situated to them, are entitled to any relief based on the allegations of this complaint or specifically this count.  It is absolutely denied that there is anything unconstitutional or unlawful about the privatization of probation, whatsoever.  It is denied that the Plaintiffs are entitled to relief from any Defendant.

508.    Denied.

509.    The allegations of Paragraph No. 505 are not directed to these Defendants, and no response is required.  To the extent a response is required, it is denied.

510.    Denied.  It is specifically averred that there is nothing whatsoever improper about privatization of such state function.  It is specifically averred that these Defendants have acted appropriately, lawfully and properly in all respects.  It is absolutely denied

that the Plaintiffs, or anyone in any purported class, are entitled to any relief of any kind whatsoever for the claim brought in this suit.

511.   Denied.

512.   The allegations of this Paragraph are not directed to these Defendants, and no response is required.  It is specifically denied that there is anything unlawful about the privatization of probation.

513.   The allegations of this Paragraph are not directed to these Defendants, and no response is required.  It is specifically denied that there is anything unlawful about the privatization of probation.

514.   The allegations of this Paragraph are not directed to these Defendants, and no response is required.  It is specifically denied that there is anything unlawful about the privatization of probation.

515.   The responses to Paragraphs 1 through 514 are incorporated by reference as if fully and completely restated herein.

516.   Denied.

517.   The allegations of Paragraph No. 517 are not directed to these Defendants and no response is required.  It is specifically denied, however, that any of the Plaintiffs, or any one allegedly similarly situated to them, are entitled to any relief based on the allegations of this complaint or specifically this count.  It is absolutely denied that there is anything unconstitutional or unlawful about the privatization of probation, whatsoever.  It is denied that the Plaintiffs are entitled to relief from any Defendant.

518.   Denied.

519.    The allegations of Paragraph No. 519 are not directed to these Defendants, and no response is required.  To the extent a response is required, it is denied.

520.    Denied.  It is specifically averred that there is nothing whatsoever improper about privatization of such state function.  It is specifically averred that these Defendants have acted appropriately, lawfully and properly in all respects.  It is absolutely denied that the Plaintiffs, or anyone in any purported class, are entitled to any relief of any kind whatsoever for the claim brought in this suit.

521.    Denied.

522.    The allegations of this Paragraph are not directed to these Defendants, and no response is required.  It is specifically denied that there is anything unlawful about the privatization of probation.

523.    The allegations of this Paragraph are not directed to these Defendants, and no response is required.  It is specifically denied that there is anything unlawful about the privatization of probation.

524.    The allegations of this Paragraph are not directed to these Defendants, and no response is required.  It is specifically denied that there is anything unlawful about the privatization of probation.

525.    The responses to Paragraphs 1 through 524 are incorporated by reference as if fully and completely restated herein.

526.    Denied.

527.    The allegations of Paragraph No. 527 constitute a statement of law to which no response is required.  It is specifically denied that the Plaintiffs are entitled to any

66

relief predicated upon any principle set forth in Paragraph No. 527. It is specifically denied that these Defendants have engaged in any inappropriate, unlawful or improper action of any kind.

528. Denied.

529. It is specifically denied that these Defendants have made any unlawful, inappropriate or improper demand, threat, or otherwise. It is denied that the Plaintiffs, or any purported class, are entitled to any relief of any kind.

530. Denied.

531. The responses to Paragraphs 1 through 530 are incorporated by reference as if fully and completely restated herein.

532. Denied.

533. The allegations of Paragraph No. 533 constitute a statement of law to which no response is required. It is specifically denied that the Plaintiffs are entitled to any relief predicated upon any principle set forth in Paragraph No. 533. It is specifically denied that these Defendants have engaged in any inappropriate, unlawful or improper action of any kind.

534. Denied.

535. It is specifically denied that these Defendants have made any unlawful, inappropriate or improper demand, threat, or otherwise. It is denied that the Plaintiffs, or any purported class, are entitled to any relief of any kind.

536. Denied.

537.    The responses to Paragraphs 1 through 536 are incorporated by reference as if fully and completely restated herein.

538.    Denied.

539.    The allegations of Paragraph No. 539 constitute an assertion of law to which no response is required.  Further, while this allegation is not directed to these Defendants, and no response is required, it is generally denied that there is anything improper about the privatization of probation, or that the practices in Giles County constitute any unlawful or unconstitutional practice.  It is denied that any of the Plaintiffs, or any one allegedly similarly situated to them, is entitled to any relief from any Defendant by virtue of any theory of law whatsoever.

540.    The allegations of this Paragraph are not directed to these Defendants, and no response is required.  It is generally denied, however, that there is anything unlawful or improper about the practices described in this complaint, and it is denied that the Plaintiffs are entitled to any relief by virtue of any theory of law whatsoever.

541.    The allegations of this Paragraph are not directed to these Defendants, and no response is required.

542.    The allegations of this Paragraph are not directed to these Defendants, and no response is required.

543.    The responses to Paragraphs 1 through 542 are incorporated herein by reference as if fully and completely restated herein.

544.    Denied.

545. The allegations of Paragraph No. 545 constitute an assertion of law to which no response is required. Further, while this allegation is not directed to these Defendants, and no response is required, it is generally denied that there is anything improper about the privatization of probation, or that the practices in Giles County constitute any unlawful or unconstitutional practice. It is denied that any of the Plaintiffs, or any one allegedly similarly situated to them, is entitled to any relief from any Defendant by virtue of any theory of law whatsoever.

546. The allegations of this Paragraph are not directed to these Defendants, and no response is required. It is generally denied, however, that there is anything unlawful or improper about the practices described in this complaint, and it is denied that the Plaintiffs are entitled to any relief by virtue of any theory of law whatsoever.

547. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

548. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

549. The responses to Paragraphs 1 through 548 are incorporated by reference as if fully and completely restated herein.

550. Denied.

551. Denied.

552. It is specifically averred that the practices set forth in this complaint are appropriate, lawful and proper in every respect. It is specifically denied that any Defendant is obligated to engage in any different practice, whatsoever.

69

553. Denied.

554. The responses to Paragraphs 1 through 553 are incorporated by reference as if fully and completely restated herein.

555. Denied.

556. Denied.

557. It is specifically averred that the practices set forth in this complaint are appropriate, lawful and proper in every respect. It is specifically denied that any Defendant is obligated to engage in any different practice, whatsoever.

558. Denied.

559. The responses to Paragraphs 1 through 558 are incorporated by reference as if fully and completely restated herein.

560. The assertions contained in this Paragraph are assertions of law to which no response is required. To the extent a response is required, these Defendants deny that they have engaged in any inappropriate, unlawful or improper action of any kind, whatsoever.

561. Denied.

562. Denied.

563. The responses to Paragraphs 1 through 562 are incorporated by reference as if fully and completely restated herein.

564. Denied.

565. The allegations of this Paragraph are not directed to these Defendants, and no response is required. However, it is averred that the Plaintiffs' claims are without

merit, and that no Defendant is liable to any Plaintiff or anyone allegedly similarly situated to any Plaintiff by virtue of any theory of law whatsoever.

566.    It is specifically averred that the practices set forth in this complaint are appropriate, lawful and proper in every respect.  It is specifically denied that any Defendant is obligated to engage in any different practice, whatsoever.

567.    Denied.

568.    The responses to Paragraphs 1 through 567 are incorporated by reference as if fully and completely restated herein.

569.    It is averred that these Defendants are engaged in privileged actions and/or quasi-judicial actions entitling them to immunity.  To the extent they are not deemed governmental actors, then these Defendants further deny they are acting under color of law.

570.    Denied.

571.    The responses to Paragraphs 1 through 570 are incorporated by reference as if fully and completely restated herein.

572.    The allegations of Paragraph No. 572 are not directed toward these Defendants, and no response is required.

573.    The allegations of Paragraph No. 573 are not directed toward these Defendants, and not response is required.

574.    The responses to Paragraphs 1 through 573 are incorporated by reference as if fully and completely restated herein.

575.    The allegations of Paragraph No. 575 are not directed to these Defendants, and no response is required.

576.    The allegations of Paragraph No. 576 are not directed to these Defendants, and no response is required.

577.    The responses to Paragraphs 1 through 576 are incorporated by reference as if fully and completely restated herein.

578.    It is averred that these Defendants are engaged in privileged actions and/or quasi-judicial actions entitling them to immunity.  To the extent they are not deemed governmental actors, then these Defendants further deny they are acting under color of law.

579.    Denied.

580.    Denied.

581.    Denied.

582.    Denied.

583.    Denied.

584.    The responses to Paragraphs 1 through 583 are incorporated by reference as if fully and completely restated herein.

585.    It is averred that these Defendants are engaged in privileged actions and/or quasi-judicial actions entitling them to immunity.  To the extent they are not deemed governmental actors, then these Defendants further deny they are acting under color of law.

586.    Denied.

72

587.   Denied.

588.   Denied.

589.   Denied.

590.   Denied.

591.   The responses to Paragraphs 1 through 590 are incorporated by reference as if fully and completely restated herein.

592.   The allegations of Paragraph No. 592 are not directed to these Defendants, and no response is required.

593.   The allegations of Paragraph No. 593 are not directed to these Defendants, and no response is required.  It is averred, generally, however, that none of the Plaintiffs, and no one allegedly similarly situated to any of them, are entitled to any relief from any of the Defendants by virtue of any theory of law whatsoever.

594.   The allegations of this Paragraph are not directed to these Defendants, and no response is required.

595.   The allegations of this Paragraph are not directed to these Defendants, and no response is required.

596.   The allegations of this Paragraph are not directed to these Defendants, and no response is required.

597.   The allegations of this Paragraph are not directed to these Defendants, and no response is required.

598.   The responses to Paragraphs 1 through 597 are incorporated by reference as if fully and completely restated herein.

599. The allegations of Paragraph No. 599 are not directed to these Defendants, and no response is required.

600. The allegations of Paragraph No. 600 are not directed to these Defendants, and no response is required. It is averred, generally, however, that none of the Plaintiffs, and no one allegedly similarly situated to any of them, are entitled to any relief from any of the Defendants by virtue of any theory of law whatsoever.

601. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

602. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

603. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

604. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

605. The responses to Paragraphs 1 through 604 are incorporated by reference as if fully and completely restated herein.

606. The allegations of Paragraph No. 606 are not directed to these Defendants, and no response is required.

607. The allegations of this Paragraph are not directed to these Defendants, and no response is required. However, it is generally averred that none of the Plaintiffs, and no one allegedly similarly situated to any of the Plaintiffs, are entitled to any relief from any Defendant by virtue of any theory of law whatsoever.

608. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

609. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

610. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

611. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

612. The allegations of this Paragraph are not directed to these Defendants, and no response is required.

613. The responses to Paragraphs 1 through 612 are incorporated by reference as if fully and completely restated herein.

614. It is averred that these Defendants are engaged in privileged actions and/or quasi-judicial actions entitling them to immunity. To the extent they are not deemed governmental actors, then these Defendants further deny they are acting under color of law.

615. Denied, and all subparts are denied.

616. Denied.

617. Denied.

618. Denied.

619. Denied.

620. Denied.

621.     It is denied that any Plaintiff or any person allegedly similarly situated to any Plaintiff is entitled to any relief set forth in the prayer for relief.

622.     Any and all other allegations not heretofore admitted, denied, or specifically explained are here and now denied as if taken up individually and denied separately.

<u>AFFIRMATIVE DEFENSES</u>

1.     It is averred that the only proper entity defendant, among these Defendants, is Community Probation Services, LLC.  It is averred that defendants named as Community Probation Services and Community Probation Services, L.L.C. are not correct; that there is no valid claim against them; that the complaint fails to state a claim against these entities for which relief could be granted; that any claim against them is barred by the statute of limitations in any event; and that these misnamed or non-existent entities should be dismissed.

2.     It is averred that the substance of every allegation in the Complaint derives exclusively from judgments, warrants, or orders of the General Sessions Court for Giles County, Tennessee and/or the Circuit Court for Giles County, Tennessee.  It is averred that these orders are lawful, valid, and proper in all respects.  It is averred that this Court should abstain from jurisdiction in this cause.  It is averred that the judgments, warrants, or orders may not be collaterally attacked, are integral to the judicial process, and the complaint fails to state a claim for which relief can be granted.  It is further averred that the doctrines of judicial immunity and/or quasi-judicial immunity bar all claims, including all claims against these Defendants.

3.	It is averred that these Defendants, including Patricia McNair, are entitled to absolute quasi-judicial immunity for all actions set forth in the complaint; that all actions described in the complaint relate to their conduct as probation officers and as integral parts of the judicial system.  It is averred that all of Plaintiff's claims are absolutely barred.  In the alternative, to the extent that there is any assertion that the claims against these Defendants are not absolutely barred by virtue of this immunity, then these Defendants were not acting under color of law, and no claim against them can stand.

4.	The complaint attempts to challenge the validity of the use of private probation companies; which is specifically allowed by Tennessee statute, T.C.A. § 40-35-301, et seq.  The Plaintiffs have failed to comply with Fed. R. Civ. P. 5.1 with respect to this constitutional challenge.  The complaint fails to state a claim for which relief could be granted.

5.	It is averred that the Plaintiffs claims are barred by the doctrines of issue preclusion and/or claim preclusion.  Each of Plaintiffs' claims contend that Plaintiffs are indigent and therefore should not be placed on supervised probation, and/or are treated improperly as a result of their alleged indigence.  However, by virtue of T.C.A. § 40-35-303, the courts' judgments placing the Plaintiffs on supervised probation in the first instance results from a finding that they are not indigent.  They are barred from relitigating this issue in this Court.

6. These Defendants are statutorily obligated to report to the respective courts the violations by Plaintiffs and others. These mandatory reports are privileged, and cannot form the basis for any suit against these Defendants or their employees.

7. Plaintiffs purported claims under the RICO Act utterly fail to state a claim for which relief can be granted. Among other things, Plaintiff has failed to adequately plead a predicate act sufficient to support a RICO claim, in accordance with *Twombly* and *Iqbal*. Plaintiffs' conclusory reference to extortion statutes is grossly insufficient to even plead such a claim, much less sustain one. Further, collection of court costs, fines, and even probation fees and costs, cannot constitute a predicate act of extortion as a matter of law, because the concept of extortion requires a lack of lawful claim for the funds. Here, there is an order from the respective court for each Plaintiff to pay the costs, fines, and fees, and the Defendants' requests for Plaintiffs to pay that which a court has ordered can never be an unlawful claim. Further, to the extent Plaintiffs' claim that Defendants asserted that they would seek violation warrants for failure to pay, a threat to institute legal proceedings can never constitute a wrongful act. Further, Plaintiffs have failed to allege violations of any portion of § 1962 of the RICO Act, because Defendant's receipt of probation fees does not constitute the use or investment of racketeering income that causes harm to any Plaintiff; Defendants do not acquire or maintain an interest in or control an enterprise through a pattern of racketeering activity; are not a RICO enterprise; and cannot conspire to violate any portion of the RICO Act, and that Plaintiff has failed to plead any facts in support of a claim of conspiracy. Plaintiff has failed to plead any

78

facts necessary to sustain a claim under any portion of the RICO Act, the complaint fails to state a claim for which relief can be granted, and should be dismissed.

8. The complaint repeatedly alleges acts well outside the applicable one-year statute of limitations. Any event occurring more than one year prior to the filing of the complaint is barred by the statute of limitations.

9. Defendants, to the extent they are required to do so, have afforded Plaintiffs all the process that is due, and no claim against them can be sustained.

10. It is denied that Plaintiffs were treated any differently than any similarly situated person, or that the Plaintiffs have adequately pled any equal protection claim against these Defendants.

11. It is denied that the Plaintiffs, or any of them, may certify or represent a class, or that any of the requisites of Fed.R.Civ.P. 23 are met or can be met. It is averred that the named plaintiffs are not representative of any other person, that any other person is sufficiently similarly situated, that there is commonality or typicality or even numerosity of claims, or that a class action may be maintained as to any aspect of this suit. It is averred that this suit may not be certified as a class action by virtue of any theory of law whatsoever. It is further averred that the named plaintiffs lack standing as to any other claims besides their own personal claims, and that they lack standing generally to assert any claim beyond their own individualized inquiry.

12. It is averred that Plaintiffs claims for unjust enrichment, abuse of process, and civil conspiracy each fail to assert any facts upon which any such claims can be predicated, and that the claims fail to state a claim for which relief can be granted.

79

13.     This Court should certify to the Tennessee Supreme Court any claims for unjust enrichment, abuse of process, and/or civil conspiracy in this context, and for interpretation of T.C.A. § 40-35-301, et seq.

14.     It is averred that Plaintiffs have sustained no damages; and further that Plaintiffs are not entitled to injunctive relief in any respect.

15.     It is specifically averred that none of the individual counts asserted against any of these Defendants state any claim for which relief can be granted.

16.     Punitive damages are not permitted in this suit.  To the extent they are allowed for any claim, these Defendants demand a bifurcated trial.  Defendant further pleads that punitive damages may violate due process.

16.     Defendants plead insufficiency of process and insufficiency of service of process on Community Probation Services and Community Probation Services, L.L.C., because these entities are non-existent, have not been served, cannot be served, and should be dismissed from this suit.

17.     Defendants plead insufficiency of service of process on Community Probation Services, LLC, because the summons was not served on an agent authorized to accept service.

18.     These Defendants demand a jury of twelve (12) persons to try all issues joined in this cause.  Strictly in the alternative and to the extent that a jury of twelve persons is not permitted in this Court, these Defendants demand a jury of eight (8) persons to try all issues joined in this cause.

19.     This Court should decline to exercise supplemental jurisdiction over any state law claims, however characterized.

Respectfully submitted,

MOORE, RADER,
FITZPATRICK AND YORK, P. C.

By /s/ Daniel H. Rader IV, BPR 025998
     DANIEL H. RADER IV
     Attorneys for Defendants,
     Community Probation Services,
     LLC; Community Probation
     Services, L.L.C.; Community
     Probation Services; and
     Patricia McNair, by special
     and limited appearance only,
     P. O. Box 3347
     Cookeville, TN  38502
     (931-526-3311)
     B.P.R.No. 025998

By /s/ Randall A. York, BPR 010166
     RANDALL A. YORK
     Attorneys for Defendants,
     Community Probation Services,
     LLC; Community Probation
     Services, L.L.C.; Community
     Probation Services; and
     Patricia McNair, by special
     and limited appearance only,
     P. O. Box 3347
     Cookeville, TN  38502
     (931-526-3311)
     B.P.R.No. 010166

<u>CERTIFICATE OF SERVICE</u>

      The undersigned attorney herby certifies that on August 6, 2018, a true and exact copy of the foregoing pleading was filed electronically.  Notice of this filing was sent by operation of the Courts electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties my access the filing through the Court's electronic filing system.

Mr. Chirag G. Badlani
Ms. Kate E. Schwartz
Mr. Matthew J. Piers
Hughes, Socol, Piers, Resnick & Dym Ltd.
70 W Madison Street
Suite 4000
Chicago, IL 60602

Ms. Elizabeth Anne Rossi
Mr. Eric Halperin
Mr. Jonas Wang
Civil Rights Corps
910 17th Street NW
Suite 500
Washington, DC 20006

Mr. Kyle F. Mothershead
The Law office of Kyle Mothershead
414  Union Street
Suite 900
Nashville, TN 37219

Mr. David W. Garrison
Mr. Scott P. Tift
Barrett, Johnson, Martin & Garrison, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN  37219

Mr. Brandt M. McMillan
Tune, Entrekin & White, P.C.
315 Deaderick Street
Suite 1700
Nashville, TN 37238

Ms. Cassandra M. Crane
Ms. Robyn Beale Williams
Farrar & Bates
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219

Mr. John Christopher Williams
Williams Law and Mediation Group
101 S 1st Street
Pulaski, TN 38478

with sufficient postage thereupon to carry same to its destinations.

This the 6th day of August, 2018.

MOORE, RADER,
FITZPATRICK AND YORK, P. C.

By /s/ Daniel H. Rader IV BPR 025998
DANIEL H. RADER IV
Attorneys for Defendants,
Community Probation Services,
LLC; Community Probation
Services, L.L.C.; Community
Probation Services; and
Patricia McNair, by special
and limited appearance only,
P. O. Box 3347
Cookeville, TN 38502
(931-526-3311)
B.P.R.No. 025998