EXHIBIT C-1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CINDY RODRIGUEZ, *et al.*,

    Plaintiffs,

v.                                                                    Case №: 3:15-cv-1048
                                                                         (Class Action)

PROVIDENCE COMMUNITY
CORRECTIONS, INC., and
RUTHERFORD COUNTY, TENNESSEE, *et al.*,

    Defendants.

# RUTHERFORD COUNTY MISDEMEANOR PROBATION INJUNCTION AGREEMENT

## I. Preliminary Recitals

WHEREAS:  With the help of a mediator, the parties to this agreement have engaged in an arm's-length, iterative process resulting in the resolution of the Plaintiffs' claims against Defendant Rutherford County; and

WHEREAS:  Rutherford County denies liability for the constitutional allegations alleged by the Plaintiffs; and

WHEREAS:  Nothing in this agreement shall be construed to constitute an admission by Rutherford County to any of the factual allegations alleged in this case or to the commission of any constitutional violations; and

WHEREAS:  No General Sessions Judge or Circuit Court Judge is a party to this case, nor have any claims been made against such judges individually; and

Page 1 of 13

WHEREAS: Rutherford County is committed to operating its misdemeanor probation practices in a lawful manner and for the benefit of its citizens; and

WHEREAS: By virtue of this Agreement, Rutherford County is assured that its ongoing misdemeanor probation policies and practices that were subject to this lawsuit are being operated in conformity with the requirements of the United States Constitution; and

WHEREAS: Rutherford County has made many voluntary changes to its misdemeanor probation practices, and a number of the provisions of this Agreement are already occurring voluntarily in Rutherford County; and

WHEREAS: The parties agree that it violates the Constitution to incarcerate an individual, either before or after probation revocation proceedings, solely because an individual does not have the ability to make a monetary payment. *See Bearden v. Georgia*, 461 U.S. 660 (1983); and *Rodriguez v. Providence Community Corrections, Inc*., 155 F. Supp. 3d 758, 768, 770 (M.D. Tenn. 2015); and

WHEREAS: Based upon this constitutional principle, the parties agree that no individual may be held in jail for nonpayment of fines, fees, costs, or a pre-probation revocation money bond imposed by a court without a determination, following a meaningful inquiry into the individual's ability to pay, that the individual has the ability to pay such that any non-payment is willful. The meaningful inquiry into the individual's ability to pay includes, but is not limited to, notice, an opportunity to present evidence, and the assistance of appointed counsel; and

**EXHIBIT C-1**

WHEREAS: This Agreement is to be read in conjunction with the contemporaneous Agreement between the Plaintiffs and the Private Probation Defendants; and

WHEREAS: This Agreement constitutes the complete agreement between Rutherford County and the Plaintiffs, satisfying all claims for equitable and compensatory relief on behalf of the class, including all claims for attorneys' fees;

NOW THEREFORE let it be agreed as follows:

**II.** This injunction may be referred to as the "Rutherford County Misdemeanor Probation Injunction."

**III. Injunctive Relief**

A. This injunction shall apply to Rutherford County and its employees, officers, and agents (hereinafter "Rutherford County"). Rutherford County shall act in conformity with the requirements of this Agreement and shall not enforce conditions of misdemeanor probation in cases in which the procedures of this Agreement are not followed nor shall Rutherford County detain any misdemeanor probationer in any case in which the Agreement's procedures are not followed.

B. Any person whose income is below 125% of the Federal Poverty Line ("FPL") shall be presumed to have the inability to pay and shall have all probation and any other discretionary fees and court costs waived, unless it is determined, after a meaningful hearing and opportunity to be heard, that the person's inability to pay is willful or that he or she has not made good faith efforts legally to acquire the resources to pay. Any finding of willfulness or bad faith shall be supported by a statement of reasons made on the record in writing.

C. No person owing money from a misdemeanor case prosecuted in Rutherford County may be incarcerated by Rutherford County solely for the failure to pay any fines, fees, or court costs. No probationer, regardless of financial circumstances, may have his or her probation revoked or extended for failure to pay, nor may any person, regardless of financial circumstances, be put on probation solely because he or she cannot afford to make a payment. (For the avoidance of doubt, the term "solely" means that nonpayment shall not be the basis of any placement on probation [for example, a requirement to pay fines, fees, or court costs shall not be the sole reason that a person is placed on supervised probation], jailing, revocation of probation, or extension of probation. For the avoidance of doubt, this agreement

EXHIBIT C-1

does not prohibit placement on probation, jailing, revocation, or extension of probation for other conduct unrelated to payment, including, for example, when a person has committed multiple violations of probation.)

D. People who were assessed fines, fees and/or court costs that have not been waived, including those who have remaining sums owed after the term of any probation, will be placed on a civil payment plan. For those previously placed on probation, their probation will be terminated upon placement on a civil payment plan, provided that all of the other non-financial conditions of probation have been satisfied.

E. Rutherford County shall not contract with, or otherwise permit to operate in its jurisdiction, a for-profit company to provide probation services, including but not limited to a for-profit company that earns profits based on fees paid by probationers. This provision shall not apply to any municipal government entities other than Rutherford County because no other municipal government entity is a party to this case.

F. Conduct of Probation Officers and Conditions of Probation

1. Each probation officer shall receive a minimum of 20 hours of one-time training regarding principles of rehabilitation, implicit bias, cultural competence, and best practices for rehabilitation.

2. Probation conditions enforced by Rutherford County probation officers shall be reasonably tailored to the offense of conviction and no greater than necessary to meet a specifically identified need and reasonably necessary to promote good and lawful conduct.

3. Only objectively reliable drug tests may be used as a basis for alleging a violation of probation. A probationer alleged to have failed a drug test shall be

Page 5 of 13

Case 3:15-cv-00048 Document 176-4 Filed 01/31/18 Page 5 of 13 PageID #: 4885
Case 3:15-cv-00048 Document 129-5 Filed 10/18/17 Page 5 of 13 PageID #: 2622

informed of the statute that governs the admissibility of a drug test at a revocation hearing and given an opportunity to contest the validity of the test: Tenn. Code Ann. § 40-35-311(c)(1).

G. Subject to the procedures and terms of Section III B, all probation fees shall be waived for the indigent. Indigence shall be determined according to an objective standard: any person whose income is below 125% of the FPL shall have all probation and any other discretionary fees and court costs waived. The form utilized by the Tennessee Administrative Office of the Courts for a determination of indigence shall be used to make this determination. The initial determination that a misdemeanor defendant is below 125% FPL does not preclude the court from later determining that a probationer's financial circumstances have changed such that he or she has moved above 125% FPL, provided that such a determination must be made during the pendency of the probationary period and after notice and an opportunity to present evidence of one's financial situation. If a probationer is found to be above 125% FPL then fines, court costs, and/or fees may be imposed on the probationer. A condition of probation may include the requirement that the probationer keep the court informed of changes to his or her financial circumstances.

H. Any person owing outstanding court debts (including fines, fees, or costs) arising from misdemeanor cases in General Sessions Court prior to April 2016 will, on request and after submitting a form indicating indigence, and subject to the procedures and terms of Section III B, have those debts waived if his or her income is at or below 125% FPL. Rutherford County shall provide copies of the indigence form utilized by the Tennessee Administrative Office of the Courts and allow people to fill out the form for the purpose of court debt waivers during business hours at the Clerk's Office. Rutherford County shall not be required to send out notices regarding the waiver program for the indigent (although the parties intend that such notice will be made a part of notice to the class in this settlement at no

Page 6 of 13

Case 3:15-cv-01048 Document 176-4 Filed 01/31/18 Page 6 of 13 PageID #: 4986
Case 3:15-cv-01048 Document 179-5 Filed 02/13/17 Page 96 of 151 PageID #: 2629

EXHIBIT C-1

additional cost to Rutherford County), but it shall post a publicly accessible sign reasonably describing the waiver process in the clerk's office and in a publicly visible place in the County Probation Office. Outstanding court debts may be re-imposed if the person requesting waiver under this provision is found after notice and a hearing to have willfully misrepresented his or her financial circumstances in order to meet the 125% FPL standard.

I. Notification of Alleged Violations

1. Whenever it comes to the attention of a General Sessions Judge that any probationer has violated the conditions of probation, then the General Sessions Judge may issue a citation or, in his or her discretion, a warrant for the arrest of the probationer as allowed for by Tennessee law. Although release on citation or on a release on recognizance ("ROR") warrant must be the routine practice, the County may detain a misdemeanor arrestee without bond on a warrant for a probation violation in carefully limited exceptional circumstances, provided that the person is brought before a judicial officer and afforded counsel within 48 hours of arrest or the next business day whichever is less. Such detention without bond shall be the carefully limited exception, and the misdemeanor probation arrestee shall be given the opportunity to argue for release at the hearing required by this paragraph or to otherwise contest the validity of the detention. In no event shall any such misdemeanor probation arrestee be detained by Rutherford County pursuant to a secured money bond that the person cannot afford.

2. A misdemeanor probationer may be held in Rutherford County custody without bond on a probation revocation warrant, provided that there is a preliminary adversarial hearing with counsel within 48 hours or the next business day, whichever is less, and only in the following circumstances: the probationer has intentionally fled the jurisdiction; probable cause has been found by the judicial

Page 7 of 13

Case 1:18-cv-00033 Document 76-4 Filed 01/31/18 Page 7 of 13 PageID #: 4887
Case 3:15-cv-01048 Document 179-3 Filed 10/18/17 Page 7 of 13 PageID #: 2624

officer issuing the warrant that the person has committed a new felony or domestic violence offense; or the warrant articulates in writing to the Sheriff that the person presents a specific imminent danger to any other person in the community. Detention without bond is also permissible if a probationer was alleged to have failed to report to probation more than two consecutive months, was cited to court by the probation officer on an affidavit that the probationer thereby violated probation, and the probationer failed to appear and provide reasonable cause for the failure to report.

3. As has been the practice in Rutherford County, failure to report to probation a single time shall not be the basis for providing notice to the court of a probation violation. Only when an individual has failed to report for more than two consecutive months with no reasonable excuse and has exhibited a pattern of failure to report may the probation officer provide notice to the court of an alleged violation.

J. As is current policy in Rutherford County, legal proceedings in criminal cases (including probation cases) will be held in open court and will be accessible to the public. If proceedings must be held in a secured location, then they shall be open to viewing by the public by live feed television into an area accessible to the public. Defendants will have access to attorneys at all proceedings at which liberty is at stake, including all proceedings at which conditions of release are considered and all hearings at which the willfulness of non-payment is considered.

K. Allowance for Indigence

1. Rutherford County shall not require the payment of a fee from any indigent person to make any legal filing in a misdemeanor probation case. (The term "indigent" when used in this document has an objective definition and means

EXHIBIT C-1

   any individual whose income falls at or below 125% FPL, subject to the procedures and terms of Section III B).

2. Collection of Court Debts

   a. Subject to the procedures and terms of Section III B, requests for waivers of fees and court costs may be denied only if the person's finances are such that he or she does not meet the objective standard of indigence (125% FPL), provided, however, that the court retains the discretion to re-impose fees and court costs during any probationary period should the court conclude after notice and an opportunity to be heard that the financial condition of the person requesting the waiver has changed such that his or her income is above the 125% FPL threshold.

   b. The determination of whether a person is indigent shall be made based on the Financial Hardship Forms and Affidavits used for that purpose by the Tennessee Administrative Office of the Courts. The requisite forms shall be available at the office of the Court Clerk and also provided individually to misdemeanor probationers by the Rutherford County Probation Office at the time of probationer's first meeting with his or her probation officer.

   c. The Court Clerk shall make available by public posting information on any available alternatives for payment of court debts, which will include the availability of payment plans or other non-financial alternatives that may be available under state law. Additionally, at the time of probationer's first meeting with his or her probation officer, the same information to be posted publicly by the Court Clerk shall be provided personally to the probationer.

L. Payment Plans

Page 9 of 13

Case 1:18-cv-00033 Document 176-4 Filed 01/31/18 Page 9 of 13 PageID #: 4889
Case 3:15-cv-01048 Document 192-5 Filed 10/18/17 Page 9 of 13 PageID #: 2626

1. At the time individuals are placed on payment plans, the paperwork setting out the terms of that plan shall include a notice informing them that they cannot be arrested or jailed solely because they cannot afford to make their payments and of any procedures available for reviewing and altering their payment arrangements in the event that their current arrangement becomes unaffordable without substantial hardship. Individuals shall be informed of their obligation to report increases in income.

2. For persons placed on a payment plan, the maximum amount that can be required of a person below 125% FPL is $25 per month, provided, however, that such person may request the Clerk of Court to reduce the $25 payment based on financial hardship. The Clerk of Court in her discretion can reduce the minimum payment based on hardship. Should the Clerk of Court refuse to do so, the payer may seek leave of the General Sessions Court to order a reduction in the monthly payment.

3. If a person on a payment plan is alleged to have failed to pay more than two times (regardless of whether or not those non-payments are consecutive), then the person may be cited to court on an affidavit that he or she has violated probation if payment was a condition of probation. Upon such an affidavit, a constitutionally adequate compliance hearing shall be scheduled. The probationer must be given adequate notice and be informed that his or her ability to pay will be a critical issue at the hearing. Court-appointed counsel shall be provided to any individual who is accused of failing to pay in any case in which revocation of probation or incarceration may be imposed.

4. If allowed under state law, Rutherford County may provide alternatives to payment for individuals who cannot afford to pay court debts.

Page 10 of 13

Case 3:15-cv-01048 Document 176-4 Filed 10/18/17 Page 10 of 13 PageID #: 4890
Case 1:18-cv-00033 Document 19-5 Filed 01/31/18 Page 10 of 13 PageID #: 279

EXHIBIT C-1

M.  No person shall be required to pay a filing fee or any other fee in connection with the filing of a motion to waive court costs or probation fees. No filing fees of any kind shall be charged to a person who meets the objective definition of indigence (125% FPL, subject to the procedures and terms of Section III B), provided, however, that the court retains the discretion to impose such fees during a probationary period should the court conclude after notice and an opportunity to be heard that the financial condition of the person requesting the waiver has changed so that he or she is above the 125% FPL threshold.

N.  Subject to the procedures and terms of Section III B, Rutherford County shall not charge any fees for any condition of misdemeanor probation or pretrial release (such as electronic monitoring) to any person whose income falls below the objective standard of 125% FPL, provided, however, that the court retains the discretion to impose such fees during a probationary period should the court conclude after notice and an opportunity to be heard that the financial condition of the person requesting the waiver has changed such that he or she is above the 125% FPL threshold.

IV. **General Provisions**

A.  At the time of this agreement, there remain outstanding warrants for misdemeanor probation violations, including warrants dating back to prior to the filing of this lawsuit. Rutherford County shall apply the terms of this agreement to all such outstanding warrants, including ensuring that those misdemeanor probationers arrested pursuant to those warrants are released on recognizance pending any court proceedings.

B.  Rutherford County agrees to implement any policies, rules, or procedures necessary to effectuate this agreement.

Page 11 of 13

Case 3:15-cv-01048 Document 176-4 Filed 01/24/18 Page 11 of 13 PageID #: 4091
Case 3:15-cv-01048 Document 192-3 Filed 10/18/18 Page 11 of 13 PageID #: 5286

C. The Probation Department and the court shall maintain accurate, up-to-date records of all payments and how they have been allocated to various categories of debt. They shall be available for free at any time to any probationer.

D. For a period of three years, Rutherford County shall make available to Class counsel, upon request, information concerning jail population, revenue collected through court debts and fees, Rutherford County probation policies, and any other information reasonably necessary for Class counsel to evaluate compliance with the relief set forth in this agreement. This information shall include, at a minimum, a certification that, to the best of knowledge after reasonable inquiry, there have not been any individuals placed or kept on probation solely because of the nonpayment of court debts and a certification that there have not been any misdemeanor probation arrestees kept in the Rutherford County jail pursuant to a secured financial condition of release resulting from an alleged misdemeanor probation violation. Class counsel shall not ask for such information more frequently than once per quarter. If Class counsel believes in good faith that any provision of this agreement is being materially violated, Class counsel shall inform counsel for Rutherford County of the basis for that belief, and the parties shall make all reasonable attempts to resolve the issue prior to notifying the Court. Nothing herein shall require Rutherford County to have or create reports for data that are not capable of production using its computer and software systems in place at the time that Class counsel requests such a report. In the event Rutherford County has a good faith belief that provisions of this injunction are causing outcomes not contemplated by the parties, then Rutherford County shall bring such issue to the attention of Class counsel who shall, in good faith, work to resolve any such issue and, failing such resolution, the Court shall have continuing jurisdiction over this agreement to amend or address any such issue.

E. Rutherford County shall provide all personnel involved in post-arrest procedures, probation, and imposing and collecting court debts, including judges, prosecutors,

EXHIBIT C-1

the local bar association, probation officers, court clerks, sheriff's department employees, and the Sheriff with a copy of the injunctive relief agreed upon and sufficient information to become familiar with same and copies shall be available in the office of the General Sessions Criminal Court Clerk.

F. Rutherford County shall post the Settlement Notice as described in the Parties' global Settlement Agreement in a prominent and accessible place in the County Courthouse and County Probation Office. Rutherford County shall provide copies of the Claims Form used by the Parties and the Settlement Administrator in the Clerk's Office and the County Probation Office, and County Probation Officers shall direct individuals to the Claims Form if the individual inquires about the Settlement.

G. If any provision or term of this Agreement is judicially determined to be invalid, illegal, or unenforceable in any respect, such provision shall still be enforced to the maximum extent possible given the intent of the Parties as expressed within the four corners of this Agreement. If such provision or term cannot be so enforced, such provision or term shall be severed from the Agreement and this Agreement shall be construed and enforced as if such invalid, illegal, or unenforceable provision had never been part of the Agreement. Furthermore, in lieu of any such invalid, illegal, or unenforceable provision or term there shall be added as a part of this Agreement another provision or term as similar to the invalid, illegal, or unenforceable provision as may be possible.

H. Rutherford County and its employees, officers, and agents shall have 21 days from the entry of the Final Order and Judgment to implement its terms.

* * *