IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **KAREN MCNEIL, et al.,** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:18-cv-00033** |
| | ) | |
| **COMMUNITY PROBATION** | ) | **JUDGE CAMPBELL** |
| **SERVICES, LLC, et al.,** | ) | **MAGISTRATE JUDGE FRENSLEY** |
| | ) | |
|     **Defendants.** | ) | |

## ORDER

Pending before the Court are various motions *in limine* filed in advance of the hearing on Plaintiffs' Motion for Preliminary Injunction (Doc. No. 51). Through their Motion, Plaintiffs seek preliminary injunctive relief on Count 15 of their Amended Complaint (Doc. No. 41). In Count 15, Plaintiff Indya Hilfort, on behalf of herself and others similarly situated, alleges Defendants Giles County and Sheriff Kyle Helton violated her Fourteenth Amendment due process and equal protection rights.

By separate Order entered on January 3, 2019 (Doc. No. 197), the Court concluded that the private defendants who are not named in Count 15 will not be participating in the adjudication of the request for injunctive relief on that Count. Accordingly, the Court **DENIES**, as moot, the following motions filed by the private defendants: Motion in Limine Concerning Indya Hilfort by Community Probation Services, LLC and Patricia McNair for Hearing on Plaintiff's Motion for Preliminary Injunction (Doc. Nos. 147 and 151); Motion in Limine on Behalf (sic) Concerning Allison Horn by Community Probation Services, LLC and Patricia McNair for Hearing on Plaintiff's Motion for Preliminary Injunction (Doc. No. 152); and Motion

in Limine Joining in Motions by Giles County by Community Probation Services, LLC and Patricia McNair for Hearing on Plaintiff's Motion for Preliminary Injunction (Doc. No. 162). For the same reason, the Court also **DENIES**, as moot, Plaintiff's Motion in Limine to Exclude Testimony and Reports of Expert Witnesses Identified by CPS Defendants (Doc. No. 168).

Through the First Motion in Limine to Exclude Evidence Outside of the Statute of Limitations (Doc. No. 156), Defendants Giles County and Sheriff Kyle Helton seek to exclude all evidence prior to July 11, 2017, which they argue, is one year before the date Plaintiff Hilfort alleges she first learned of her cause of action in Count 15. Defendants cite authority for the proposition that Plaintiff's claim is governed by a one-year statute of limitation, and for the proposition that the limitations period begins to run when a plaintiff has reason to know of the injury. Defendants have not cited any authority indicating the statute of limitations period governs the admissibility of evidence. *See, e.g., Black Law Enforcement Officers Assoc. v. City of Akron*, 824 F.2d 475, 483 (6th Cir. 1987) ("The statute of limitations is a defense. . . not a rule of evidence. . . [and] has no bearing on the admissibility of evidence.") Therefore, the First Motion in Limine (Doc. No. 156) is **DENIED**. The Court expects the parties to make contemporaneous objections at the hearing to evidence they consider to be irrelevant or otherwise inadmissible.

Through the Second Motion in Limine to Exclude Expert Testimony of Judge Truman Morrison (Doc. No. 161), Defendants Giles County and Sheriff Kyle Helton argue the Court should exclude the testimony of Judge Truman Morrison, as well as the testimony of Michael R. Jones, Ph.D. Defendants contend the testimony should be excluded because these witnesses have no knowledge of the court system in Tennessee or the demographics and community in Giles County, and do not opine on the necessity of a court's inquiry into indigency prior to

2

Case 1:18-cv-00033   Document 198   Filed 01/07/19   Page 2 of 5 PageID #: 6030

setting a secured money bond or law enforcement's responsibility to determine whether such an inquiry was made by the court. Plaintiff Hilfort argues the testimony of these experts is admissible because it relates to whether money bail advances a legitimate or compelling governmental interest in court appearances and community safety. Based on the parties' descriptions of the expected testimony of these experts, the Court concludes the testimony is relevant and will aid the Court in deciding the matters at issue. *See* Fed. R. Civ. P. 702, 704; *Hyland v. HomeServices of Am., Inc.,* 771 F.3d 310, 322 (6th Cir. 2014). Thus, the Second Motion in Limine (Doc. No. 161) is **DENIED.** Defendants are free to explore, on cross examination and in argument, issues relating to the weight the Court should give such testimony.

In Plaintiff's Motion *in Limine* to Prohibit Examination of Probationers Beyond the Scope of Count 15 of Plaintiffs' First Amended Complaint (Doc. No. 169), Plaintiff Hilfort seeks to limit any cross examination of herself, as well as witnesses Evan Morris and Crystal Webb, that exceeds the scope of Count 15. Specifically, Plaintiff argues a probationer's criminal history is not relevant to Count 15, but if relevant at all, should only be admitted through those court records considered by a judge in setting the bail amount. Plaintiff also argues that a probationer's testimony about his or her personal finances, other than on the date the bail amount is set or subsequent dates on which he or she was detained, is not relevant to the allegations of Count 15. Defendants appear to argue this information is relevant to issues other than whether Plaintiff Hilfort can establish a substantial likelihood of success on the merits of her claim in Count 15. Under these circumstances, the Court **RESERVES** ruling on the Motion (Doc. No. 169) until the preliminary injunction hearing. At that time, Defendants should be prepared to identify the specific issues to which the proposed questions relate.

3

Case 1:18-cv-00033  Document 198  Filed 01/07/19  Page 3 of 5 PageID #: 6031

In Docket No. 157, Defendants Giles County and Sheriff Kyle Helton "adopt by reference the motions in limine filed in this matter by co-defendant, Community Probation Services, LLC and Patricia McNair [D.E. 147 and 152]." The request to adopt motions is **GRANTED**.

In Docket No. 147, the defendants seek to exclude the testimony of Plaintiff Hilfort that she is indigent because she invoked her Fifth Amendment rights during her deposition in response to questions about the charges pending against her. Defendants argue that Plaintiff's income from the sale of drugs, the subject of pending charges, may undermine her claim of indigency:

> For all we know, Ms. Hilfort makes hundreds of thousands of dollars per year selling drugs; which she may then choose to frivolously spend by using drugs. A person with such a spending habit is not indigent by virtue of their own wrong choices.
>
> Separately, and additionally, if Ms. Hilfort is guilty of these felonies and additional charges (as there appears little doubt she is), then her risk of flight is substantially higher on her probation violation, a critical factor under Tennessee statute in the setting of bond.

(Doc. No. 147, at 5). Defendants do not argue, however, that their questions are relevant because judges setting bail amounts require probationers to provide this type of incriminating information about their income or risk of flight. As Defendants have not otherwise identified the specific issues to which the incriminating questions relate, their motion (Doc. No. 147), as adopted, is **DENIED.**

In Docket No. 152, the defendants seek to exclude the testimony of Allison Horn, an employee of Plaintiff's law firm, on various grounds. In her response, Plaintiff indicates Ms. Horn would be called, if at all, as a rebuttal witness at the hearing. Thus, the motion (Doc. No.

4

152), as adopted, is **DENIED.** In the event Ms. Horn is called to testify, Defendants may raise any objection to her testimony at that time.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE