IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, et al.,<br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY PROBATION SERVICES, LLC, et al.,<br><br>Defendants. | Case No. 1:18-cv-00033<br><br>Judge Campbell / Frensley |

## AGREED PROTECTIVE ORDER

Plaintiffs and Defendants (hereinafter "the parties"), as evidenced by the signatures of their counsel below, have agreed that certain documents and other information may be produced in the course of discovery in this case which may contain confidential information, including but not limited to personal information, financial records, and sensitive medical and mental health information. These documents and information (including any derivative materials, including any synopsis, summary, copy, or digest thereof) shall be referred to hereinafter as "*Confidential Discovery Materials.*" The parties have agreed that the following provisions shall govern disclosure and use of Confidential Discovery Materials.

1. The parties have agreed that any documents they produce in the course of discovery which they consider in good faith to be Confidential Discovery Materials will be marked either "**CONFIDENTIAL,**" for personal information or financial records, or "**CONFIDENTIAL SEALED,**" for sensitive medical and mental health information. The designation of a document as Confidential Discovery Materials by a party for purposes of this

1

Agreed Order shall not waive the other party's right to challenge the assertion of confidentiality. However, pending a subsequent ruling by the Court, all documents and derivative materials designated as Confidential Discovery Materials shall be treated as such as provided by this Order. Should any party challenge a "Confidential" or "Confidential Sealed" designation as described herein, the burden of proving that the document(s) should remain "Confidential" or "Confidential Sealed" rests on the party seeking to designate the document(s) as "Confidential" or "Confidential Sealed."

2. Any party may ask any other party to identify the good faith basis for a confidentiality designation. The designating party must then promptly identify its good faith basis for the confidentiality designation.

3. The parties agree that Confidential Discovery Material produced by another party shall be used exclusively for purposes of prosecuting or defending this lawsuit and for no other purpose.

4. Should any party fail to designate a document as a Confidential Discovery Material that the party deems in good faith to be confidential, the party's failure to so designate shall not be construed as a waiver of the party's right to designate the document as a Confidential Discovery Material at a later date.

5. Further, the parties have agreed that any Confidential Discovery Material in this case shall be disclosed only to the following:

   a. counsel of record for the parties, including co-counsel of record, their legal associates, and clerical or other support staff or services of such counsel or co-counsel assigned to assist such counsel in the preparation of the action;

   b. the parties;

   c. a witness contacted by counsel for a party in the course of investigation of a claim or defense raised in this litigation;

    d. the Court;

    e. any court that has cause to consider the issues raised in this action;

    f. any court reporter or videographer retained to record a deposition in this matter; and

    g. any person retained by counsel of record as an expert, whether for purposes of consulting with counsel of record or testifying at any hearing or trial of this action.

6. If a potential witness, expert, or vendor is shown documents protected by this Order, that person shall be advised by counsel of this Order, its meaning, and purpose.

7. At the conclusion of this litigation, any producing party may request that all receiving parties return or destroy any information or documentation produced by the producing party. Within 21 days of any such request, all receiving parties will return or destroy all requested information or documentation produced by the other party, including any reproductions or copies. Counsel, by their signatures below, expressly affirm that they will advise their respective clients of the obligations imposed by the terms of this Agreed Protective Order before providing any Confidential Discovery Material to their respective clients.

8. In the event any party seeks to use materials marked "Confidential" by any other party in connection with motions, or any other pretrial issue brought before this Court (including any testimony related thereto or substantive references to the same in such pretrial materials), the party may file the materials publically, but the party will redact all social security numbers, account numbers, addresses, and dates of birth from the document prior to filing.

9. In the event any party seeks to use materials marked "Confidential Sealed" by any other party in connection with motions, or any other pretrial issue brought before this Court (including any testimony related thereto or substantive references to the same in such pretrial materials), such materials shall be filed in the following manner, consistent with the standards set

3

Case 1:18-cv-00033   Document 219-1   Filed 02/05/19   Page 3 of 6 PageID #: 6560

forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). Any party seeking to file "Confidential Sealed" materials shall seek to file such document under seal using the procedure set forth in the Middle District of Tennessee's User Manual for the ECF system, by filing a motion seeking leave to file the document under seal and by filing the document as a sealed document. If the filing party is seeking to file material it designated "Confidential Sealed," then the filing party shall set forth the bases for maintaining the proposed sealed document under seal. If the filing party is seeking to file material designated "Confidential Sealed" by another party, then the filing party shall cite this provision of this Protective Order, and the party that designated the proposed sealed document as "Confidential Sealed" shall timely respond to the motion for leave to file under seal with a brief that sets forth the bases for maintaining the proposed sealed document under seal. If the parties can reach an agreement in this regard, they may file a joint motion that sets forth the bases for maintaining the proposed document under seal.

10. Prior to the trial or hearing of this action, counsel for the parties shall confer in an effort to agree upon a procedure to propose to the Court that is designed to ensure the confidentiality of all documents or derivative materials subject to this Order. If the parties cannot agree, the designation of documents as Confidential and the manner in which they will be treated at trial shall be determined by the Court prior to the entry of a Pretrial Order.

11. Under the terms of this Order, no party shall be deemed to waive its right to apply to the Court for further relief, nor deemed to have waived the confidentiality of any documents produced hereunder. Further, upon proper motion of any party or upon its own motion, the Court may, in its discretion, modify any of the provisions of this Order.

4

Case 1:18-cv-00033   Document 219-1   Filed 02/05/19   Page 4 of 6 PageID #: 6561

SO ORDERED THIS _____ DAY OF _____, 2019.

_____
JEFFREY S. FRENSLEY
U.S. Magistrate Judge

**AGREED AND CONSENTED TO:**

**Dated: February 5, 2019**


/s/ Scott P. Tift
Elizabeth Rossi (*pro hac vice*)
Jonas Wang (*pro hac vice*)
Eric Halperin (*pro hac vice*)
CIVIL RIGHTS CORPS
910 17th Street NW, Suite 200
Washington, DC 20006
Telephone: (202) 599-0953
Facsimile: (202) 609-8030
elizabeth@civilrightscorps.org
jonas@civilrightscorps.org
eric@civilrightscorps.org

Matthew J. Piers (*pro hac vice*)
Chirag G. Badlani (*pro hac vice*)
Kate E. Schwartz (*pro hac vice*)
HUGHES SOCOL PIERS RESNICK
& DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, Illinois 60602
Telephone: (312) 580-0100
Facsimile: (312) 580-1994
mpiers@hsplegal.com
cbadlani@hsplegal.com
kschwartz@hsplegal.com

David W. Garrison, BPR 24968
Scott P. Tift, BPR 27592
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com

Kyle Mothershead, BPR 22953
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 982-8002
Facsimile: (615) 229-6387
kyle@mothersheadlaw.com

*Attorneys for Plaintiffs and Proposed Classes*


/s/ Cassandra M. Crane w/ permission
Robyn Beale Williams, BPR #19736
Cassandra M. Crane, BPR #034889
FARRAR & BATES, LLP

211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
Telephone: (615) 254-3060
Facsimile: (615) 254-9835
robyn.williams@farrar-bates.com
casey.crane@farrar-bates.com

*Attorneys for the County Defendants*


/s/ Brandt M. McMillan w/ permission
Brandt M. McMillan (BPR No. 025565)
Timothy N. O'Connor (BPR No.035276)
Tune, Entrekin, & White, P.C.
315 Deaderick St., Ste. 1700
Nashville, TN 37238-1700
Telephone: (615) 244-2770
Facsimile: (615) 244-2778
bmcmillan@tewlawfirm.com
toconnor@tewlawfirm.com

*Attorneys for the PSI Defendants*


/s/ Daniel H. Rader IV w/ permission
Daniel H. Rader IV (BPR No. 025998)
Randall A. York (BPR No. 010166)
Moore, Rader, Fitzpatrick and York, P.C.
P. O. Box 3347
Cookeville, TN 38502
Telephone: (931) 526-3311
danny@moorerader.com
randyyork@moorerader.com

*Attorneys for CPS Defendants*

6

Case 1:18-cv-00033   Document 219-1   Filed 02/05/19   Page 6 of 6 PageID #: 6563