# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )    NO. 1:18-cv-00033 |
| | ) |
| COMMUNITY PROBATION | )    JUDGE CAMPBELL |
| SERVICES, LLC, et al., | )    MAGISTRATE JUDGE FRENSLEY |
| | ) |
|    Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court are PSI Defendants' Motion for Severance or Separate Trials (Doc. No. 102),[1] and the Plaintiffs' Response in Opposition (Doc. No. 141). Through the Motion, the PSI Defendants[2] seek to sever all claims against them from all claims against the other defendants. For the reasons set forth herein, the Motion is **DENIED.**

Through the Amended Complaint (Doc. No. 41), five individual plaintiffs seek to represent a class of indigent misdemeanor probationers in challenging the operation of the misdemeanor probation system in Giles County, Tennessee ("the County"). The probation system is allegedly run by two for-profit companies – Community Probation Services, LLC ("CPS") and PSI Probation, LLC ("PSI") – through contracts with the County. Plaintiffs allege the goal of the system is to maximize profits for CPS and PSI through threats of arrest, physical confinement, and

---

[1]    The PSI Defendants are directed to Local Rule 7.03(a), which requires all filings to be in "at least 12-point font."

[2]    The "PSI Defendants" are Progressive Sentencing, Inc., PSI-Probation II, LLC, PSI-Probation, L.L.C., Tennessee Correctional Services, LLC, Timothy Cook, Markeyta Bledsoe, and Harriet Thompson.

extended periods of supervised probation due to nonpayment of debts owed to the court and to the private companies. The Amended Complaint names as defendants Giles County, Sheriff Kyle Helton, CPS, and PSI, along with certain individual employees of these companies. Plaintiffs assert 25 separate causes of action, including violations of their due process and equal protection rights, violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (c) and (d) ("RICO"), unjust enrichment, abuse of process, and civil conspiracy. Each of these claims has been brought against each set of private defendants (along with the County, for most claims), but the CPS Defendants and the PSI Defendants are not named in the same claim.

The PSI Defendants initially argue they have been misjoined under Rule 20. Rule 20(a)(2) provides that a plaintiff may join defendants in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Subsection (a)(3) provides that "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded," and that the court "may grant judgment . . . against one or more defendants according to their liabilities." Subsection (b) provides that the Court may issue orders, including an order for separate trials, "to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party."

Joinder is generally favored under the Federal Rules. *Scott v. Fairbanks Capital Corp.,* 284 F. Supp. 2d 880, 887 (S.D. Ohio 2003) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966)). The purpose of permissive joinder under Rule 20(a) is to promote judicial economy, trial convenience, and the expeditious resolution of disputes. *Lee v.*

2

*Dell Products. L.P.,* 2006 WL 2981301, at *7 (M.D. Tenn. Oct. 16, 2006); *Scott,* 284 F. Supp. 2d at 887. The courts are to allow the "broadest possible scope of action" consistent with fairness to the parties. *Lee,* 2006 WL 2981301, at *7 (citing *Crutcher v. Commonwealth of Kentucky,* 961 F.2d 1576 [Table], 1992 WL 98020, at *3 (6th Cir. May 11, 1992)).

The first requirement for permissive joinder of defendants under Rule 20(a)(2) – that the claims arise out of the same transaction or occurrence, or series of transactions or occurrences – focuses on whether there is a "logical relationship" between the claims. *Third Degree Films v. John Does 1-36,* 2012 WL 2522151, at *5 (E.D. Mich. May 29, 2012). The "logical relationship" test considers whether there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. *Id.; Thompson v. Janssen Pharmaceuticals, Inc.,* 2015 WL 12844456, at *1 (W.D. Tenn. Dec. 21, 2015) (citing *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander,* 414 F.2d 143, 147 (6th Cir. 1969)). "'[A]ll "logically related" events entitling a person to institute legal action against another are generally regarded as comprising a transaction or occurrence.'" *Thompson,* 2015 WL 12844456, at * 1 (quoting *Mosley v. Gen. Motors Corp.* 497 F.2d 1330, 1333 (8th Cir. 1974)). The terms "transaction" and "occurrence" are to be construed broadly to avoid duplicative litigation. *Id.*

The second requirement for permissive joinder of defendants focuses on whether a question of law or fact common to the parties will arise in the action. The rule does not require that all such questions be common. *Lee,* 2006 WL 2981301, at *10 (citing *Mosley,* 479 F.3d at 1334. The "common question" requirement "does not require that common questions of law or fact predominate, but instead that the claims involve the same or closely related factual and legal issues." *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, 2016 WL 6995271, at *3 (N.D. Ohio

3

Nov. 30, 2016); *see also Mark Francis Macduff Spence, Sr. v. Dexcom, Inc.,* 2019 WL 302504, at *7 (M.D. Tenn. Jan. 23, 2019).

The PSI Defendants argue they have been misjoined because they are entirely separate from the CPS Defendants and Plaintiffs have not alleged any concerted action among these defendants. Plaintiffs argue, on the other hand, that the allegations in the Amended Complaint describe virtually identical conspiracies by each set of private defendants with Defendant Giles County, and that those conspiracies share a common purpose to maximize the collection of court debts owed to the County and to maximize the profits of CPS and PSI.

At this stage of the proceedings, before the completion of discovery, the Court must look to the allegations of the Amended Complaint to evaluate the joinder issue. *See, e.g., Lee,* 2006 WL 2981301, at *6; *Thompson,* 2015 WL 12844456, at *2. As for the first requirement, those allegations describe illegal conduct on the part of each set of private defendants that is substantially similar and, in large part, coordinated with the County as a common actor. Plaintiffs allege all misdemeanor probationers in the County are assigned to one of the two private probation companies, and that through agreement of all Defendants, assignments alternate between each company to evenly distribute the number of probationers. (Doc. No. 41 ¶¶ 85, 86). Plaintiffs allege these companies then apply similar policies and practices to the probationers:

> 70. The companies operate in the same way in all material respects. The only apparent difference is that probationers with PSI make payments on their court debt directly to the court and pay only their probation fees to the company, while probationers with CPS typically pay their court debts to the company in addition to the probation fees. CPS then remits some portion of those payments to the court.
>
> 71. In pursuit of generating revenue for themselves and the County, all of the Private Defendants decide how much money a probationer owes to them each week to avoid violating their probation and how frequently the probationer must report and make payments; both companies monitor probationers' payments of court debts and probation fees, and both companies consider mere nonpayment of either court debts or probation fees to be a violation of probation that justifies revocation; both

4

> companies engage in a pattern and practice of threatening indigent probationers with arrest, jailing, and extension of supervised probation if they do not pay probation fees or court debts, refuse to submit to costly and invasive drug tests at the discretion of the companies, or do not comply with any of the companies' other vague and onerous conditions; and both companies file sworn affidavits with the court seeking warrants, informing the court that the person did not make payments as required, without first determining that the person willfully refused to pay, and even when they know the person did not pay only because she was too poor to pay.

(Doc. No. 41 ¶¶ 70-71). The Court is persuaded the claims against each set of private defendants are logically related because there will be a substantial evidentiary overlap in the facts underlying those claims.

The second requirement – whether a question of law or fact common to the parties will arise in the action – is easily satisfied here. The Amended Complaint raises numerous common issues of law and fact, including: whether the County's use of private probation companies to perform probation functions violates due process (*Id.* ¶¶ 485-524); whether the County and the private defendants violate equal protection by using collection methods private creditors would not be allowed to use (*Id.* ¶¶ 525-548); whether placing and keeping individuals on supervised probation solely for inability to pay violates due process and equal protection (*Id.* ¶¶ 549-558; 563-567); and whether the conduct of the private defendants violates RICO (*Id.* ¶¶ 363-484).

For these reasons, the Court concludes the allegations of the Amended Complaint satisfy the requirements of Rule 20(a)(2), and the request to sever based on misjoinder is denied.

The PSI Defendants alternatively argue that, even if joinder was proper under Rule 20(b), severance of pretrial proceedings, as well as the trial, should be ordered under Rule 21. Rule 21 permits a court to "sever any claim against a party." The courts have broad discretion under Rule 21 to determine whether to sever claims "when doing so advances the administration of justice." *Productive MD, LLC v. Aetna Health, Inc.,* 969 F. Supp. 2d 901, 940 (M.D. Tenn. 2013). In making that determination, "[c]ourts consider a number of factors. . . including: (1) whether the

claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018).

For the reasons set forth above, the first two factors, which mirror those in Rule 20(a)(2), weigh against severance. As for the remaining factors, the PSI Defendants argue it is costly and time-consuming to engage in discovery with the CPS Defendants because certain information involving claims against CPS will not be relevant to the PSI Defendants. Defendants do not, however, provide any specific examples of discovery efforts they believe will be unnecessary and burdensome to them. Nor have Defendants shown that judicial economy will be facilitated by severing this case into parallel proceedings, each involving the common County Defendants, for discovery and pretrial proceedings. Indeed, it is just as reasonable to assume that severance will decrease the efficient management of the case. Under these circumstances, the Court is not persuaded that severance for discovery and pretrial proceedings advances the administration of justice, and therefore, Defendants' request to do so is denied.

With regard to Defendants' request for separate trials under Rules 20(b), 21, and 42(b)[3], the Court is unable to evaluate effectively the applicable factors at this stage of the litigation – before the completion of discovery and resolution of Plaintiffs' request for class certification. Thus, the request for separate trials is denied, without prejudice to refiling at a later appropriate

---

[3] Rule 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

6

time. *See, e.g., Lee,* 2006 WL 2981301, at *11 (denying request for separate trials prior to discovery as premature).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

7

Case 1:18-cv-00033   Document 235   Filed 03/11/19   Page 7 of 7 PageID #: 6755