IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **KAREN MCNEIL, et al.,** | ) | |
| | ) | |
|    **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | NO. 1:18-cv-00033 |
| | ) | |
| **COMMUNITY PROBATION** | ) | **JUDGE CAMPBELL** |
| **SERVICES, LLC, et al.,** | ) | **MAGISTRATE JUDGE FRENSLEY** |
| | ) | |
|    **Defendants.** | ) | |

## ORDER

Pending before the Court are Plaintiffs' Motion Pursuant to Rule 56(d) to Deny, or Defer Considering, CPS Defendants' Premature Motion for Summary Judgment (Doc. No. 260), an Affidavit of counsel in support (Doc. No. 261), a Response in Opposition (Doc. No. 278), filed by the CPS defendants, and Plaintiffs' Reply (Doc. No. 281). Through the Motion and Affidavit, Plaintiffs request the Court deny the Motion for Summary Judgment (Doc. No. 245) filed by the CPS Defendants, or defer ruling on it, because Plaintiffs need additional discovery in order to respond to the Motion. Plaintiffs also suggest the Court may initially determine whether it can deny Defendants' Motion on legal grounds without the need to resolve factual questions.

When Plaintiffs' Motion (Doc. No. 26) was filed, the discovery deadline was over three months away. Since that time, the Magistrate Judge has entered Orders (Doc. Nos. 279, 280) granting an extension of the deadline.

Defendants argue additional discovery is unnecessary to decide their summary judgment motion. In that regard, the Court notes that Defendants have propounded 27 statements of material facts that they contend are undisputed in connection with their summary judgment motion. (Doc. No. 250).

Federal Rule of Civil Procedure 56(d) provides that if, in response to a motion for summary judgment, the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

In the interests of judicial efficiency, the Court concludes that Plaintiffs' Motion (Doc. No. 260) should be **GRANTED.** It is a waste of judicial resources for the Court to consider Defendants' summary judgment motion before potentially relevant discovery is completed, or to make a preliminary determination as to whether the arguments raised in the motion require the Court to consider the arguably incomplete factual allegations propounded by the parties. Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 245) is **DENIED,** without prejudice to refiling at the close of relevant discovery.

For these same reasons, Plaintiffs' Motion for Leave to File Surreply in Opposition to CPS Defendants' Motion for Summary Judgment (Doc. No. 282) is **DENIED,** without prejudice to refiling at an appropriate time.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE