UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE-COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, et al. | )<br>) Case No.: 1:18-cv-00033<br>) JUDGE CAMPBELL/<br>) JUDGE FRENSLEY<br>) JURY DEMAND |
| v. | |
| COMMUNITY PROBATION SERVICES, LLC, et al. | )<br>)<br>) |
| Defendants | ) |

## MOTION TO DISMISS

Come now the Defendants, Community Probation Services, LLC and Patricia McNair (as well as the misnamed Defendants Community Probation Services L.L.C. and Community Probation Services) pursuant to Fed. R. Civ. P. 12(b)(6), and move the court to dismiss this case against each of them for failure to state a claim upon which relief can be granted.[1]

The § 1983 damage claims should be dismissed consistent with the Sixth Circuit's opinion, and the § 1983 injunctive relief claims fail to state a claim (and are separately moot, depriving the

---

[1] This motion also asserts the defense of qualified immunity with respect to Count 1 of the Complaint, which alleges that these Defendants violated the RICO Act, 18 U.S.C. §§ 1962(c) and (d). These Defendants' previous motion for summary judgment (Doc. 245) raised qualified immunity as a defense to the Plaintiffs' § 1983 claims, and argued that the RICO claims should be dismissed purely on substantive grounds. Accordingly, these Defendants' interlocutory appeal involved only the availability of qualified immunity with respect to the Plaintiffs' § 1983 claims, and not the RICO or state-law counts, substantively or otherwise. Although a substantive ruling on Plaintiffs' constitutional claims would have likely determined the viability of Plaintiffs' RICO and state-law claims, no court has addressed the substance of the underlying claims, despite these Defendants' repeated requests. On appeal, the Plaintiffs advanced the procedural argument that qualified immunity on § 1983 was not available to these Defendants because CPS was sued in its "official capacity" only under § 1983, and that Patricia McNair was not a § 1983 defendant at all. The Sixth Circuit agreed with the Plaintiffs, and did not address the merits of the qualified immunity defense, instead holding that qualified immunity was not available to CPS on the § 1983 damage claims because the Plaintiffs had repeatedly represented in their district court filings that they did not seek to hold the company liable for money damages, and that they did not sue Patricia McNair under § 1983 at all. *See McNeil v. Cmty. Prob. Servs., LLC*, No. 19-5660, 2020 WL 973120 (6th Cir. Feb. 28, 2020). On May 20, 2020, Plaintiffs' counsel indicated that nothing in the Sixth Circuit's opinion has altered their strategy to seek money damages from CPS and McNair under RICO, and the Complaint specifically asserts that the claims against McNair are "in both her personal and official capacity." Pursuant to Plaintiffs' representation that they intend to hold CPS and McNair both liable for money damages on Count 1 of the Complaint, these Defendants now raise qualified immunity as a defense to Plaintiffs' RICO claims, in the event that the Court does not agree that Count 1 fails to state a claim. *See Cullinan v. Abramson*, 128 F.3d 301 (6th Cir. 1997) (dismissing plaintiff's RICO claims against a private entity and its employees on qualified immunity grounds).

1

Court of Article III jurisdiction), thus resolving all § 1983 claims against these Defendants. The RICO claims fail to state a claim, and these Defendants are separately and additionally entitled to qualified immunity concerning RICO. Finally, the state law claims fail to state a claim, and the Court should decline to exercise supplemental jurisdiction over the state law claims in any event. Thus, all claims should be dismissed.

Portions of this motion are supported by the Sixth Circuit's recent opinion in this case and legal arguments Plaintiffs have made in various filings before this Court and the Sixth Circuit. However, these matters of record appearing outside the pleadings only serve to clarify the Plaintiffs' obscure legal theories and may be properly considered on a Rule 12 motion without converting it to a motion for summary judgment. "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (internal quote, citation, and emphasis omitted). Moreover, in deciding a Rule 12 motion, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pursuant to the Sixth Circuit's recent opinion in this case, Plaintiffs are judicially estopped from seeking § 1983 damages from CPS. *See McNeil v. Cmty. Prob. Servs., LLC*, No. 19-5660, 2020 WL 973120, at *2 (6th Cir. Feb. 28, 2020) (holding that "[j]udicial estoppel would prohibit"

2

Plaintiffs from seeking damages from CPS, "given the plaintiffs' express representations that the company faces no liability."). "When the appellate court remands a case to the district court for further proceedings, 'the trial court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" *United States ex rel. Doghramji v. Community Health Systems, Inc.*, 2019 WL 4887190, at *18 (M.D. Tenn., 2019) (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir.1994)). Therefore, all § 1983 damages claims against CPS must be dismissed. Further, to any extent that Complaint could be read pursue § 1983 claims against Patricia McNair, those claims must be dismissed pursuant to the law of the case and judicial estoppel, as the Sixth Circuit accepted Plaintiff's representation that McNair was not sued under § 1983 at all.

Furthermore, the remaining § 1983 official-capacity claims against CPS in Counts 5, 9, and 13, should be dismissed as duplicative and redundant of the damages claims against Giles County. *See e.g.*, *Jackson v. Shelby Cty. Gov't*, 2008 WL 4915434, at *1–2 (6th Cir. 2008); *Von Herbert v. City of St. Clair Shores*, 61 Fed. App'x 133, 140 n. 4 (6th Cir. 2003); *Hall v. Metro. Gov't of Nashville & Davidson Cty.*, 2018 WL 305751, at *9 (M.D. Tenn. 2018) (Trauger, J.); *Sexton v. Lindamood*, 2019 WL 923787, at *13 (M.D. Tenn. Feb. 7, 2019) (Frensley, J.), *report and recommendation adopted*, 2019 WL 914135 (M.D. Tenn. Feb. 25, 2019) (Campbell, J); *Eads v. Tennessee*, 2018 WL 4283030, at *9 n. 3 (M.D. Tenn. 2018) (Campbell, J).

Separately and additionally, Plaintiffs' constitutional claims fail as a matter of law, and the § 1983 claims for injunctive relief in Counts 6, 10, and 14 of the Complaint should be dismissed

for failure to state a claim.[2] Here, the Plaintiffs[3] raise novel claims that the entire system of supervised misdemeanor probation in Tennessee is somehow unconstitutional due to what they allege to be a pecuniary interest of the private probation companies specifically authorized by Tennessee statute, despite its 30-year history and broad use throughout the State. They allege that the treatment of convicts on probation violates due process and equal protection in multiple ways, despite the broad application of this system pursuant to Tennessee statute. The system and the practices in this case are constitutional in all respects and the Court should so declare.

Plaintiffs' procedural due process claims are facially deficient, because no court has ever recognized a constitutionally protected right to a neutral probation officer. Moreover, Plaintiffs' procedural due process rights have not been violated, because the Complaint does not establish that Plaintiffs have been deprived of any protected interest; and even if somehow they were, the deprivation was not caused by these Defendants. As a matter of law, the State courts, and not these Defendants, are the decisionmakers with respect to Plaintiffs' convictions, conditions of probation, and any alleged violations of probation. Nothing in the Complaint demonstrates that these Defendants ever deprived Plaintiffs of any interest protected by due process, or that the nature of the supervision of private probation in Giles County, Tennessee, or these Defendants' actions and practices, run afoul of any concept protected by due process. Further, the Plaintiffs' equal protection claims are governed by rational basis review, and easily pass scrutiny. *See Fowler v. Benson*, 924 F.3d 247, 263 (6th Cir. May 8, 2019); *Robinson v. Long*, No. 18-6121, 2020 WL

---

[2] These claims are also moot, as none of these individuals are on probation with CPS or McNair, and CPS and McNair have discontinued all probation supervision services in Giles County. A separate Fed. R. Civ. P. 12(b)(1) will be filed asserting mootness.

[3] Three of the Plaintiffs (McNeil, Johnson, and Hilfort) had previously been supervised on probation at some time by these Defendants. The other Plaintiffs (Mitchell and Beard) have had no interaction with these Defendants, the Complaint makes no attempt to assert claims by those Plaintiffs against these Defendants, and any claims by those Plaintiffs (Mitchell and Beard) fail to state any factual or legal claim against these Defendants.

2551889, at *3 (6th Cir. May 20, 2020) ("In short, plaintiffs present no valid reason for us to depart from *Fowler's* conclusion that '[w]e review equal protection challenges to laws on grounds of 'wealth-classification' only to see if they have a rational basis.'"). The nature of supervision of private probation in Giles County, Tennessee, and these Defendants' actions and practices, do not violate equal protection in any way, and do not unlawfully treat any class to which the Plaintiffs may claim they belong improperly in any respect. All actions and conditions challenged in the Complaint are rationally related to a legitimate government interest, and are proper in all respects. Counts 6, 10, and 14 of the Complaint fail to demonstrate any entitlement to relief whatsoever under § 1983, and all § 1983 claims against CPS should be dismissed in their entirety.

Additionally, the *Heck v. Humphrey* doctrine warrants dismissal, because the Plaintiffs have not alleged that their probation violations (or convictions) have been set aside or resolved favorably to them. Any judgment in favor of Plaintiffs would necessarily invalidate their convictions and sentences (including any probation violation), and the *Heck* bar prevents litigation of these claims.

Furthermore, Plaintiffs' RICO allegations set forth in Count 1 fail to state a claim for which relief can be granted, and likewise must be dismissed pursuant to Rule 12(b)(6). Nothing in the Plaintiffs' Complaint establishes that any conduct on behalf of CPS or McNair could be considered "wrongful" under any theory of law whatsoever, and cannot support a plausible RICO claim based upon predicate acts of extortion chargeable under the Hobbs Act, Travel Act, or Tennessee State law. Plaintiffs allege that these Defendants' conduct was "wrongful" because it violated Plaintiffs' constitutional rights. However, for the reasons discussed above, the Complaint fails to adequately plead any constitutional violation whatsoever, and accordingly, the allegations in the Complaint are insufficient to allege that Defendants' conduct was "wrongful" and therefore chargeable as a

predicate act of extortion for purposes of RICO. Additionally, several district courts have dismissed substantively identical RICO claims. *See McCullough v. City of Montgomery*, 2017 WL 956362, at *14 (M.D. Ala. 2017); *Carden v. Town of Harpersville*, 2017 WL 4180858, at *8, n. 5 (N.D. Ala. 2017) (Proctor, J.); *Malone v. City of Decatur, Alabama*, 2018 WL 4901212, at *9–10 (N.D. Ala. Oct. 9, 2018) (Haikala, J.). Finally, Plaintiffs have not alleged a proper RICO enterprise.

Moreover, to the extent that Plaintiffs' RICO allegations do state a plausible claim for relief, CPS and McNair are entitled to **qualified immunity** from suit for damages under RICO. In *Cullinan v. Abramson*, the Sixth Circuit held that a private entity and its employees were entitled to qualified immunity on the plaintiffs' RICO claims where there was "no Supreme Court or Sixth Circuit precedent that could properly be said to have informed the defendants that they could not do what they stand accused of doing without violating 'clearly established' rights conferred on the plaintiffs by the RICO statute." 128 F.3d 301, 312 (6th Cir. 1997). Accordingly, even if the alleged activity can somehow be classified as extortionate, CPS and McNair are entitled to qualified immunity, as there is no precedent anywhere that would have notified them that what they are accused of doing violated any "clearly established" rights conferred upon the Plaintiffs by the RICO statute.

Finally, the Court should decline to exercise pendent jurisdiction over Plaintiffs' State-law claims. However, even if it does, Plaintiffs state-law claims are facially deficient and due to be dismissed. These Defendants cannot be held liable for abuse of process under Tennessee law for using process for its lawful purpose to compel Plaintiffs to do something that they are legally required to do. Nor can Defendants be held liable for unjust enrichment where they were legally entitled to any benefit Plaintiffs conferred upon them. And because the Complaint has not alleged

the commission of any underlying predicate tort, CPS and McNair cannot be liable for civil conspiracy under Tennessee law.

In support of this motion, Defendants submit the attached memorandum of law.

WHEREFORE, premises considered, these Defendants move the Court to dismiss all claims against them.

>
> Respectfully submitted,
>
> MOORE, RADER,
> FITZPATRICK AND YORK, P.C.
>
> By /s/ Daniel H. Rader IV, BPR 025998
>     DANIEL H. RADER IV
>     Attorneys for Defendants,
>     Community Probation Services,
>     LLC; Community Probation
>     Services, L.L.C.; Community
>     Probation Services; and
>     Patricia McNair
>     P.O. Box 3347
>     Cookeville, TN  38502
>     (931) 526-3311
>
> By /s/ André S. Greppin, BPR 036706
>     ANDRÉ S. GREPPIN
>     Attorneys for Defendants,
>     Community Probation Services,
>     LLC; Community Probation
>     Services, L.L.C.; Community
>     Probation Services; and
>     Patricia McNair
>     P.O. Box 3347
>     Cookeville, TN  38502
>     (931) 526-3311

CERTIFICATE OF SERVICE

       The undersigned attorney herby certifies that on June 3, 2020, a true and exact copy of the foregoing pleading was filed electronically. Notice of this filing was sent by operation of the Courts electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties my access the filing through the Court's electronic filing system.

Mr. Chirag Badlani
Ms. Kate E. Schwartz
Mr. Matthew J. Piers
Hughes, Socol, Piers, Resnick & Dym Ltd.
70 W Madison Street
Suite 4000
Chicago, IL 60602

David W. Garrison
Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street
Suite 900
Nashville, TN 37219

Ms. Elizabeth Anne Rossi
Mr. Eric Halperin
Ms. Alexandria Twinem
Ms. Laura Gaztambide Arandes
Civil Rights Corps
1601 Connecticut Ave. NW
Eighth Floor
Washington, DC 20009

Mr. Kyle F. Mothershead
The Law Office of Kyle Mothershead
414 Union Street
Suite 900
Nashville, TN 37219

Mr. Brandt M. McMillan
Mr. Timothy Neil O'Connor
Tune, Entrekin & White, P.C.
315 Deadrick Street
Suite 1700
Nashville, TN 37238

Ms. Cassandra M. Crane
Ms. Robyn Beale Williams
Farrar & Bates
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219

Ms. Lucy D. Henson
Lucy D. Henson, PLLC
118 S Second Street
P.O. Box 333
Pulaski, TN 38478

    This the <u>3rd</u> day of June, 2020.

    MOORE, RADER,
    FITZPATRICK AND YORK, P. C.

    By <u>/s/ Daniel H. Rader IV, BPR 025998</u>
        DANIEL H. RADER IV
        Attorneys for Defendants,
        Community Probation Services,
        LLC; Community Probation
        Services, L.L.C.; Community
        Probation Services; and
        Patricia McNair
        P.O. Box 3347
        Cookeville, TN  38502
        (931) 526-3311