UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE-COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, et al. | ) |
| | ) Case No.: 1:18-cv-00033 |
| | ) JUDGE CAMPBELL/ |
| v. | ) JUDGE FRENSLEY |
| | ) JURY DEMAND |
| | ) |
| COMMUNITY PROBATION SERVICES, LLC, et al. | ) |
| | ) |
| Defendants | ) |

## MOTION TO DISMISS CERTAIN CLAIMS
## FOR LACK OF SUBJECT MATTER JURISDICTION

Come now the Defendants, Community Probation Services, LLC and Patricia McNair (as well as the misnamed Defendants Community Probation Services L.L.C. and Community Probation Services) pursuant to Fed. R. Civ. P. 12(b)(1), and move to dismiss the equitable, injunctive, and declaratory relief claims against these Defendants, however characterized, including the § 1983 claims, as moot, depriving the Court of Article III jurisdiction as there is no live case or controversy. The Plaintiffs also lack standing to pursue these claims for the reasons explained in this motion.

In support of this motion, these Defendants would state and show unto the Court that none of the named Plaintiffs in this case are on supervised probation with these Defendants. The three named Plaintiffs who were ever on probation supervised by these Defendants have long since completed their sentences, and are no longer on probation, supervised or unsupervised, for any misdemeanor with any private company. These individuals cannot obtain injunctive, equitable, or declaratory relief because their claims are moot and they lack standing to pursue claims for prospective relief.

Separately, these Defendants themselves no longer operate probation supervision services

in Giles County, and their contract to do so has been terminated. CPS gave notice to Giles County terminating its contract on August 6, 2019. Defendant McNair quit her job with CPS and has worked for the 22nd Judicial District Public Defender's office for the better part of a year. These Defendants no longer supervise any probationers in Giles County, and there is no basis for the entry of equitable, injunctive, or declaratory relief in this case challenging the use of private probation companies in Giles County. These Defendants have demonstrated that there is no longer a live controversy with respect to the claims for equitable, injunctive, and declaratory relief brought in this suit.

These claims are non-justiciable for each of the separate reasons that Plaintiffs are no longer on supervised probation by any private company, and that these Defendants no longer offer these services in Giles County regardless. For either reason, this Court lacks jurisdiction over prospective relief claims and the Plaintiffs lack standing to pursue such claims. Attached in support of this motion is a Declaration of Giles County Circuit Court Clerk Natalie Oakley, confirming that the three named Plaintiffs who allege to have been probationers supervised by the CPS Defendants, Indya Hilfort, Karen McNeil, and Lesley Johnson, are no longer on probation supervised by any private company, and confirming that no person is supervised on probation in Giles County by the CPS Defendants. In addition, the Declaration of Joel Colton confirming that the Giles County contract was terminated is attached.[1] Patricia McNair is also no longer a probation officer, having quit and taken a job with the Public Defender's office for the 22nd Judicial District.

These three Plaintiffs, Indya Hilfort, Karen McNeil, and Lesley Johnson, are the only three to have ever alleged in any iteration of the Complaint to have ever been on probation supervised

---

[1] In accordance with Fed. R. Civ. P. 12(d), the Declarations do not convert this Fed. R. Civ. P. 12(b)(1) motion to a motion for summary judgment.

by these Defendants. The other two named Plaintiffs, Tanya Mitchell and Lucinda Brandon, do not allege that they were ever on probation with these Defendants and are separately no longer on probation themselves even with the PSI Defendants (making their claims for prospective relief non-justiciable as well). Regardless of any of the foregoing, none of the named Plaintiffs can sustain a claim against these Defendants for equitable or injunctive or declaratory relief when these Defendants no longer operate probation services in Giles County for anyone at all.

This identical issue was presented to Judge Sharp in the case that Plaintiffs have cited *ad nauseum* since the inception of this Giles County suit: *Rodriguez v. Providence Community Corrections, Inc.*, 191 F.Supp.3d 758, 770 (M.D.Tenn. 2016). In that case, Judge Sharp dismissed equitable, injunctive, and declaratory relief claims against the private probation company as moot, where the private probation company's contract with the county defendant had expired. The same holds true here, and any such claims against the CPS Defendants – including but not limited to those injunctive relief claims brought pursuant to § 1983 – should be immediately dismissed. They further lack standing to pursue claims on behalf of any putative class, for which no motion for class certification has been filed.

Filed in support of this motion is a memorandum of law.

WHEREFORE, premises considered, the CPS Defendants and Patricia McNair ask that all claims for equitable relief or injunctive relief or declaratory relief, including the § 1983 claims, be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted,

MOORE, RADER,
FITZPATRICK AND YORK, P.C.

By /s/ Daniel H. Rader IV, BPR 025998
    DANIEL H. RADER IV
    Attorneys for Defendants,
    Community Probation Services,
    LLC; Community Probation
    Services, L.L.C.; Community
    Probation Services; and
    Patricia McNair
    P.O. Box 3347
    Cookeville, TN  38502
    (931) 526-3311

By /s/ André S. Greppin, BPR 036706
    ANDRÉ S. GREPPIN
    Attorneys for Defendants,
    Community Probation Services,
    LLC; Community Probation
    Services, L.L.C.; Community
    Probation Services; and
    Patricia McNair
    P.O. Box 3347
    Cookeville, TN  38502
    (931) 526-3311

CERTIFICATE OF SERVICE

The undersigned attorney herby certifies that on June 4, 2020, a true and exact copy of the foregoing pleading was filed electronically. Notice of this filing was sent by operation of the Courts electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties my access the filing through the Court's electronic filing system.

Mr. Chirag Badlani
Ms. Kate E. Schwartz
Mr. Matthew J. Piers
Hughes, Socol, Piers, Resnick & Dym Ltd.
70 W Madison Street
Suite 4000
Chicago, IL 60602

David W. Garrison
Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street
Suite 900
Nashville, TN 37219

Ms. Elizabeth Anne Rossi
Mr. Eric Halperin
Ms. Alexandria Twinem
Ms. Laura Gaztambide Arandes
Civil Rights Corps
1601 Connecticut Ave. NW
Eighth Floor
Washington, DC 20009

Mr. Kyle F. Mothershead
The Law Office of Kyle Mothershead
414 Union Street
Suite 900
Nashville, TN 37219

Mr. Brandt M. McMillan
Mr. Timothy Neil O'Connor
Tune, Entrekin & White, P.C.
315 Deadrick Street
Suite 1700
Nashville, TN 37238

Ms. Cassandra M. Crane
Ms. Robyn Beale Williams
Farrar & Bates
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219

Ms. Lucy D. Henson
Lucy D. Henson, PLLC
118 S Second Street
P.O. Box 333
Pulaski, TN 38478

    This the 4th day of June, 2020.

                MOORE, RADER,
                FITZPATRICK AND YORK, P. C.

                By /s/ Daniel H. Rader IV, BPR 025998
                      DANIEL H. RADER IV
                      Attorneys for Defendants,
                      Community Probation Services,
                      LLC; Community Probation
                      Services, L.L.C.; Community
                      Probation Services; and
                      Patricia McNair
                      P.O. Box 3347
                      Cookeville, TN  38502
                      (931) 526-3311