IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 1:18-cv-00033 |
| ) | |
| COMMUNITY PROBATION ) | JUDGE CAMPBELL |
| SERVICES, LLC, et al., ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs filed this action on April 13, 2018 (Doc. No. 1). Through the initial Complaint and subsequently-filed amended complaints (Doc. Nos. 41, 256), Plaintiffs assert constitutional claims against Giles County and Sheriff Kyle Helton ("the County Defendants") relating to the bail procedures for those accused of probation violations in Giles County; and assert constitutional claims, claims brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state law claims against two private probation companies and certain individual employees of those companies ("the CPS Defendants" and "the PSI Defendants").

Currently pending before the Court are various dispositive motions filed by the CPS Defendants and the PSI Defendants, and motions relating to the scheduling of responses to those motions, and the remaining discovery in this case. Before addressing the issues raised in these motions, it is important to review some procedural history in this case to give context to the Court's rulings.

On April 18, 2019, the CPS Defendants filed a Motion for Summary Judgment (Doc. No. 245), in which they argued the constitutional claims against them should be dismissed based on qualified immunity, Eleventh Amendment sovereign immunity, and/or quasi-judicial immunity.

The Motion also challenged the RICO counts for failure to state a claim, and asserted defenses to the state law tort claims. Based on Plaintiffs' argument that they needed to complete discovery in order to respond, the Court denied the motion under Federal Rule of Civil Procedure 56(d). (Doc. No. 283). As the Court explained in the Order, "[i]t is a waste of judicial resources for the Court to consider Defendants' summary judgment motion before potentially relevant discovery is completed, or to make a preliminary determination as to whether the arguments raised in the motion require the Court to consider the arguably incomplete factual allegations propounded by the parties." (*Id.,* at 2).

The CPS Defendants subsequently filed a Notice of Appeal (Doc. No. 286), and a Motion to Stay (Doc. No. 289), requesting the Court stay discovery pending resolution of the appeal. By Order entered July 29, 2019 (Doc. No. 296), the Court granted the request for stay as to the CPS Defendants. The Magistrate Judge subsequently determined that only certain written discovery could proceed without the participation of the CPS Defendants. (Doc. Nos. 304, 317, 340). While the case was pending on appeal, the Court denied the PSI Defendants' Motion for Summary Judgment (Doc. No. 300), without prejudice, to refiling when the CPS Defendants' appeal was resolved, in order to allow the CPS Defendants an opportunity to participate (Doc. No. 361).

On February 28, 2020, the Sixth Circuit issued its opinion rejecting the CPS Defendants' arguments that they are entitled to immunity on the constitutional claims. (Doc. No. 364). The Sixth Circuit issued its Mandate on May 4, 2020 (Doc. No. 365), and the PSI Defendants filed their Renewed Motion for Summary Judgment (Doc. No. 363) on May 14, 2020. This Court subsequently lifted the stay on discovery, and referred to the Magistrate Judge the briefing schedule for the Renewed Motion and any other dispositive motions. (Doc. No. 367).

Within days and over two years after this case began, the CPS Defendants filed two motions to dismiss (Doc. Nos. 369, 374) – one asserting qualified immunity as to the RICO

2

claims,[1] and one challenging subject matter jurisdiction. The CPS Defendants also seek another stay of discovery, pending decision on the dispositive motions. (Doc. No. 370). The PSI Defendants also seek a ruling on their pending summary judgment motion without affording Plaintiffs an opportunity to complete discovery. Plaintiffs oppose the request for a stay, and seek a status conference to discuss the briefing schedule for the dispositive motions.

"'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.'" *F.T.C. v. E.M.A. Nationwide, Inc.,* 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir.1977)); s*ee also Clinton v. Jones,* 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L.Ed.2d 945 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

As the Court explained in a prior Order (Doc. No. 316), the parties' views of the need for additional discovery in order to address fully the issues that have been raised in the dispositive motions are in stark contrast. Having fully considered those views, the Court concludes it serves the interest of judicial efficiency for the Court to stay additional discovery until the pending dispositive motions are resolved. In consultation with the Magistrate Judge, the referral for the setting of a schedule for the briefing of dispositive motions (Doc. No. 367) is withdrawn as to the

---

[1] The Court expresses no opinion, at this time, on whether the CPS Defendants have waived their qualified immunity defense on the RICO claims, as Plaintiffs argue. (Doc. No. 381). The Court will address that argument after full briefing by the parties.

private defendants, and the following schedule shall apply to the motions filed by these defendants.[2]

With regard to the PSI Defendants' Renewed Motion for Summary Judgment (Doc. No. 363), the CPS Defendants shall have until July 7, 2020, in which to file a notice stating whether they wish to join in the Renewed Motion. Plaintiffs shall have until July 28, 2020, in which to file a response to the Renewed Motion, and to the extent additional discovery is needed to respond effectively to any particular issue, Plaintiffs should identify that discovery with specificity in their response. If the Court agrees with Plaintiffs with regard to the need for additional discovery, summary judgment will be denied on the issue. Defendants shall have until August 4, 2020, to file any reply.

With regard to the CPS Defendants' Motions to Dismiss (Doc. Nos. 369, 374), the PSI Defendants shall have until July 7, 2020, in which to file a notice stating whether they wish to join in one or both Motions. Plaintiffs shall have until July 28, 2020, in which to file a response to the Motions, and the defendants shall have until August 4, 2020, to file any reply.

In the interest of judicial efficiency, and in order to avoid continued piecemeal litigation, the PSI Defendants and the CPS Defendants will not be permitted to file additional dispositive motions, absent extraordinary circumstances and leave of Court, should their pending dispositive motions be denied for any reason. These defendants shall have until June 30, 2020, in which to withdraw any previously-filed dispositive motion, without prejudice to refiling at the conclusion of discovery.

Accordingly, the Motion to Stay Discovery Pending Resolution of CPS Defendants' Qualified Immunity Defense (Doc. No. 370) is **GRANTED,** on the terms set out above; and the Motion for a Status Conference, or in the Alternative, Motion (1) to Stay Deadlines to Respond

---

[2] The Court finds a status conference to be unnecessary as the issues have been fully addressed in the parties' briefs.

to Dispositive Motions and (2) to Streamline Dispositive Motion Practice (Doc. No. 378), is **GRANTED** in part, and **DENIED** in part.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE