IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

Karen McNeil, et al.,

v.                                                      Case No. 1:18-cv-33

Community Probation Services, LLC, et al.,

_____

**PSI Defendants' Reply to Plaintiffs' Second Response to Their Motion for Summary Judgment**
_____

The PSI defendants' motion for summary judgment was originally filed on August 14, 2019. (Doc. Nos. 300–303). The plaintiffs filed a complete response on October 21, 2019. (Doc. Nos. 326–337). Their response included a "Counter Statement of Undisputed Material Facts." (Doc. No. 327). The PSI defendants replied on November 4, 2019 (Doc. No. 343) and also objected to the "Counter Statement of Undisputed Material Facts," very clearly explaining that a party responding to a motion for summary judgment is not allowed to file their own statement of *undisputed* facts under this Court's rules. (Doc. No. 344, p. 1). When these defendants renewed the motion for summary judgment on May 14, 2020, they simply incorporated their prior pleadings and added nothing new or different to their motion in any way. (Doc. No. 363). As such, there was no need for the plaintiffs to file an additional response, but they filed a second 56-page response anyway on July 28, 2020. (Doc. No. 388). These defendants now reply, again.

The plaintiffs' second response is entirely repetitive. It contains no new arguments or relevant facts. Its only purpose is to further the plaintiffs' clear strategy of burying this Court in mountains of paper in order to try to make the PSI Defendants' motion seem really complicated, when it is not. They also dump repetitive paper on this Court in the hopes that there will simply be too much to read, given the amount of time a Court can practically spend on one motion in one case.

As such, rather than play along and respond in kind, these defendants rely on their prior summary judgment pleadings for their reply.

Also, despite these defendants having already clearly explained that Local Rule 5.01(c) does not allow a "Counterstatement of Undisputed Facts," and that filing such was a violation of summary judgment procedure,[1] the plaintiffs' second response also contains an "Amended Counter-Statement of Undisputed Material Facts." (Doc. No. 388-2). These defendants object to that counterstatement of undisputed facts on the same grounds that they objected to the prior one. *See* PSI Defendants' Response to Plaintiffs' Counterstatement of Undisputed Facts, Doc. No. 344, p. 1. Based on this objection, these defendants will not respond to the plaintiffs' made up pleading unless the Court orders them to do so.

Along with this pleading, the plaintiffs filed 31 new exhibits, bringing the total of their exhibits in response to 127. Except for their exhibits 98, 115, and 127 (Doc. Nos. 388-6, 388-23, and 388-35), these new exhibits are all emails that *have absolutely nothing at all to do with Lucinda Brandon and Tanya Mitchell.* The plaintiffs have again filed a statement of "undisputed" "facts" simply as an excuse to file every email they fished up in discovery that could potentially make the PSI Defendants look bad, especially when taken out of context or misrepresented, despite having nothing to do with Tanya Mitchell or Lucinda Brandon.

If this Court only takes away one thing from reading this reply, let it be this: the PSI Defendants' motion only concerns the individual cases of Lucinda Brandon and Tanya Mitchell. It has nothing to do with any other probationer anywhere. Purported proof that the PSI Defendants took some action against a different person that might support a claim is not proof that there are disputed facts that would prevent summary judgment on Lucinda Brandon and Tanya Mitchell's

---

[1] Local Rule §56.01(c) only allows a nonmoving party to file a statement of *disputed* facts in response to a motion for summary judgment. The purpose of this rule is to streamline the factual issues for the Court. The plaintiffs' knowing violation of this rule serves the exact opposite purpose. It is just an excuse to file more exhibits, irrelevant as they are.

individual claims.  The PSI Defendants' motion for summary judgment must be granted because *the undisputed facts of Lucinda Brandon's case and Tanya Mitchell's case demonstrate that PSI is entitled to summary judgment on the claims brought by Lucinda Brandon and Tanya Mitchell.*

No additional discovery is going to change the fact that Tanya Mitchell was treated with respect and kindness, her fees were waived because she is poor, and that her case was dismissed on the first violation despite the fact that she had not paid supervision fees or court costs.  No additional discovery is going to change the fact that Lucinda Brandon pled guilty to her first probation violation, or the fact that she only had two extremely limited encounters with PSI after the relevant date for application of the §1983 statute of the limitations, and at that time, she had already agreed to a court ordered protocol to end her probation that PSI followed.

Respectfully Submitted,

/s/ Brandt M. McMillan
Brandt M. McMillan (BPR No. 025565)
Timothy N. O'Connor (BPR No.035276)
Tune, Entrekin, & White, P.C.
315 Deaderick St., Ste. 1700
Nashville, TN  37238-1700
p: (615) 244-2770 | f: (615) 244-2778
bmcmillan@tewlawfirm.com

**Certificate of Service**

The undersigned served this document via CM/ECF on:

Chirag Badlani
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
cbadlani@hsplegal.com

Kate E. Schwartz
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
kschwartz@hsplegal.com

Elizabeth Anne Rossi
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006

Kyle F. Mothershead
The Law Office of Kyle Mothershead
414 Union Street, Suite 900
Nashville, TN 37219

(202) 599-0953
Fax: (202) 609-8030
elizabeth@civilrightscorps.org

Eric Halperin
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953
Fax: (202) 609-8030
eric@civilrightscorps.org

Jonas Wang
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953
Fax: (202) 609-8030
jonas@civilrightscorps.org


Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
stift@barrettjohnston.com


Robyn Beale Williams
Cassandra M. Crane
Farrar & Bates
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219
(615) 254-3060
Fax: (615) 254-9835
robyn.williams@farrar-bates.com
casey.crane@farrar-bates.com

(615) 982-8002
kyle@mothersheadlaw.com

Matthew J. Piers
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
mpiers@hsplegal.com

David W. Garrison
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
dgarrison@barrettjohnston.com

Daniel H. Rader , IV
Moore, Rader, Clift & Fitzpatrick, P.C.
P O Box 3347
Cookeville, TN 38502
(931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com


John Christopher Williams
Williams Law and Mediation Group
101 S 1st Street
Pulaski, TN 38478
(931) 363-6500
Fax: (931) 363-8904
cwilliams@newsouthlaw.com

/s/ Brandt M. McMillan__
Brandt M. McMillan