IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Karen McNeil, et al., | |
| v. | Case No. 1:18-cv-33 |
| Community Probation Services, LLC, et al., | |

**PSI Defendants' Response in Opposition to Plaintiffs' Motion to Order PSI to Produce Limited Discovery in Light of Named Plaintiff Tanya Mitchell's Death**

Defendants Progressive Sentencing, Inc., PSI-Probation II, LLC, PSI-Probation, L.L.C., Tennessee Correctional Services, LLC, Timothy Cook, Markeyta Bledsoe, and Harriet Thompson (collectively, the "PSI Defendants" or "these Defendants") oppose the plaintiffs' Motion to Order PSI to Produce Limited Discovery in Light of Named Plaintiff Tanya Mitchell's Death (Doc. No. 404) as follows:

The plaintiffs' motion seeks to force these defendants to produce additional documents that would help the plaintiffs identify a new class representative to assert claims for injunctive relief against the PSI Defendants. The Court should decline to order these documents produced now for the following reasons.

First, in the interest of judicial efficiency, discovery in this case is stayed until the Court rules on the pending dispositive motions. (Doc. No. 382, Order, p. 3, stating "the Court concludes it serves the interest of judicial efficiency for the Court to stay additional discovery until the pending dispositive motions are resolved."). The PSI Defendants invested substantial time, money, and effort to present the Court with a complete motion for summary judgment on all of Tanya Mitchell's claims at the earliest possible opportunity. Their motion was first filed on August 14, 2019 (Doc. No. 301), was renewed pursuant to the Court's orders on May 14, 2020 (Doc. No. 363), and was fully briefed for the second time as of August 3, 2020 when the

PSI Defendants replied to the plaintiffs' second response. (Doc. No. 392). The PSI Defendants also have a separate dispositive motion pending regarding the mootness of Ms. Mitchell's injunctive claims which was filed on July 8, 2020. (Doc. No. 384). As such, these defendants respectfully request that the Court not alter the stay on discovery and rule on their pending motion for summary judgment prior to considering whether to order them to produce any more documents to the plaintiffs. This result would further the ends of judicial efficiency and avoid substantial prejudice to the PSI Defendants.

Moreover, there is no urgency for any additional documents to be produced because of Tanya Mitchell's death.[1] The issue of substitution of Ms. Mitchell's Estate under Rule 25 is *completely separate* from the issue of adding an entirely new plaintiff and entirely new claims to the case by purportedly amending their complaint under Rule 15. The plaintiffs do have a January 12, 2021 deadline to move to substitute the estate under Rule 25, but the only deadline for moving to amend the complaint and substitute in a new party ran more than seven months ago on April 1, 2019. (Doc. No. 229, Order, p. 3). Consequently, the plaintiffs can raise the issue of amendment and adding a new class representative any time, and there will be no harm in ruling on the dispositive motions before addressing the issue of amendment.

In any event, as explained here, Ms. Mitchell's claims for injunctive relief became moot upon her death and no new plaintiff can carry those claims forward as plaintiffs' suggest. Plaintiff Tanya Mitchell's estate cannot continue her claims for injunctive relief forward because these claims became moot for all purposes upon her death. *Beaudry v. TeleCheck Servs., Inc.*,

---

[1] Plaintiffs' counsel was aware of this on September 17, 2020. Exhibit 1, email exchange between counsel. A month later, on October 14, 2020, the PSI Defendants filed a suggestion of death because it did not appear that the plaintiffs were going to notify the court of Ms. Mitchell's death in a timely manner, in order to avoid creating a deadline for their motion to substitute. (Doc. No. 398).

No. 3:07-0842, 2016 WL 11398115, at *11 (M.D. Tenn. Sept. 29, 2016)[2] (ruling that the purported class action named-plaintiff's "claims for injunctive and declaratory relief were rendered moot for all purposes by her death," in the course of adjudicating the plaintiffs' motions to intervene and substitute following the named plaintiffs' death); *Immel v. Lumpkin*, 408 Fed. Appx. 920, 921–22 (6th Cir. 2010) (explaining that the deceased plaintiff's injunctive claims were moot because she "no longer has 'a legally cognizable interest in the outcome.'") (citing *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir.2005); *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 550 (6th Cir.2003); *Allen v. Mansour*, 928 F.2d 404, 1991 WL 37832, at *1 (6th Cir.1991) (unpublished table decision)).

In any event, by stating that they need the additional documentation to "identify a new named Plaintiff who can carry on Ms. Mitchell's injunctive claims," the plaintiffs fail to recognize that there are no claims to carry on. (Doc. No. 404, plaintiffs' motion for discovery, p. 2). The injunctive claims were extinguished by her death. If and when the plaintiffs actually do file a motion to amend, these defendants will fully brief the legal issues that arise from trying to add a new plaintiff after all applicable deadlines have passed, more than two-and-a-half years after the case was filed, and about three months before it is set for trial.

The PSI Defendants have contemplated filing an additional motion to dismiss for mootness due to Ms. Mitchell's passing, but for efficiency, decided to wait until the Court's ruling on the pending dispositive motions. If the Court's ruling is favorable to PSI, no additional motion practice will be necessary. *See Turnage v. Oldham*, No. 2016-cv-2907-SHM-tmp, 2019

---

[2] *Beaudry v. TeleCheck Servs., Inc.*, No. 3:07-0842, 2016 WL 11398115, at *11 (M.D. Tenn. Sept. 29, 2016) is a case from this Court that addresses the situation where a named plaintiff for a purported class dies prior to class certification, and the plaintiffs moved to substitute the estate for damages claims and moved to intervene on behalf of a new plaintiff who wanted to represent the class. The Court's analysis in *Beaudry* provides a good overview of the issues that arise in this situation. Notably, the Court in that case denied the plaintiffs' motion to intervene and add a new plaintiff primarily because the plaintiffs had known of the potential problems with the original named plaintiffs' claims before the death and failed to try and intervene. *Id.* at *5–10 (analyzing the factors guiding a court's decision on a properly made motion to intervene).

WL 5424425, *3 (Oct. 22, 2019) (discussing the effect a named representative's death has on injunctive claims and the need for a defendant to file a motion to dismiss for mootness).

It is also worth noting that while the estate may technically be substituted in to continue pursuit of Ms. Mitchell's damages claims, there is absolutely no point in doing so.  The Sixth Circuit has already *ruled in this case* that the plaintiffs cannot recover money damages against these defendants under § 1983 because they only sued the companies in their "official capacities," which is how they prevent the defendants from claiming qualified immunity. *See McNeil v. Cmty. Prob. Servs.*, LLC, No. 19-5660, 2020 WL 973120, *1–2 (6th Cir. Feb. 28, 2020) (explaining that the plaintiffs cannot recover money damages from the companies on their § 1983 claims, and that judicial estoppel prevents the plaintiffs from arguing otherwise).  As such, moving to substitute the estate for the damages claims is pointless and will be a knowing waste of everyone's time, effort and energy.  These defendants will oppose the plaintiffs' motion to substitute on these and other grounds.

Moreover, probationer files contain highly sensitive and confidential information (e.g., personal identification information, private health information, financial information, and complete criminal histories), and the plaintiffs have failed to adequately safeguard the thousands of files that have been turned over already because they allowed them all to be stolen by hackers. *See* Exhibit 2, Nov. 6, 2020 letter from plaintiffs' counsel notifying them that all of the information was stolen on September 13, 2020 by hackers; *see also* Doc. No. 220, Order, p. 2, ¶ 5, limiting disclosure of the confidential information to certain specified persons.   Consequently, defendants will not voluntarily provide plaintiffs with additional sensitive files unless they are ordered to do so by the Court.

Lastly, this case is currently set for trial on March 23, 2021, and entertaining the idea of substituting in a new party at this stage would be prejudicial to the PSI Defendants who are nearly ready for trial.  (Doc. No. 396, Order setting case for trial).

Based on the foregoing, these defendants respectfully request that the Court deny the plaintiffs' motion for additional discovery.

Respectfully Submitted,

/s/ Brandt M. McMillan  _____
Brandt M. McMillan (BPR No. 025565)
Timothy N. O'Connor (BPR No.035276)
Tune, Entrekin, & White, P.C.
315 Deaderick St., Ste. 1700
Nashville, TN  37238-1700
p: (615) 244-2770 | f: (615) 244-2778
bmcmillan@tewlawfirm.com

**Certificate of Service**

The undersigned served this document via CM/ECF on:

Chirag Badlani
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
cbadlani@hsplegal.com

Kate E. Schwartz
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
kschwartz@hsplegal.com

Elizabeth Anne Rossi
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953
Fax: (202) 609-8030
elizabeth@civilrightscorps.org

Kyle F. Mothershead
The Law Office of Kyle Mothershead
414 Union Street, Suite 900
Nashville, TN 37219
(615) 982-8002
kyle@mothersheadlaw.com

Eric Halperin
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953
Fax: (202) 609-8030
eric@civilrightscorps.org

Jonas Wang
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953
Fax: (202) 609-8030
jonas@civilrightscorps.org


Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
stift@barrettjohnston.com


Robyn Beale Williams
Cassandra M. Crane
Farrar & Bates
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219
(615) 254-3060
Fax: (615) 254-9835
robyn.williams@farrar-bates.com
casey.crane@farrar-bates.com

Matthew J. Piers
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
mpiers@hsplegal.com

David W. Garrison
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
dgarrison@barrettjohnston.com


Daniel H. Rader , IV
Moore, Rader, Clift & Fitzpatrick, P.C.
P O Box 3347
Cookeville, TN 38502
(931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com



John Christopher Williams
Williams Law and Mediation Group
101 S 1st Street
Pulaski, TN 38478
(931) 363-6500
Fax: (931) 363-8904
cwilliams@newsouthlaw.com

    /s/ Brandt M. McMillan\_\_
    Brandt M. McMillan