IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Karen McNeil, et al., | |
| v. | Case No. 1:18-cv-33 |
| Community Probation Services, LLC, et al., | |

**PSI Defendants' Response in Opposition to Plaintiffs' Motion to Substitute the Estate of Tanya Mitchell as Plaintiff**

Defendants Progressive Sentencing, Inc., PSI-Probation II, LLC, PSI-Probation, L.L.C., Tennessee Correctional Services, LLC, Timothy Cook, Markeyta Bledsoe, and Harriet Thompson (collectively, the "PSI Defendants" or "these Defendants") oppose the plaintiffs' Motion to Substitute the Estate of Tanya Mitchell as Plaintiff (Doc. No. 410) for the following reasons:

At the outset, the PSI defendants want to make clear that they agree that the damages claims identified by the plaintiffs in their motion to substitute survive Tanya Mitchell's death and that it is technically possible for her estate to be substituted in for those claims. There is no debate about legal survivability of those damages claims. However, the following are exceptionally good reasons why the Court should deny the motion anyway:

**1. The Court should exercise it's discretion to deny the motion so that the plaintiffs' cannot continue harassing defendants' with frivolous claims**

Before this Court reads another word of anything, these defendants respectfully request that the Court carefully review or re-review four specific pages in the record: **pages 20 through 24 of Document Number 301**, which is where the actual undisputed facts of Tanya Mitchell's

case are set out in these defendants' memorandum in support of their motion for summary judgment.[1] "Claims" arising from these facts are what we are debating right now.

The Court's decision on this motion is discretionary. Fed. R. Civ. P. 25(a)(1). The Court should not allow the plaintiffs to substitute Ms. Mitchell's estate so plaintiffs can continue harassing these defendants—and the County—with 100%-grade-A frivolous claims. There are no damages to recover. No constitutional harm befell Tanya Mitchell.

### 2. These defendants are entitled to a fair ruling on their motion for summary judgment

These defendants understand and appreciate there are a lot of issues raised in their motion for summary judgment (Doc. No. 301), they understand that the plaintiffs used their multiple responses to the motion as an excuse to dump as much paper on the Court as they possibly could, that there has been a substantial amount of other issues and appeals raised and litigated by other parties in this case causing stays and delays, and that the Covid-19 pandemic has slowed everything. However, it is fair to note that these defendants have been hoping and waiting for a ruling on their motion for summary judgment since it was first fully briefed on November 4, 2019 when these defendants filed their original reply. (Doc. No. 363). As such, these defendants respectfully request that before even taking up the issue of whether to allow Ms. Mitchell's estate to be substituted in for certain damages claims, that the Court give these defendants a fair up or down ruling on their motion for summary judgment, or at least give the parties an indication as to when the Court will be able to address the motion.

---

[1] The plaintiffs' responses to the correlating concise statements of undisputed fact are set forth on pages 18 through 27 of Document Number 328, Plaintiffs' Response to PSI Defendants' Statement of Undisputed Material Facts.

### 3. The § 1983 damages claims against PSI are moot, regardless of how the Court rules on these defendants motion for summary judgment

In the context of adjudicating co-defendant CPS's qualified immunity argument on appeal, the Sixth Circuit explained that the plaintiffs cannot recover money damages from the companies because they had only sued them in their "official" capacities, making the only viable § 1983 damages claim against the County, not PSI: "in four separate filings [Plaintiffs] have insisted that they do not seek damages from the company. Judicial estoppel would prohibit any change of heart now." *McNeil v. Cmty. Prob. Servs., LLC*, 803 F. App'x 846, 848 (6th Cir. 2020). The same analysis applies to PSI, and the law of the case doctrine prevents relitigating this issue. *See Musacchio v. U.S.*, 136 S. Ct. 709, 716 (2016) (explaining law of the case doctrine). So, the plaintiffs' are well aware that they can never recover any damages from PSI through the §1983 claims they want Ms. Mitchell's estate to carry on against these defendants. The court should not allow the substitution, and if anything, should only allow the estate to carry her §1983 claims forward against the County, not the PSI defendants.

### 4. The Court should deny the plaintiffs' motion due to their lack of candor

In their motion, plaintiffs purport to substitute Ms. Mitchell's estate for Counts 7, 11, 21, and 23 in their Second Amended Complaint, quote some caselaw, and then falsely state that "Tanya Mitchell is a named plaintiffs for four damages claims, all of which survive her death and thus warrant substitution of her estate." (Doc. No. 410, Plaintiffs' Motion to Substitute, p. 1–2). Tanya Mitchell has six damages claims pending, not four. [2]

Plaintiffs' leave out Count 2[3] because that is the RICO claim for damages they were unable to formulate a straight-faced argument for in responding to these defendants' motion for

---

[2] For a concise, one-page table of all of Tanya Mitchell's claims, the Court can reference Document Number 301-26, which was filed with their motion for summary judgment as attachment 2.

[3] Count 2 is located in the record on page 83 of the plaintiffs' Second Amended Complaint, Document Number 256.

summary judgment and so attempted to voluntarily dismiss it. (Doc. No. 326, Plaintiffs' Response, p. 31, n. 43). Clearly, the plaintiffs have abandoned this claim twice now, but, as these defendants have pointed out, it is still pending because Rule 41(a)(1)(A)(i) prevents voluntary dismissal in the face of summary judgment. Why would they not just explain that, so that these defendants and the Court do not have to go digging through the record to see which claims they are trying to substitute the estate for, and which claims they are not?

They also leave out Count 17,[4] their state-law unjust enrichment claim for damages. Either their 134-page complaint is so overblown and overdone that they themselves cannot keep track of their own claims, or they have intentionally abandoned this one as well. Interestingly, this is the only state-law damages claim that is pled solely against PSI. Is that why the plaintiffs did not include it in their motion to substitute? There is no way to know from their motion, and their refusal to be straightforward and explain what they are trying to do is another reason this Court should exercise its discretion and deny the plaintiffs' motion to substitute.

                    Respectfully Submitted,

                    /s/ Brandt M. McMillan
Brandt M. McMillan (BPR No. 025565)
Timothy N. O'Connor (BPR No.035276)
Tune, Entrekin, & White, P.C.
315 Deaderick St., Ste. 1700
Nashville, TN 37238-1700
p: (615) 244-2770 | f: (615) 244-2778
bmcmillan@tewlawfirm.com

---

[4] Count 17 is located in the record on page 119 of the Second Amended Complaint. (Doc. No. 256).

**Certificate of Service**

The undersigned served this document via CM/ECF on:

Chirag Badlani
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
cbadlani@hsplegal.com

Elizabeth Anne Rossi
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953
Fax: (202) 609-8030
elizabeth@civilrightscorps.org

Eric Halperin
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953
Fax: (202) 609-8030
eric@civilrightscorps.org

Jonas Wang
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953
Fax: (202) 609-8030
jonas@civilrightscorps.org

Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
stift@barrettjohnston.com

Kate E. Schwartz
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
kschwartz@hsplegal.com

Kyle F. Mothershead
The Law Office of Kyle Mothershead
414 Union Street, Suite 900
Nashville, TN 37219
(615) 982-8002
kyle@mothersheadlaw.com

Matthew J. Piers
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
mpiers@hsplegal.com

David W. Garrison
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
dgarrison@barrettjohnston.com

Daniel H. Rader , IV
Moore, Rader, Clift & Fitzpatrick, P.C.
P O Box 3347
Cookeville, TN 38502
(931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com

Robyn Beale Williams  
Cassandra M. Crane  
Farrar & Bates  
211 Seventh Avenue, North  
Suite 500  
Nashville, TN 37219  
(615) 254-3060  
Fax: (615) 254-9835  
robyn.williams@farrar-bates.com  
casey.crane@farrar-bates.com  

John Christopher Williams  
Williams Law and Mediation Group  
101 S 1st Street  
Pulaski, TN 38478  
(931) 363-6500  
Fax: (931) 363-8904  
cwilliams@newsouthlaw.com

        /s/ Brandt M. McMillan\_\_  
        Brandt M. McMillan