# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 1:18-cv-00033 |
| ) | |
| COMMUNITY PROBATION ) | JUDGE CAMPBELL |
| SERVICES, LLC, et al., ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are the PSI Defendants' Motion for Revision (Doc. No. 418), and Plaintiffs' Response (Doc. No. 419). Through the Motion, the PSI Defendants request the Court revise its Order of February 3, 2021 (Doc. Nos. 416, 417) granting in part and denying in part their summary judgment motion. The "revision" the defendants seek is the dismissal of Counts 7, 17, 18, 21, 22, and 23, or alternatively, all state law claims against the individual PSI Defendants.

By Order entered June 23, 2020 (Doc. No. 382), the Court granted a stay of discovery pending resolution of the parties' dispositive motions; set a schedule for briefing on the motions; and advised the parties as follows: "In the interest of judicial efficiency, and in order to avoid continued piecemeal litigation, the PSI Defendants and the CPS Defendants will not be permitted to file additional dispositive motions, absent extraordinary circumstances and leave of Court, should their pending dispositive motions be denied for any reason." (*Id.,* at 4).

Defendants' request for "revision" seeks the dismissal of claims, and is, therefore, a dispositive motion. Defendants have not identified any "extraordinary circumstances" supporting the necessity of such a motion. Nor have they otherwise met the requirements of Federal Rule of

Civil Procedure 54(b).[1] In their dispositive motion, Defendants did not clearly request the dismissal of Count 7 on the grounds now stated, and their argument for dismissal of the state law claims, asserted in Counts 17, 18, 21, 22, and 23, depends on dismissal of Count 7. Accordingly, the Motion for Revision (Doc. No. 418) is **DENIED.**

    It is so **ORDERED**.

                                                                         WILLIAM L. CAMPBELL, JR.
                                                                         UNITED STATES DISTRICT JUDGE

---

[1] The Sixth Circuit has explained that reconsideration of an interlocutory order, under Rule 54(b), is appropriate where there is "'(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018) (quoting *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)); *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed. Appx. 949, 959 (6th Cir. 2004).