MOTION DENIED as moot.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY PROBATION SERVICES, LLC; *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00033 <br><br> Judge Campbell/Magistrate Judge Frensley <br><br> JURY DEMAND |

## MOTION FOR EXTENSION OF TIME TO FILE A MOTION TO SUBSTITUTE

On September 14, 2020, named Plaintiff Tanya Mitchell unexpectedly suffered a stroke and passed away at the age of 55. Plaintiffs are preparing to move, pursuant to Rule 25(a)(1), to substitute the Administrator of Ms. Mitchell's estate as class representative for Ms. Mitchell's damages claims. A motion to substitute is currently due on January 12, 2021, which is 90 days from the date the Suggestion of Death was filed. *See* Dkt. 398 (filed October 14, 2020). Although Plaintiffs have been working diligently with Ms. Mitchell's family and *pro bono* counsel at a Nashville firm to secure Derilus Hilfort's appointment, which must occur before a motion to substitute can be filed in this case, additional time is likely required. Thus, out of an abundance of caution, Plaintiffs respectfully request that this Court extend the deadline for Plaintiffs to file a motion to substitute by two weeks, to January 26, 2021. For the reasons explained below, this additional time is likely necessary to finalize the petition that must be filed in the state court and approved before Plaintiffs can file a motion to substitute in this case. County Defendants are

unopposed to Plaintiffs' motion. PSI Defendants and CPS Defendants did not respond to counsel's email requesting their position on the motion.

Pursuant to Rule 25 and Rule 6(b), this Court has discretion to extend the 90-day period to file a motion to substitute a deceased plaintiff for good cause. *See* Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment ("The motion may not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b), as amended."); Fed. R. Civ. P. 6(b) (authorizing extension "for good cause"); *In re In re Nat'l Auto Credit, Inc. Sec. Litig.*, 1999 WL 33919791, at *21 (N.D. Ohio Oct. 12, 1999) (noting that the "court has discretion to extend the 90-day time limit motion under Fed.R.Civ.P. 6(b) for cause shown."); *see also In re Aredia & Zometa Prod. Liability Litig.*, 2013 WL 3214978, at *1 (M.D. Tenn. June 24, 2013).

Good cause exists to extend Plaintiffs' time to file a motion to substitute. Counsel for Plaintiffs began working with Tanya Mitchell's daughter, Indya Hilfort, who is also a named Plaintiff, as quickly as reasonably possible following her mother's death to resolve the state-court estate issues that must be resolved prior to filing a motion to substitute in federal court. The family decided that Tanya Mitchell's son, Derilus Hilfort, would seek appointment as the Administrator of Ms. Mitchell's estate. Mr. Hilfort is currently represented *pro bono* by attorneys from Baker, Donelson, Bearman, Caldwell & Berkowitz P.C., who are helping him navigate the process of seeking appointment as Administrator. Mr. Hilfort has obtained signed, notarized waivers of bond, inventory, and accountings from himself and Ms. Mitchell's other two children. Mr. Hilfort and his counsel are currently attempting to obtain a signed, notarized waiver from Ms. Mitchell's estranged husband. If such a waiver cannot be obtained, Mr. Hilfort will post a bond as required by state law. The time required either to obtain Ms. Mitchell's husband's signature or to post a

bond will likely cause Mr. Hilfort to file his petition in state court after January 12, which would also delay Plaintiffs' filing of a motion to substitute.

Plaintiffs anticipate that Mr. Hilfort and his attorneys will be able to file the required documents in state court and secure approval of his petition before January 26, 2021, and have been advised by Mr. Hilfort's attorneys that the state court is likely to appoint him Administrator of his mother's estate on the same day he files the paperwork. Until an administrator of Ms. Mitchell's estate is appointed, Plaintiffs cannot file a motion to substitute.[1] Accordingly, Plaintiffs request that this Court extend the period of time for Plaintiffs to file their motion to substitute by two weeks, to allow sufficient time for Mr. Hilfort to petition to become administrator of Tanya Mitchell's estate so that he may litigate his mother's surviving damages claims.

For the foregoing reasons, this Court should extend the time for Plaintiffs to file a motion to substitute Ms. Mitchell's estate as a party to her surviving damages claims until January 26.

Dated:  January 5, 2021                     Respectfully Submitted,

                                            /s/ *Elizabeth Rossi*                .

Elizabeth Rossi (*pro hac vice*)            Matthew J. Piers (*pro hac vice*)
Laura Gaztambide Arandes (*pro hac vice*)   Chirag G. Badlani (*pro hac vice*)
Eric Halperin (*pro hac vice*)              Kate E. Schwartz (*pro hac vice*)
Alexandria Twinem (*pro hac vice*)          HUGHES, SOCOL, PIERS, RESNICK &
CIVIL RIGHTS CORPS                          DYM, LTD.
1601 Connecticut Ave. NW, Suite 800         70 W. Madison St., Suite 4000
Washington, DC 20009                        Chicago, IL 60602
Telephone: (202) 844-4975                   Telephone: (312) 580-0100
Facsimile: (202) 609-8030                   Facsimile: (312) 580-1994
elizabeth@civilrightscorps.org              mpiers@hsplegal.com
laura@civilrightscorps.org                  cbadlani@hsplegal.com

---

[1] Under Tennessee law, in some circumstances, an heir may be able to revive a deceased person's claims without becoming the administrator of the person's estate. However, that alternative path to substitution is available only when no one is willing to become an administrator of the estate. *See* Tenn. Code § 20-5-104. Because Mr. Hilfort is willing to be the administrator, Plaintiffs must wait until he is appointed to file a motion to substitute.

eric@civilrightscorps.org
alexandria@civilrightscorps.org

David W. Garrison, BPR 24968
Scott P. Tift, BPR 27592
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Philips Plaza
414 Union St., Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com

kschwartz@hsplegal.com

Kyle Mothershead, BPR 22953
The Law Office of Kyle Mothershead
414 Union St., Suite 900
Nashville, TN 37219
Telephone: (615) 982-8002
Facsimile: (615) 229-6387
kyle@mothersheadlaw.com

# CERTIFICATE OF SERVICE

I certify that on January 5, 2021, I electronically filed the foregoing using the CM-ECF System, which caused notice to be sent to all counsel of record who are registered with the CM/ECF system, including the following Counsel for Defendants:

Daniel H. Rader, IV
Moore, Rader, Clift & Fitzpatrick, P.C.
P O Box 3347
Cookeville, TN 38502
(931) 526-3311
Fax: (931) 526-3092
Email: danny@moorerader.com

Brandt M. McMillan
Tune, Entrekin & White, P.C.
315 Deaderick Street
Suite 1700
Nashville, TN 37238
(615) 244-2770
Email: bmcmillan@tewlawfirm.com

Timothy N. O'Connor
Tune, Entrekin, & White, P.C.
315 Deaderick St., Ste. 1700
Nashville, TN 37238-1700
p: (615) 244-2770
Email: toconnor@tewlawfirm.com

Robyn Beale Williams
Farrar & Bates, LLP
12 Cadillac Drive
Suite 480
Brentwood, TN 37027-5366
(615) 254-3060
Fax: (615) 254-9835
Email: robyn.williams@farrar-bates.com

Cassandra M. Crane
Farrar & Bates, LLP
12 Cadillac Drive
Suite 480
Brentwood, TN 37027-5366
615-254-3060
Fax: 615-254-9835
Email: casey.crane@farrar-bates.com

Lucy D. Henson
Lucy D. Henson, PLLC
118 S Second Street
P.O. Box 333
Pulaski, TN 38478
(931) 424-8713
Fax: (931) 424-8715
Email: henson@midsouthlaw.com

*s/ Elizabeth Rossi*