UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE - COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, LESLEY JOHNSON, TANYA MITCHELL, INDYA HILFORT, and LUCINDA BRANDON, On behalf of themselves and all others similarly situated, <br><br> Plaintiffs <br><br> VERSUS <br><br> COMMUNITY PROBATION SERVICES, LLC; COMMUNITY PROBATION SERVICES, L.L.C.; COMMUNITY PROBATION SERVICES; PROGRESSIVE SENTENCING, INC.; PSI-PROBATION II, LLC; PSI-PROBATION, L.L.C.; TENNESSEE CORRECTIONAL SERVICES, LLC; TIMOTHY COOK; GILES COUNTY, TENNESSEE; PATRICIA MCNAIR; MARKEYTA BLEDSOE; HARRIET THOMPSON; SHERIFF KYLE HELTON, <br><br> Defendants | CASE NO.: 1:18-cv-00033 <br><br> JUDGES CAMPBELL/FRENSLEY <br><br> JURY DEMAND |

## **RESPONSE TO PLAINTIFFS' MOTION TO VACATE TRIAL ORDER LIFTING STAY AND ENTER SCHEDULING ORDER**

Come now the CPS Defendants and Patricia McNair, and in response to Plaintiff's Motion (Docket Entry 424), would state that they agree that the case cannot reasonably be ready for trial on March 23, 2021. In addition, upon the entry of a new Scheduling Order, the CPS Defendants agree that the discovery stay can be lifted.

Plaintiffs' proposed Scheduling Order, however, is unacceptable and unreasonable and the Court should decline to enter Plaintiffs' Scheduling Order. There are several

1

fundamental problems with Plaintiffs' Scheduling Order. Most notably, the Plaintiffs have not given any time for dispositive motions, at all, citing this Court's Order at Docket No. 382. As the Court recalls well, that Order applies only to the CPS Defendants and the PSI Defendants, but does not apply to the Giles County defendant. It is certainly reasonable to imagine that Giles County might want to file a dispositive motion in this case. And it is also reasonable to expect that Giles County's dispositive motion may have bearing on the claims against these CPS Defendants as well as the PSI Defendants. Thus, the failure to provide for a dispositive motion for the Giles County Defendant who is not limited by the Court's Order at Docket No. 382, is a back door attempt to try and foreclose that Defendant's right to submit a dispositive motion, which may affect the case as a whole.

Moreover, as the Court is well aware, the Court did not foreclose the possibility of a dispositive motion by these Defendants outright, it simply noted that extraordinary circumstances would be required to obtain leave of Court. In all fairness, this case has been extraordinary at every level, and while these Defendants certainly take the Court's direction quite seriously, these Defendants and the Court can also reasonably foresee the possibility that extraordinary circumstances may warrant seeking leave of Court for that purpose. As a result, the schedule should include a period of time for dispositive motions; both for the Co-Defendant County who is not limited by the Court's Order, and in the event extraordinary circumstances justify these Defendants submitting an additional dispositive motion of their own. The Plaintiffs are attempting to prevent any of that from occurring through the imposition of a schedule, rather than on the merits.

In addition, the Plaintiffs' Scheduling Order is improper, because the Plaintiffs seek an additional seven month delay in filing for class certification, with a briefing timeline that only resolves the class certification barely a month before trial. This leaves no time for notices under Fed. R. Civ. P. 23. Plaintiffs' further delay pursuing class certification demonstrates that they have not pursued class certification with reasonable diligence. See E.g., *Brunet v. City of Columbia,* 1 F.3d 390 (6th Cir. 1993). Plaintiffs should be compelled to immediately file for class certification, if they intend to do so at all. Furthermore, Plaintiffs seek some two and a half months after the issuance of a Scheduling Order to substitute and install a brand new Plaintiff in this three year old case. Previously, Plaintiffs sought only a three week extension to substitute the party (see Docket Entry 408, proposing a deadline of January 26th.) Plaintiffs have offered no reason or explanation that this case should be inextricably delayed to substitute a new Plaintiff for two and a half months instead of the three weeks they previously proposed.

The Court should instead adopt the following schedule:

- 21 days after the issuance of the Scheduling Order: deadline to file a Motion to Amend to substitute the Personal Representative of Plaintiff Tanya Mitchell (if allowed at all)

- 30 days after the issuance of the Scheduling Order: Plaintiffs' deadline to file Class Certification Motion

- 60 days after the issuance of the Scheduling Order: Defendants' deadline to file response to Class Certification Motion

- 60 days after the issuance of the Scheduling Order deadline to serve written discovery between all Plaintiffs and all Defendants

- 75 days after the issuance of the Scheduling Order: Plaintiffs' deadline to file a reply in support of Class Certification Motion

3

- 180 days after the issuance of the Scheduling Order: deadline to complete written discovery, third party discovery, and depositions of fact witnesses

- 195 days after the issuance of the Scheduling Order: Plaintiffs' deadline to disclose expert witnesses and reports

- 225 days after the issuance of the Scheduling Order: Defendant's deadline to disclose expert witnesses and reports

- 255 days after the issuance of the Scheduling Order: deadline for expert depositions

- 270 days after the issuance of the Scheduling Order: Dispositive Motion Deadline

- 420 days after the issuance of the Scheduling Order: trial date

The Court should enter this Scheduling Order and reject Plaintiffs' Scheduling Order, in order to bring this case to a reasonable conclusion providing for a resolution of this case.

The Court should further refer this case to the Magistrate Judge to place further limitations on discovery in light of the Court's decisions on the dispositive motions. Because of the dismissal of the RICO claims, the statute of limitations for all remaining claims is substantially shorter, and discovery should be constrained accordingly. The Court should refer this matter to the Magistrate Judge for further limitations on discovery.

4

Case 1:18-cv-00033 Document 427 Filed 03/09/21 Page 4 of 7 PageID #: 12146

Respectfully submitted,

MOORE, RADER,
FITZPATRICK AND YORK, P. C.

By /s/ Daniel H. Rader IV, BPR 025998
    DANIEL H. RADER IV
    ANDRÉ S. GREPPIN
    Attorneys for Defendants,
    Community Probation Services,
    LLC; and Patricia McNair
    P. O. Box 3347
    Cookeville, TN 38502
    (931-526-3311)
    B.P.R.No. 025998
    B.P.R.No. 036706

## CERTIFICATE OF SERVICE

The undersigned attorney herby certifies that on August 27th, 2019, a true and exact copy of the foregoing pleading was filed electronically. Notice of this filing was sent by operation of the Courts electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties my access the filing through the Court's electronic filing system.

Mr. Chirag G. Badlani
Ms. Kate E. Schwartz
Mr. Matthew J. Piers
Hughes, Socol, Piers, Resnick & Dym Ltd.
70 W Madison Street
Suite 4000
Chicago, IL 60602

Ms. Elizabeth Anne Rossi
Mr. Eric Halperin
Ms. Alexandria Twinem
Ms. Laura Gaztambide Arandes
Civil Rights Corps
1601 Connecticut Ave. NW
Eighth Floor
Washington, DC 20009

5

Mr. Kyle F. Mothershead
The Law office of Kyle Mothershead
414 Union Street
Suite 900
Nashville, TN 37219

Mr. David W. Garrison
Mr. Scott P. Tift
Barrett, Johnson, Martin & Garrison, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219

Mr. Brandt M. McMillan
Mr. Timothy Neil O'Connor
Tune, Entrekin & White, P.C.
315 Deadrick Street
Suite 1700
Nashville, TN 37238
Ms. Cassandra M. Crane
Ms. Robyn Beale Williams
Farrar & Bates
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219

Mr. John Christopher Williams
Williams Law and Mediation Group
101 S 1st Street
Pulaski, TN 38478

Ms. Lucy D. Henson
Lucy D. Henson, PLLC
118 S Second Street
P.O. Box 333
Pulaski, TN 38478

with sufficient postage thereupon to carry same to its destinations.

    This the 9th day of March, 2021.

MOORE, RADER,
FITZPATRICK AND YORK, P. C.

By /s/ Daniel H. Rader IV BPR 025998
    DANIEL H. RADER IV
    ANDRÉ S. GREPPIN
    Attorneys for Defendants,
    Community Probation Services,
    LLC; and Patricia McNair
    P. O. Box 3347
    Cookeville, TN 38502
    (931-526-3311)
    B.P.R.No. 025998
    B.P.R.No. 036706