IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Karen McNeil, et al., | |
| v. | Case No. 1:18-cv-33 |
| Community Probation Services, LLC, et al., | |

**PSI Defendants' Brief In Response to Court's March 3, 2021 Order (Doc. No. 423)**

Defendants Progressive Sentencing, Inc., PSI-Probation II, LLC, PSI-Probation, L.L.C., Tennessee Correctional Services, LLC, Timothy Cook, Markeyta Bledsoe, and Harriet Thompson (collectively, the "PSI Defendants" or "these Defendants") state the following as directed by the Court in its March 3, 2021 Order (Doc. No. 423):

Following the Court's February 3, 2021 Order (Doc. No. 417) granting in part and denying in part the PSI Defendants' motion for summary judgment, on March 3, 2021, the Court ordered these defendants to submit a supplemental brief explaining how the prior summary judgment order affects the parties' positions on two then pending motions: (1) the plaintiffs' motion for additional discovery (Doc. No. 404); and (2) the plaintiffs' motion to substitute the estate of Tanya Mitchell for specific damages claims (Doc. No. 410). (Doc. No. 423, 3/3/2021 Order).

1. **The motion for discovery was subsequently held moot**

After the Court ordered the parties to brief the plaintiffs' motion for discovery (Doc. No. 404) in light of the Court's summary judgment Order, on March 10, 2021, the Court entered another Order (Doc. No. 428) referring discovery and scheduling issues to the magistrate. (Doc. No. 428, 3/10/2021 Order). In that subsequent Order, the Court found that the plaintiffs' motion

for discovery was now moot in light of the referral to the magistrate. (*Id*. at p. 2). Consequently, these defendants will address the issues raised by that motion with the magistrate as directed.

> 2. **The Court should deny the motion to substitute Ms. Mitchel's estate against PSI in Count 7 for consistency and judicial economy**

These defendants' position on the plaintiffs' pending motion to substitute is unchanged by Court's ruling on their motion for summary judgment. In ruling on the PSI Defendants' motion for summary judgment, the Court dismissed all federal claims against PSI except for Counts 7 and 8, the plaintiffs' § 1983 Due Process claims for damages and injunctive relief respectively. The plaintiffs accept that Ms. Mitchell's § 1983 claim for injunctive relief (Count 8) became moot upon her death, and therefore have only attempted to substitute her estate for Count 7, the § 1983 Due Process claim for damages. (Doc. No. 410, Motion to Substitute).

As a result, the only potentially remaining federal claim for substitution against PSI is Count 7, the § 1983 Due Process claim for damages.[1] This is important because the Court dismissed this identical claim (Count 5) against co-defendants CPS in ruling on CPS's dispositive motions. (Doc. No. 414, Memorandum Order, p. 30–31). In their unsuccessful motion to revise, the PSI defendants explained why the Court's reasoning as to CPS on Count 5 was equally applicable to PSI on Count 7:

> In its memorandum supporting the Order on CPS's motions (Doc. No. 414), the Court dismissed Count 5 against CPS because the law of the case (as announced by the Sixth Circuit in CPS's appeal) prevents plaintiffs from recovering against CPS on that claim because plaintiffs' only sued CPS in its official capacity, and also in order to avoid confusion given the large number of claims and parties. (Doc. No. 414, Order, p. 30–31). Like CPS, the Plaintiffs only sued the PSI defendants in their

---

[1] In their motion to revise (Doc. No. 418), these defendants explained that Count 7 is only against the company—*not any of the individual PSI Defendants*. Therefore, there are no longer any federal claims against Markeyta Bledsoe, Harriet Thompson, and Tim Cook, the individual PSI defendants. However, in denying these defendants' motion to revise, the Court stated that these defendants' argument for dismissal of the state law claims depends on the dismissal of Count 7, and because the Court did not dismiss Count 7, it also declined to dismiss any of the state law claims against the individual PSI defendants. However, Count 7 is only against the company, *see* Doc. No. 256, Second Amended Complaint, p. 104, and does not pertain to the individuals. Therefore, since these defendants are not permitted to file any more dispositive motions, they are explaining here again that there are no longer any federal claims against the individual PSI defendants, hoping the Court might revisit this issue and reconsider whether to maintain jurisdiction over the individual PSI defendants, against whom only state law claims remain.

> official capacity for their due process claim for damages (Count 7)—the pleading of Count 7 against PSI is identical to the same claim, Count 5, raised against CPS. (Doc. No. 256, p. 99-100, 104-105.) Accordingly, the PSI Defendants respectfully request the Court revise its ruling regarding Count 7 to be consistent with the dismissal of the Plaintiffs' identical claim against CPS (Count 5) and the Sixth Circuit ruling that the Plaintiffs may not seek money damages against non-County defendants where sued in their official capacity.

(Doc. No. 418, PSI Defendants' Motion for Revision, p. 2). However, even before the motion to revise, these defendants had raised this same argument in their original response to the plaintiffs' motion for substitution:

> **3. The § 1983 damages claims against PSI are moot, regardless of how the Court rules on these defendants motion for summary judgment**
>
> In the context of adjudicating co-defendant CPS's qualified immunity argument on appeal, the Sixth Circuit explained that the plaintiffs cannot recover money damages from the companies because they had only sued them in their "official" capacities, making the only viable § 1983 damages claim against the County, not PSI: "in four separate filings [Plaintiffs] have insisted that they do not seek damages from the company. Judicial estoppel would prohibit any change of heart now." *McNeil v. Cmty. Prob. Servs., LLC*, 803 F. App'x 846, 848 (6th Cir. 2020). The same analysis applies to PSI, and the law of the case doctrine prevents relitigating this issue. *See Musacchio v. U.S.*, 136 S. Ct. 709, 716 (2016) (explaining law of the case doctrine). So, the plaintiffs' are well aware that they can never recover any damages from PSI through the §1983 claims they want Ms. Mitchell's estate to carry on against these defendants. The court should not allow the substitution, and if anything, should only allow the estate to carry her §1983 claims forward against the County, not the PSI defendants.

(Doc. No. 412, PSI Defendants Response to Motion for Substitution, p. 3, ¶ 3).

The PSI defendants respectfully request that the Court revisit these arguments in their current context. Plaintiff Tanya Mitchell's motion for substitution as to Count 7 against PSI should be denied because Ms. Mitchell's estate cannot—*as a matter of law*—recover anything through that claim from PSI. This reality is not disputed by the plaintiffs. So, the question becomes: why would the Court allow the estate to substitute for Ms. Mitchell against PSI in Count 7? Truly, there is no practical or just purpose to do so. Consequently, these defendants

ask that the Court treat PSI consistently with CPS and not allow the substitution as to Count 7 against PSI. The PSI Defendants do not argue against the substitution as it pertains to the County, also named in Count 7.

Further, the Court should then deny the substitution of the estate for Ms. Mitchell against the PSI defendants in Counts 17, 21, and 23 because the estate would no longer have any federal claims against any of the PSI Defendants and there is no compelling reason to continue exercising supplemental jurisdiction under the circumstances.

Respectfully Submitted,

/s/ Brandt M. McMillan
Brandt M. McMillan (BPR No. 025565)
Timothy N. O'Connor (BPR No.035276)
Tune, Entrekin, & White, P.C.
315 Deaderick St., Ste. 1700
Nashville, TN 37238-1700
p: (615) 244-2770 | f: (615) 244-2778
bmcmillan@tewlawfirm.com

**Certificate of Service**

The undersigned served this document via CM/ECF on:

| | |
|---|---|
| Chirag Badlani | Kate E. Schwartz |
| Hughes, Socol, Piers, Resnick & Dym, Ltd. | Hughes, Socol, Piers, Resnick & Dym, Ltd. |
| 70 W. Madison Street, Suite 4000 | 70 W Madison Street, Suite 4000 |
| Chicago, IL 60602 | Chicago, IL 60602 |
| (312) 580-0100 | (312) 580-0100 |
| Fax: (312) 580-1994 | Fax: (312) 580-1994 |
| cbadlani@hsplegal.com | kschwartz@hsplegal.com |
| | |
| Elizabeth Anne Rossi | Kyle F. Mothershead |
| Civil Rights Corps | The Law Office of Kyle Mothershead |
| 910 17th Street NW, Suite 500 | 414 Union Street, Suite 900 |
| Washington, DC 20006 | Nashville, TN 37219 |
| (202) 599-0953 | (615) 982-8002 |
| Fax: (202) 609-8030 | kyle@mothersheadlaw.com |

elizabeth@civilrightscorps.org

| | |
|---|---|
| Eric Halperin<br>Civil Rights Corps<br>910 17th Street NW, Suite 500<br>Washington, DC 20006<br>(202) 599-0953<br>Fax: (202) 609-8030<br>eric@civilrightscorps.org | Matthew J. Piers<br>Hughes, Socol, Piers, Resnick & Dym, Ltd.<br>70 W Madison Street, Suite 4000<br>Chicago, IL 60602<br>(312) 580-0100<br>Fax: (312) 580-1994<br>mpiers@hsplegal.com |
| Jonas Wang<br>Civil Rights Corps<br>910 17th Street NW, Suite 500<br>Washington, DC 20006<br>(202) 599-0953<br>Fax: (202) 609-8030<br>jonas@civilrightscorps.org | David W. Garrison<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>(615) 244-2202<br>Fax: (615) 252-3798<br>dgarrison@barrettjohnston.com |
| Scott P. Tift<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>(615) 244-2202<br>Fax: (615) 252-3798<br>stift@barrettjohnston.com | Daniel H. Rader , IV<br>Moore, Rader, Clift & Fitzpatrick, P.C.<br>P O Box 3347<br>Cookeville, TN 38502<br>(931) 526-3311<br>Fax: (931) 526-3092<br>danny@moorerader.com |
| Robyn Beale Williams<br>Cassandra M. Crane<br>Farrar & Bates<br>211 Seventh Avenue, North<br>Suite 500<br>Nashville, TN 37219<br>(615) 254-3060<br>Fax: (615) 254-9835<br>robyn.williams@farrar-bates.com<br>casey.crane@farrar-bates.com | John Christopher Williams<br>Williams Law and Mediation Group<br>101 S 1st Street<br>Pulaski, TN 38478<br>(931) 363-6500<br>Fax: (931) 363-8904<br>cwilliams@newsouthlaw.com |

    /s/ Brandt M. McMillan__
    Brandt M. McMillan