IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEILL, ET AL )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>COMMUNITY PROBATION )<br>SERVICES LLC. ET AL. )<br>    Defendants. ) | Case No. 1:18-cv-00033<br> Judge Campbell/ Frensley<br>Jury Demand |

## ORDER

Pending before the Court is a Motion to Substitute the Estate of Tanya Mitchell as Plaintiff. Docket No. 410. The PSI Defendants have filed a Response in Opposition to the Motion. Docket No. 412. Plaintiffs have filed a Reply. Docket No. 413. Following the Court's ruling on the PSI Defendants' Motion for Summary Judgment, the Court ordered the Parties to submit supplemental briefing explaining how the summary judgment order impacts the instant motion. The Parties filed those briefs as required on March 12, 2021. Docket Nos. 430, 431. For the reasons set forth herein, the Plaintiffs' Motion is GRANTED.

## BACKGROUND

On September 14, 2020, Plaintiff Tanya Mitchell died unexpectedly following a stroke. Docket No. 410. A suggestion of death upon the record was filed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure on October 14, 2020. Docket No. 398. Plaintiff's son was appointed administrator of her estate for purposes of pursuing this action by the Chancery Court of Giles County on January 12, 2021. *Id.*, 410-1.

The instant motion to substitute the estate of Tanya Mitchell as Plaintiff was timely filed within 90 days of the suggestion of death. The Court delayed ruling on the instant motion in light of the PSI Defendants' pending Motion for Summary Judgment. That motion has now been

resolved. Docket No. 417.

## LAW AND ANALYSIS

Rule 25(a)(1) of the Fed. R. Civ P. governs requests for substitution and provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Federal Rules of Civil Procedure 25(a)(1).[1]

The decision to substitute a party lies within the sound discretion of the Court. *In re: Baycol Products Litg.*, 616 F. 3d 778, 783 (8th Cir. 2010). Whether the death of a party extinguishes a claim is a substantive question that state law ordinarily governs. *Huggard v. United Performance Metals, Inc.*, 2011 WL 6817770, at *1 (S. D. Ohio December 28, 2011)(citations omitted). In Tennessee, a decedent's personal injury suit may be revived by the administrator of the decedent's estate and prosecuted in the administrator's name for the benefit of the estate. *See* T. C. A. §20-5-104.

The Plaintiff's motion asks to substitute the estate of Tanya Mitchell for Ms. Mitchell and as class representative for Counts 7, 11, 17, 21, and 23. Docket No. 430. The Court granted in part and denied in part the PSI Defendants' Renewed Motion for Summary Judgment allowing Counts 7, 8, 17, 18, 21, 22, and 23 to proceed. Docket No. 417. Thus, the effect of the ruling on summary judgment was to limit the numb er of claims against the PSI Defendants. *Id.*

In support of her motion, Plaintiff asserts that Tanya Mitchell's § 1983 claims for damages in counts 7 and 11 survive her death and can be litigated by her estate. Docket No. 410, pp. 2-3.

---

[1] Plaintiff's motion is timely under Rule 25(a)(1) having been filed within 90 days of the Notice of Suggestion of Death. Docket No. 410.

2

Plaintiffs further argue that her state law claims in counts 21 and 23 likewise survive her death and are properly litigated by her estate. *Id.* at pp. 40-5.

The PSI Defendants argue that the §1983 damages claims in count 7 are moot based on the Court's previous dismissal of an identical claim (count 5) against co-Defendant CPS. Docket No. 431, pp. 2-4. They further argue that the substitution of the estate as to the state law claims should be denied because of the absence of any federal claims against any of the PSI Defendants with no compelling reasons to exercise supplemental jurisdiction over any state law claims under the circumstances. *Id.*

Tennessee law applies to Plaintiff's §1983. Those claims are "best characterized as personal injury actions" when determining whether they survive a Plaintiff's death under the forum state's law. *Crabbs v. Scott,* 880 F. 3d 292, 295 (6th Cir. 2018). "Claims for personal injuries survive" a Plaintiff's death in Tennessee. *Estate of Sanders v. Jones*, 362 F. Supp. 3d 463, 466 (W. D. Tenn. 2019)(q*uoting Can Do, Inc. Pension and Profit Sharing Plan and Successor Plans v. Manier, Herod, Hollabaugh & Smith,* 922 S. W. 2d 865, 867 (Tenn. 1996)). The survivorship law of the forum state also determines whether claim brought under state common law survives Plaintiff's death. *Turnage v. Oldham,* 2019 WL 5424425, at *2 (W. D. Tenn. October 22, 2019)(citations omitted). PSI Defendants do not argue that the state law claims do not survive Plaintiff's death, only that the Court should decline to exercise jurisdiction over them after denying the motion to substitute as to the §1983 claim. Docket No. 431, p. 4.

Based on the Court's ruling on the PSI Defendants' Motion for Summary Judgment, Plaintiff's §1983 claim (count 7) will go forward. Docket No. 417. The Court has denied the Defendants' "Motion for Revision" as to whether that count will proceed. Docket No. 420. In light of those rulings and for the reason set forth herein, substitution on the remaining claims against

the PSI Defendants and the claims against the county Defendants is appropriate. Therefore, the Motion to Substitute the estate of Tanya Mitchell as Plaintiff (Docket No. 410) is GRANTED.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**