IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY PROBATION SERVICES, LLC; *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00033 <br><br> Judge Campbell/Magistrate Judge Frensley <br><br><br> JURY DEMAND |

## **MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

In light of the unexpected death of named Plaintiff Tanya Mitchell in September 2020, Plaintiffs seek leave to file an amended complaint that replaces Ms. Mitchell as class representative with previously unnamed class member Victor Gray. Mr. Gray also brings damages claims against PSI Defendants and Giles County on behalf of himself and all similarly situated individuals. At the time she died, Ms. Mitchell was the sole named plaintiff seeking to represent a class of individuals with claims for equitable relief against Giles County and PSI Defendants for violations of their constitutional rights and rights under state law. If Plaintiffs' motion is denied, this equitable class will no longer be represented in this suit and will either lose their day in court or be forced to file a new, separate lawsuit. Either result would be plainly unjust and would result in the unnecessary expenditure of resources by the parties and the judiciary. Consequently, Plaintiffs should be allowed to take the commonplace step of amending their Complaint to substitute a new

1

putative class representative for a previous putative class representative who is no longer able to litigate the class's claims.[1]

## FACTS

Plaintiffs filed this case in April 2018 seeking damages and equitable relief for violations of their constitutional rights, federal statutory law, and state law. Dkt. 1. Plaintiffs have continued to vigorously litigate the case since filing, although discovery has been largely stayed since April 2019, when CPS Defendants filed their first dispositive motion raising qualified immunity as to Plaintiffs' constitutional claims. *See* Memorandum Opinion, Dkt. No. 414, at 16–17 (recounting some of the long history of this case).

On September 14, 2020, while discovery was stayed pending resolution of several dispositive motions filed by PSI and CPS, named Plaintiff Tanya Mitchell suffered a stroke and passed away at the age of 55. Plaintiffs' counsel began the process of contacting Ms. Mitchell's family to substitute her estate on her damages claims[2] and searching for a new named plaintiff to replace Ms. Mitchell as class representative on her claims for equitable relief. However, due to the discovery stay and the ongoing COVID-19 pandemic, Plaintiffs' counsel could not pursue traditional investigative means to identify a new class representative. Counsel has faced significant difficulties in contacting and meeting with class members. As a result, Plaintiffs sought limited discovery from PSI Defendants—specifically, an updated list of people currently supervised on

---

[1] Shortly before filing, Plaintiffs' counsel reached out to defense counsel to alert them to this filing in accordance with the Local Rules. The County Defendants indicated they would not be able to state their position prior to filing. Plaintiffs presume PSI is opposed given that they have objected to Plaintiffs' right to continue their constitutional claims against PSI in recent filings. *See, e.g.*, Dkt. No. 405 at 3; Dkt. No. 418 at 3. Plaintiffs did not hear from CPS prior to filing.
[2] Plaintiffs filed a motion to substitute Ms. Mitchell's estate as class representative for her damages claims on January 13, 2021. Dkt. No. 410; Dkt. No. 413. That motion was just granted. Dkt. No. 432.

probation by PSI—that would allow counsel to efficiently identify individuals likely to be in a position to serve as a named Plaintiff. When PSI Defendants refused to provide the list, Plaintiffs filed a motion asking the Court to order production. Dkt. No. 404. PSI Defendants opposed the motion and asked this Court to decline to order them to produce any further documents until after the Court had ruled on their dispositive motions, Opposition to Motion for Discovery, Dkt. No. 405, at 2, which has now occurred. That motion was denied as moot in light of the Court's order reopening discovery.

On February 3, 2021, this Court issued two decisions, granting in part and denying in part Defendants' dispositive motions. Dkt. Nos. 414, 415, 416, 417. Despite the investigative limitations resulting from COVID-19, Plaintiffs have been able to identify a previously unnamed putative class member, Victor Gray, who is currently on supervised probation in Giles County with PSI Defendants and who seeks to serve as a named plaintiff in this action. Accordingly, Plaintiffs file the present motion seeking leave to file a Third Amended Complaint that replaces Ms. Mitchell with Mr. Gray as a named plaintiff who can represent the class of individuals seeking equitable relief against the County and PSI Defendants.[3] Mr. Gray also brings damages claims against PSI Defendants and Giles County. A draft of the Third Amended Complaint is attached as Exhibit A; a draft that reflects the changes between the Second Amended Complaint and the Third Amended Complaint is attached as Exhibit B.

---

[3] In addition to adding Mr. Gray's facts to the Complaint, the proposed Third Amended Complaint has been updated to reflect the parties and claims that remain after the recent briefing and ruling on dispositive motions. *See* Dkt. Nos. 414–17. Otherwise, the Third Amended Complaint reflect the facts known to Plaintiffs on information and belief at the time the First Amended Complaint was filed on July 13, 2018.

## LEGAL ARGUMENT

A motion to add or substitute a plaintiff, including when a previous named plaintiff becomes unable to continue litigating, is governed by Federal Rules of Civil Procedure 15 and 21. *Cosby v. KPMG, LLP*, 2020 WL 3529659, at *2 (E.D. Tenn. June 29, 2020); *Thorn v. Bob Evans Farms, LLC*, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013). Rule 15 allows for the addition of a named plaintiff either with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). And Rule 21 allows a court "at any time, on just terms, [to] add or drop a party." Fed. R. Civ. P. 21. Both rules are governed by "a liberal standard," *Cosby*, 2020 WL 3529659, at *3; *Demings v. Nationwide Life Ins. Co.*, 593 F.3d 486, 490 (6th Cir. 2010) (O'Connor, J.), and Rule 15 specifically instructs that "[t]he court should feely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). Indeed, courts in the Sixth Circuit have concluded that a court should deny a motion to amend only in extreme circumstances, such as the moving party's "undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, and futility of the amendment." *Cosby*, 2020 WL 3529659, at *3; *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). No such circumstance exists here.

Justice requires that Plaintiffs be allowed to amend their Complaint under the present circumstances. This case was filed almost three years ago, and the subclass of individuals with claims for equitable relief against the County and PSI Defendants should not be denied relief, or required to start over by filing a new case, because of the unforeseeable death of their putative class representative following multiple, lengthy discovery stays caused by Defendants. During this litigation, Plaintiffs pursued preliminary injunctive relief on Count 15 (challenging pre-hearing detention due to inability to pay secured money bail on violation-of-probation warrants), and have vigorously opposed multiple rounds of dispositive motions, two interlocutory appeals to the Sixth

Circuit, and the completion of paper discovery with two of the three groups of Defendants. Both this Court and the Sixth Circuit have ruled on the substance of many of Plaintiffs' claims and Defendants' defenses. And this Court recently held that the companies' business model—through which they earn 100% of their profit from the people they supervise on probation—violates the Constitution.

Given the stage of proceedings it would be unjust for the class of individuals seeking equitable relief against PSI to be forced out of the lawsuit. Indeed, "[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (collecting cases); *see also In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (allowing substitution of unnamed class members as party representatives pursuant to Rule 23); *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 616 (7th Cir. 2020) (affirming district court's order granting leave to amend to add additional named plaintiff in class action, finding that plaintiffs "sought only to rearrange the seating chart within a single, ongoing action" and that "[t]he new representative may be able to help resolve or avoid problems with another class representative"). The need to avoid prejudice to absent class members applies here: allowing Victor Gray to become a named plaintiff in Tanya Mitchell's stead is necessary to vindicate the rights of the sizable class of individuals who seek injunctive relief against the County and PSI Defendants, which class was vigorously represented by Ms. Mitchell until her untimely and sudden passing.

Furthermore, Plaintiffs are not guilty of any bad faith, undue delay, or any other improper motive, and allowing amendment would not result in undue prejudice to any party. As this Court recently observed, Plaintiffs have not been dilatory in this case. *See* Memorandum Opinion, Dkt.

No. 414, at 18 (recognizing that "case management issues and the defendants' requests to stay discovery" have delayed resolution of the case and concluding that "Defendants' argument that *Plaintiffs'* actions have prolonged this litigation . . . is not borne out by the record in this case"). And Plaintiffs worked diligently to replace Ms. Mitchell with a new named plaintiff as soon as possible after Ms. Mitchell's death. *See* Motion for Discovery, Dkt. No. 404. It was PSI Defendants who declined to produce necessary discovery to facilitate finding a new class representative more promptly and who asked this Court to refrain from ordering them to produce any such documents until their dispositive motions had been decided. Opposition to Motion for Discovery, Dkt. No. 405, at 2.

Moreover, no Defendant will face undue prejudice if Plaintiffs are permitted to file an amended Complaint replacing Ms. Mitchell with Mr. Gray. Plaintiffs are not adding any substantive claims. *See Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002) (reversing denial of leave to amend, finding that defendant "does not have to substantially revise any present defense strategy because the plaintiffs' proposed second amended complaint does not add new substantive claims or overhaul plaintiffs' theory of the case.").

Any prejudice any Defendant might face by being required to conduct additional written discovery and take a deposition of Mr. Gray is not "undue," given that Ms. Mitchell previously produced less than 25 pages of written discovery and her deposition lasted less than 5 hours, including breaks. Any prejudice from reopening discovery is the result of the tragic and unexpected death of Ms. Mitchell, and is necessary to allow unnamed class members who still have live claims against PSI to continue to seek relief for violations of their federal constitutional and state-law rights, which this Court recently held may proceed to trial on the merits. Considering the scope of discovery left in this case, including all of the depositions of the PSI Defendants, County

Defendants, and CPS Defendants, any need to take one additional deposition of a named Plaintiff and review a handful of documents is justified so that a class of people whose rights have been systemically violated are able to vindicate those rights. And, importantly, any costs from pursuing such discovery in the context of this ongoing litigation is small compared to what Defendants would pay if a new lawsuit were filed by the injunctive class to pursue its claims. In short, any prejudice in the form of reopened discovery will be minor and not "undue," as it is necessary to preserve the claims of numerous individuals who have waited years for relief while this litigation has proceeded slowly, due in large part to successive discovery stays sought by Defendants.

Plaintiffs have also demonstrated good cause or extraordinary circumstances to justify filing this Motion outside the deadline in the case management order. *See* Dkt. No. 130. Ms. Mitchell's death was untimely and unpredictable, and Plaintiffs worked as quickly as possible, under exceptionally difficult circumstances, to promptly identify a new named Plaintiff.

Based on the foregoing, Plaintiffs should be granted leave to file a Third Amended Complaint that replaces former named Plaintiff Tanya Mitchell with named Plaintiff Victor Gray, who brings claims for equitable and damages relief.

Dated: March 23, 2021

Respectfully Submitted,

/s/ *Elizabeth Rossi*                .

Elizabeth Rossi (*pro hac vice*)
Laura Gaztambide Arandes (*pro hac vice*)
Eric Halperin (*pro hac vice*)
Alexandria Twinem (*pro hac vice*)
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
Telephone: (202) 844-4975
Facsimile: (202) 609-8030
elizabeth@civilrightscorps.org

Matthew J. Piers (*pro hac vice*)
Chirag G. Badlani (*pro hac vice*)
Kate E. Schwartz (*pro hac vice*)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, IL 60602
Telephone: (312) 580-0100
Facsimile: (312) 580-1994
mpiers@hsplegal.com

laura@civilrightscorps.org
eric@civilrightscorps.org
alexandria@civilrightscorps.org

David W. Garrison, BPR 24968
Scott P. Tift, BPR 27592
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Philips Plaza
414 Union St., Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com

cbadlani@hsplegal.com
kschwartz@hsplegal.com

Kyle Mothershead, BPR 22953
The Law Office of Kyle Mothershead
414 Union St., Suite 900
Nashville, TN 37219
Telephone: (615) 982-8002
Facsimile: (615) 229-6387
kyle@mothersheadlaw.com

# CERTIFICATE OF SERVICE

I certify that on March 23, 2021, I electronically filed the foregoing using the CM-ECF System, which caused notice to be sent to all counsel of record who are registered with the CM/ECF system, including the following Counsel for Defendants:

Daniel H. Rader, IV
Moore, Rader, Clift & Fitzpatrick, P.C.
P O Box 3347
Cookeville, TN 38502
(931) 526-3311
Fax: (931) 526-3092
Email: danny@moorerader.com

Brandt M. McMillan
Tune, Entrekin & White, P.C.
315 Deaderick Street
Suite 1700
Nashville, TN 37238
(615) 244-2770
Email: bmcmillan@tewlawfirm.com

Timothy N. O'Connor
Tune, Entrekin, & White, P.C.
315 Deaderick St., Ste. 1700
Nashville, TN 37238-1700
p: (615) 244-2770
Email: toconnor@tewlawfirm.com

Robyn Beale Williams
Farrar & Bates
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219
(615) 254-3060
Fax: (615) 254-9835
Email: robyn.williams@farrar-bates.com

Cassandra M. Crane
Farrar & Bates
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219
615-254-3060
Fax: 615-254-9835
Email: casey.crane@farrar-bates.com

Lucy D. Henson
Lucy D. Henson, PLLC
118 S Second Street
P.O. Box 333
Pulaski, TN 38478
(931) 424-8713
Fax: (931) 424-8715
Email: henson@midsouthlaw.com

*s/ Laura Gaztambide Arandes*