IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| Karen McNeil, et al., | |
|---|---|
| v. | Case No. 1:18-cv-33 |
| Community Probation Services, LLC, et al., | |

**PSI Defendants' Response in Opposition to Plaintiffs' Motion for Leave to File a Third Amended Complaint**

Defendants Progressive Sentencing, Inc., PSI-Probation II, LLC, PSI-Probation, L.L.C., Tennessee Correctional Services, LLC, Timothy Cook, Markeyta Bledsoe, and Harriet Thompson (collectively, the "PSI Defendants" or "these Defendants") oppose the plaintiffs' Motion for Leave to File a Third Amended Complaint (Doc. No. 433) for the following reasons:

**I.  Factual Background**

Plaintiffs' filed this lawsuit about three years ago on April 23, 2018. (Doc. No. 1, 4/23/2018 Complaint). They filed their First Amended Complaint on July 13, 2018 (Doc. No. 41) which these defendants answered. (Doc. No. 80). Plaintiffs' moved to file a second amended complaint in order to substitute plaintiff Lucinda Brandon for former plaintiff Sonya Beard on April 1, 2019, asserting that Ms. Beard had a medical condition that prevented her from participating (Doc. No. 241), which the Court granted. (Doc. No. 255, Order; Doc. No. 256, Second Amended Complaint). Again, PSI answered. (Doc. No. 268).

PSI then actively participated in written discovery and timely produced hundreds of thousands of documents and emails to the plaintiffs. PSI completely finished written discovery and has already provided the plaintiffs with 15 supplements to their discovery responses. PSI also timely served discovery on the plaintiffs, received their responses, and took the depositions

of both PSI plaintiffs, Lucinda Brandon and Tanya Mitchell, essentially completing all its discovery in this case apart from participating in the depositions other parties take.

At no time have the PSI Defendants appealed any ruling of this Court, and nor has any action of the PSI defendants been the cause of any delay or stay in discovery or the progression of the case in any way. In fact, PSI is the only party that completed its primary discovery pursuant to the Court's prior scheduling orders.

Having completed all necessary discovery, just four months after the plaintiffs were allowed to bring in a new PSI plaintiff, the PSI defendants filed a comprehensive motion for summary judgment on August 14, 2019. Ultimately, this motion resulted in the dismissal of all the plaintiffs' federal claims except their Due Process claims against the PSI business entities only.[1] (Doc. No. 416, Order). Dismissal of the RICO claims had the effect of reducing the size of any potential class by 75%. The Court did dismiss identical Due Process claims against the CPS defendants on grounds equally applicable to the PSI Defendants, but declined to extend that reasoning to the PSI defendants.

The reason for the unequal treatment was that prior to the Court's ruling on this motion, the Court gave the PSI Defendants the opportunity to withdraw their motion, and ordered that if it was not withdrawn, the PSI defendants would not be permitted to file any additional dispositive motions. (Doc. No. 382, p. 4). This prohibition on any further PSI dispositive

---

[1] There are no longer any federal claims against any of the PSI *individual* defendants (the RICO claims were the only federal claims against *individuals*). Count 7, the plaintiffs' Due Process claim for damages, which is the only federal claim that survived summary judgment, is only plead against the *PSI business entities—not any individual defendants—*and thus there is no basis for the Court to continue exercising supplemental jurisdiction over the plaintiffs' state law claims against the *individual* defendants. PSI has pointed this out twice since the Court's order on summary judgment, first in their motion to revise (Doc. No. 418) and again in the recent brief filed by the PSI defendants (Doc. No. 431, p. 2, n. 1), but the Court has not addressed the substance of this issue and has not recognized that there are no federal claims against the *individual* PSI defendants. These defendants note that the Court can bring up and correct issues of subject matter jurisdiction at any time. These defendants again request that the Court address this on its own because the Court has been clear that these defendants are not permitted to file any dispositive motions. The fact that there are no federal claims against the *individual* defendants is not disputable, and the Court should address this issue rather than ignore it because if the case continues without the Court's attention to this uncomplicated core jurisdictional issue, it is likely to be a reason that the case is remanded from an appeal at some point in the future, which would be inefficient in the extreme.

motions was the sole reason the Court denied PSI's motion to revise raising the issue of parity. (Doc. No. 420, Order).  The prohibition on dispositive motions by PSI was also one of the primary reasons the Court did not consider or address the substance of the PSI defendants' objections to the plaintiffs' motion to substitute the Estate of Tanya Mitchell.  (Doc. No. 432, Order, p. 3-4, granting the motion to substitute for the reasons stated for denying the PSI Defendants' motion to revise).

After the Court granted the plaintiffs' motion to substitute the Estate of Tanya Mitchell for her damages claims, the plaintiffs' moved to file a third Amended Complaint to add a new named plaintiff pleading injunctive claims and damages claims.  (Doc. No. 433).  The deadline for moving to amend the complaint ran on April 1, 2019, about a year before the filed the instant motion to amend.  (Doc. No. 229, Scheduling Order, p. 3).

However, prior to the plaintiffs' instant motion to amend, defendant Markeyta Bledsoe, the only PSI probation officer in Giles County, gave notice to PSI that she would be leaving the company to pursue a career as an insurance agent.  (Exhibit 1, Affidavit of Tim Cook, p. 1, ¶ 3). As stated by Mr. Cook in his affidavit, the litigation prevented the company from being able to hire a new officer for the Giles County office, and so the Company determined to close the office effective March 23, 2021.  (*Id*. at ¶¶ 4-5).  As such, PSI no longer supervises any probationers in Giles County, no longer accepts any payments from any probationers in Giles County, and has turned over all probation responsibilities to the County itself.  (Id.).  PSI gave notice to the County of this decision on March 22, 2021, as shown in the letter emailed that day from Tim Cook to County Mayor Melissa Greene.  (Id. at ¶ 5).

## II. Standard of Review

Once the deadline for amending pleadings passes, as it did a year ago in this case, Rule 16(b)'s good cause standard must be met prior to the Court's consideration of the motion under the liberal standard stated by Rule 15. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (explaining "Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."). And, in addition to the good cause requirement the Court must also consider "prejudice to the opponent before modifying the scheduling order." *Id.* (citing sources).

If the Court reaches the Rule 15 standard, whether to allow the amendment is within the Court's sound discretion, and leave to amend should be freely given unless there is undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment. *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. Argument

The Court should deny the motion for leave to file a third amended complaint because of the prejudice it would cause to the PSI Defendants, and because the proposed amendment adding the injunctive claims is futile, as PSI no longer has any operation in Giles County.

The PSI Defendants will be unduly prejudiced by the proposed amendment adding a new party because they have already completed discovery, and because they made mission critical litigation decisions based on the facts of the cases of the two named plaintiffs (Lucinda Brandon and Tanya Mitchell). When the Court put the PSI Defendants to the choice of withdrawing their

motion for summary judgment or risking not being able to file any additional dispositive motions, the PSI Defendants determined that they would be happy to try the claims brought by those two named plaintiffs specifically, and so would risk the fate of being prohibited from filing any more dispositive motions. The PSI Defendants specifically and squarely made this decision because the deadline to amend the complaint had long passed when the June 23, 2020 Order was entered putting them to the choice of withdrawing or proceeding with their motion for summary judgment. (Doc. No. 382, Order).

In other words, the PSI Defendants have made the most critical decisions regarding litigation strategy based on the fact that, no matter what happened with their motion for summary judgment, they would be facing named plaintiffs Lucinda Brandon and Tanya Mitchell at trial and they knew what they would be up against. As set out above, the Court has vigorously enforced the prohibition on additional dispositive motions, but PSI understands this to be a known consequence of the decision it made to go forward with its motion for summary judgment. It would be extremely prejudicial to the PSI Defendants if the Court granted the plaintiffs' motion for leave to file a third amended complaint now, adding a completely new plaintiff, because these defendant never could have anticipated this when deciding whether to withdraw their motion.

Despite any delays caused by other parties, the PSI Defendants have taken their discovery and are 99% ready for trial. At this point, three years into this case, with the most critical strategy decisions made, it would be prejudicial to the point of injustice to force them to straight up start over by answering another 600+ paragraph complaint and begin learning the facts of a totally new plaintiff. Due to the prejudice stated here, the Court should deny the plaintiffs' motion for leave to file a third amended complaint.

Further, on March 31, 2021, the Court entered an Amended Case Management Order (Doc. No. 436), which sets the deadline for briefing class certification at June 30, 2021, less than three months from now.  Another specific and explicit reason the PSI Defendants went forward with their motion for summary judgment was because of their determination that they have excellent defenses to the inevitable motion for class certification which will focus entirely on the facts of Tanya Mitchell and Lucinda Brandon's cases.  To allow the plaintiffs' to bring a totally new named plaintiff in now, just a few weeks before the class certification issue is to be briefed would also be extraordinarily prejudicial to the PSI Defendants.

The Court should also deny the plaintiffs' motion to amend because the claims for injunctive relief asserted by the purported new plaintiff are futile and moot due to the fact that PSI no longer supervises him or any other probationer in Giles County.  The county itself has taken over probation operations.

When a named plaintiff's claim becomes moot prior to class certification, the ordinary rule is that dismissal of the action is required.  *Wilson v. Gordon*, 822 F.3d 934, 942 (6th Cir. 2016) (providing extensive analysis on each exception named below) (quotations and citations omitted).  However, there are three exceptions: (1) the inherently transitory exception; (2) the picking off exception; and (3) the capable of repetition yet evading review exception.  *See generally, id.*  None of which apply here.

There are two requirements that must be met for the inherently transitory exception to apply: "(1) the injury be so transitory that it would likely evade review by becoming moot before the district court can rule on class certification; and (2) that it is certain other class members are suffering the injury." *Id.* at 945.  Since PSI no longer supervises or accepts payment from any

probationer in Giles County, the plaintiffs cannot meet the second requirement, as it is certain that literally no other purported class members are suffering any injury due to any action of PSI.

The picking off exception applies when a defendant attempts to avoid class certification by settling with a proposed class representative before class certification is decided. *Id.* at 947–951 (discussing the 'picking off' exception). It does not apply here because no settlement has been proposed regarding the purported new plaintiff.

Finally, for the capable of repetition yet evading review exception to apply, "'a challenged action must satisfy two requirements. First, it must be too short in duration to be fully litigated before it ceases. Second, there must be a reasonable expectation that the *same parties* will be subjected to the same action again.'" *Id.* at 951 (emphasis in original) (quoting *Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 430 (6th Cir.2013)). Since the purported new plaintiff, nor any other person in Giles County will ever be supervised by PSI again, as they have permanently ceased operations in Giles County, the plaintiffs cannot meet the second requirement set out above. As such, this exception to mootness is also inapplicable.

As no exception applies, the Court should also deny the plaintiffs' motion for leave to file a third amended complaint because the proposed claims for injunctive relief (the very impetus of the motion) are moot and therefore the amendment would be futile.

## IV.     Conclusion

Based on the foregoing authorities and argument, the Court should deny the plaintiffs' motion for leave to file a third amended complaint due to the prejudice to these defendants and because the proposed injunctive claims are moot.

Respectfully Submitted,

/s/ Brandt M. McMillan
Brandt M. McMillan (BPR No. 025565)
Sam Blanton (BPR No. 037484)
Tune, Entrekin, & White, P.C.
315 Deaderick St., Ste. 1700
Nashville, TN 37238-1700
p: (615) 244-2770 | f: (615) 244-2778
bmcmillan@tewlawfirm.com

**Certificate of Service**

The undersigned served this document via CM/ECF on:

Chirag Badlani
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
cbadlani@hsplegal.com

Elizabeth Anne Rossi
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953
Fax: (202) 609-8030
elizabeth@civilrightscorps.org

Eric Halperin
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953
Fax: (202) 609-8030
eric@civilrightscorps.org

Jonas Wang
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
(202) 599-0953

Kate E. Schwartz
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
kschwartz@hsplegal.com

Kyle F. Mothershead
The Law Office of Kyle Mothershead
414 Union Street, Suite 900
Nashville, TN 37219
(615) 982-8002
kyle@mothersheadlaw.com

Matthew J. Piers
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
Fax: (312) 580-1994
mpiers@hsplegal.com

David W. Garrison
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street
Suite 900

Fax: (202) 609-8030
jonas@civilrightscorps.org

Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
stift@barrettjohnston.com

Robyn Beale Williams
Cassandra M. Crane
Farrar & Bates
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219
(615) 254-3060
Fax: (615) 254-9835
robyn.williams@farrar-bates.com
casey.crane@farrar-bates.com

Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
dgarrison@barrettjohnston.com

Daniel H. Rader , IV
Moore, Rader, Clift & Fitzpatrick, P.C.
P O Box 3347
Cookeville, TN 38502
(931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com

John Christopher Williams
Williams Law and Mediation Group
101 S 1st Street
Pulaski, TN 38478
(931) 363-6500
Fax: (931) 363-8904
cwilliams@newsouthlaw.com

    /s/ Brandt M. McMillan
    Brandt M. McMillan