# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, ET AL )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>COMMUNITY PROBATION )<br>SERVICES LLC. ET AL. )<br>    Defendants. ) | Case No. 1:18-cv-00033<br> Judge Campbell/ Frensley |

## ORDER

Pending before the Court is the Plaintiffs' Motion for Leave to File Third Amended Complaint. Docket No. 433. The PSI Defendants have filed a Response in Opposition. Docket No. 437. Plaintiffs have filed a Reply. Docket No. 438. For the reasons stated herein, the Motion is **GRANTED.**

## BACKGROUND

This action was filed on April 23, 2018. Alleging violations of Plaintiffs' constitutional rights, federal statutory law and state law. Docket No. 1. While the Parties have participated in extensive discovery, the discovery has not been completed. Despite the efforts of the Court and the Parties to advance the case, much of the necessary discovery was stayed and certain Defendants filed their first dispositive motions raising issues of qualified immunity as to Plaintiffs' constitutional claims. While the discovery was stayed pending the resolution of several dispositive motions, one of the named Plaintiffs, Tanya Mitchell suffered a stroke and died at the age of 55. Plaintiff's death occurred well after the deadline for any motions to amend and importantly, while several dispositive motions remained pending before the Court. Following the Court's ruling granting in part and denying in part Defendants' dispositive motions, the instant motion was filed

seeking to amend the complaint to substitute Victor Gray as a named Plaintiff in this action in the place of Ms. Mitchell. Docket No. 433 at p. 3. Plaintiffs contend that they should not be denied relief or required to file a new action based on the unforeseen death of Ms. Mitchell following the lengthy discovery stays in this case. *Id.* at p. 4. Plaintiffs argue that they were not dilatory in seeking to substitute Mr. Gray as the named Plaintiff and that allowing the amendment would not result in undue prejudice to any party. They contend that any additional discovery necessitated by the substitution of Mr. Gray would be minimal and appropriate given the unexpected death of Ms. Mitchell. *Id.* at p. 6.

The PSI Defendants oppose the motion to amend on the grounds it would be unduly prejudicial to them and that the claims are futile because PSI no longer have any operation in Giles County. Docket No. 437, pp. 4-7. The PSI Defendants argue that they were prepared to address the anticipated motion for class certification based on the facts of Tanya Mitchell and Lucinda Brandon's cases and that it would be unfair and prejudicial to force them to have to conduct additional discovery on a new named Plaintiff in the period of time prior to the filing of class certification motions. *Id.* They further argue that the claims for relief asserted by the new Plaintiff are futile and moot because PSI no longer supervises the Plaintiff or any other probationer in Giles County and no exception applies. *Id.* at pp. 6-7.

In Reply, the Plaintiff reiterates that there is not prejudice to the Defendant and argues that exceptions to mootness apply to Plaintiffs injunctive claims against PSI such as those claims are not moot and should be allowed to proceed. Docket No. 438.

## LAW AND ANALYSIS

A.  **Standard of Review**

Motions to Amend are governed by Fed. R. Civ. P. 15, which provides in relevant part:

> (a) Amendments Before Trial.
>
>> (1) *Amending as a matter of course.* A party may amend its pleading once as a matter of course within:
>>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . .
>>
>> (2) *Other amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff cannot amend as a matter of course under Rule 15(a)(1)(A), because more than 21 days have passed since the service of the initial Complaint. Furthermore, Plaintiff cannot amend as a matter of course pursuant to Rule 15(a)(1)(B), because the Complaint he seeks to amend is a pleading to which a responsive pleading is required, and more than 21 days have passed since the service of Defendants' Answer. Defendants oppose the amendment of Plaintiff's Complaint; therefore, Plaintiff can amend only with leave of Court, pursuant to Rule 15(a)(2).

An additional consideration is whether the court has established a deadline for proposed amendments though the entry of a scheduling order under Fed. R. Civ. P. 16(b). Once a Rule 16(b) scheduling order is entered it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This "good cause" requirement is "a threshold that requires late-moving litigants to show that 'despite their diligence they could not meet the original deadline.'" *Shane v. Bunzl Distribution USA, Inc.,* 275 F. Appx. 535, 536 (6th Cir. 2008) (quoting *Leary v. Daeschner,* 349 F. 3d 888, 907 (6th Cir. 2003)).

After the deadline in a scheduling order has passed, a plaintiff must first show good cause under Rule 16(b) for its failure to earlier seek leave to amend before the court will consider whether an amendment is proper under Rule 15(a). *Leary,* 349 F. 3d at 909. While a consideration of

3

potential prejudice to the nonmovant is a factor the court should consider in deciding whether or not to amend a scheduling order, even in the absence of prejudice the plaintiff must explain its failure for asserting the amendment in a timely fashion. *Stewart v. King*, 2011 WL 237678 at *5 (M. D. Tenn January 24, 2011).

While leave to amend should be "freely given when justice so requires,' leave to amend should be denied when "it would result in undue delay or prejudice to the opposing party ... or where the amendment is futile.' *See Forman*, 371 U.S. 178; *Duchon v. Cajon Co.*, 791 F. 2d 43 (6th Cir. 1986). An amendment is "futile" when the "proposed amendment would not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)," and in such instance, "the court need not permit the amendment." *Nat'l Credit Union Admin. Bd.* v. *Acacia Nat. Life Ins. Co.*, 60 F. 3d 828 (6th Cir. 1995). *See also Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 382 (6th Cir. 1993); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980).

In the Sixth Circuit, any analysis of the futility of proposed amendments is equivalent to the analysis undertaken as part of a Rule 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F. 3d 417, 421 (6th Cir. 2000). The policy consideration behind futility analysis and motions to amend is to prevent the expenditure of unnecessary effort and resources by the parties as well as the court. *See, e.g., Matlock v. Rose*, 731 F. 2d 1236, 1240-41 (6th Cir. 1984). Other courts have noted the manner in which these considerations play out:

> There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.*, that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. § 636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim . . . . Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be

4

Case 1:18-cv-00033   Document 439   Filed 04/30/21   Page 4 of 7 PageID #: 12464

made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

*Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 U.S. Dist. LEXIS 121573, 2011 WL 5008552, at *4 (S. D. Ohio Oct. 20, 2011). *See also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 U.S. Dist. LEXIS 160907, 2012 WL 5467526, at *4 (S. D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint); *Research Inst. at Nationwide Children's Hosp. v. Trellis Bioscience, LLC*, No. 2:15-cv-3032, 2017 U.S. Dist. LEXIS 63108, 2017 WL 1487596, at *3 (S. D. Ohio Apr. 26, 2017). As the court noted in *Durthaler*, "it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552 at *4. *See also Greenwald v. Holstein*, No. 2:15-cv-2451, 2016 U.S. Dist. LEXIS 192242, 2016 WL 9344297, at *5 (S. D. Ohio Feb. 3, 2016).

### B. The Motion to Amend

The deadline agreed upon by the Parties and entered by the Court to file any motions to amend was April 1, 2019. Docket No. 229. The instant motion to amend was filed March 23, 2021. Docket No. 433. Because the motion to amend was filed after the deadline set in the scheduling order, the Court must first consider whether the amendment is proper under Federal Rule of Civil Procedure 16.

Generally speaking, when a person brings a lawsuit they do not expect to die before that lawsuit is resolved. Unfortunately, this is the fate that befell Tanya Mitchell. Sadly, Ms. Mitchell suffered a tragic death during the pendency of this action. At the time of her death on September 14, 2020, the deadline for motions to amend had already passed and discovery was stayed pending

resolution of dispositive motions filed by the PSI and CPS Defendants. Further, there was a worldwide pandemic which fundamentally changed traditional approaches to litigation as well as everyday life.

On February 3, 2021, the Court granted in part and denied in part Defendants' dispositive motions. Docket Nos. 414, 415, 416, and 417. The Parties thereafter engaged in some additional motion practice around the dispositive motion which the Court considered and resolved on February 22, 2021. Docket No. 420. On March 10, 2021, the Court lifted the stay on discovery. Docket No. 428. Thereafter, Plaintiffs filed the instant motion to amend the complaint. Docket No. 433. Given the unexpected death of Ms. Mitchell, pending dispositive motions and stay of discovery, the Court finds that there is good cause under Rule 16 for the Plaintiff's failure to comply with the deadline established in the case management order for motions to amend.

The Court has considered the PSI Defendants' arguments in context with Rule 15(a)(2) and finds that there are no reasons to deny leave to amend under that provision. The burdens of discovery are minimal and, in any event, outweighed by the circumstances precipitating the motion to amend. The PSI Defendants express concern that they will not be able to file another dispositive motion. While the Defendants' opportunity to file another dispositive motion is not unlimited, it is not prohibited as the Defendants suggest. Rather the Court's order required only that the Parties seek leave to file other dispositive motions and demonstrate "extraordinary circumstances." Docket No. 382. With respect to the argument of futility, there is at a minimum reasonable disagreement about the mootness issue that would be better addressed in a different context and the undersigned is sure it no doubt will be.

For these reasons, Plaintiffs' Motion for Leave to File Third Amended Complaint (Docket No. 433) is **GRANTED**. The Clerk of Court is directed to enter the Third Amended Complaint

(Docket No. 433-1) as the operative Complaint.

    **IT IS SO ORDERED.**

                                         **JEFFERY S. FRENSLEY**
                                         **U. S. Magistrate Judge**