IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KAREN MCNEIL, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>COMMUNITY PROBATION SERVICES, LLC; *et al.*,<br><br>      Defendants. | Case No. 1:18-cv-00033<br><br>Judge Campbell/Magistrate Judge Frensley<br><br><br>JURY DEMAND |

## PRELIMINARY APPROVAL ORDER

Having fully considered the Named Plaintiffs' and County Defendants' Joint Motion for Preliminary Approval of Class Action Settlement, the Parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1. The Court preliminarily approves the Settlement Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the settlement reached by the Named Plaintiffs and County Defendants (the "Settlement"). The Court finds that the Settlement Agreement, the Settlement set forth therein, and all exhibits attached thereto or to the Joint Motion For Preliminary Approval Of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of possible judicial approval to warrant sending notice of the Litigation and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

2. For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court preliminarily certifies the following classes:

"Class A" (settlement class for injunctive relief): All people (1) who are or will be convicted of a misdemeanor offense in Giles County and (2) who are required to make payments and/or who are sentenced to probation.

"Class B" (settlement class for damages relief): All people who were on probation in connection with a misdemeanor offense in Giles County on or after April 23, 2017 through March 31, 2021.

"Class C" (settlement class for damages relief): All people who paid CPS Fees and/or PSI Fees while on probation in connection with a misdemeanor offense in Giles County on or after April 23, 2015 through March 31, 2021.

3. For settlement purposes only, the Court preliminarily appoints Indya Hilfort and Victor Gray as representatives of Class A; Karen McNeil, Lesley Johnson, Indya Hilfort, Lucinda Brandon, Victor Gray, and the Estate of Tanya Mitchell as representatives of Class B; and Karen McNeil, Lesley Johnson, Lucinda Brandon, Estate of Tanya Mitchell, and Victor Gray as representatives of Class C.

4. For settlement purposes only, the Court preliminarily appoints the following attorneys to act as Class Counsel for the Settlement Class:

Elizabeth Rossi (*pro hac vice*)
Laura Gaztambide Arandes (*pro hac vice*)
Eric Halperin (*pro hac vice*)
Alexandria Twinem (*pro hac vice*)
Sumayya Saleh (*pro hac vice*)
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
Telephone: (202) 844-4975

Matthew J. Piers (*pro hac vice*)
Chirag G. Badlani (*pro hac vice*)
Kate E. Schwartz (*pro hac vice*)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, IL 60602
Telephone: (312) 580-0100
Facsimile: (312) 580-1994

| | |
|---|---|
| Facsimile: (202) 609-8030 | mpiers@hsplegal.com |
| elizabeth@civilrightscorps.org | cbadlani@hsplegal.com |
| laura@civilrightscorps.org | kschwartz@hsplegal.com |
| eric@civilrightscorps.org | |
| alex@civilrightscorps.org | |
| sumayya@civilrightscorps.org | |
| | |
| David W. Garrison, BPR 24968 | Kyle Mothershead, BPR 22953 |
| Scott P. Tift, BPR 27592 | The Law Office of Kyle Mothershead |
| BARRETT JOHNSTON MARTIN & GARRISON, LLC | 414 Union St., Suite 900 |
| Philips Plaza | Nashville, TN 37219 |
| 414 Union St., Suite 900 | Telephone: (615) 982-8002 |
| Nashville, TN 37219 | Facsimile: (615) 229-6387 |
| Telephone: (615) 244-2202 | kyle@mothersheadlaw.com |
| Facsimile: (615) 252-3798 | |
| dgarrison@barrettjohnston.com | |
| stift@barrettjohnston.com | |

5. The Court appoints the Settlement Administrator designated by the Parties, Atticus Administration, LLC, in accordance with the Settlement Agreement. The Settlement Administrator shall be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

6. The form and content of the Class Notice are fair, reasonable, and adequate. Notice shall be disseminated to the Settlement Class in accordance with the Settlement Class Notice Program and the Settlement Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require. The Settlement Administrator is ordered to disseminate Class Notice in accordance with the Settlement Class Notice Program.

7. The Court finds that the Settlement Class Notice Program is the best practicable notice, and it is reasonably calculated, under the circumstances, to apprise the Settlement Class: (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for Attorneys' Fee Awards and/or

Service Payments; (d) of the right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for Attorneys' Fee Awards and/or Service Payments and, if he or she desires, enter an appearance personally or through counsel; (g) of the time and place of the Final Fairness Hearing; and (h) of the name and address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries. The Court finds that the Settlement Class Notice Program is reasonable and constitutes due, adequate, and sufficient notice to all members of the Settlement Class and meets all requirements of applicable law. The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

8. The Settlement Administrator shall file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

9. The Court approves the creation of the Settlement Website in accordance with the Settlement Agreement.

10. The Court approves the Name and/or Address Update Form provided by the parties. Any member of the Settlement Class who wishes to change their name, address, or form of payment (from check to electronic payment form) must submit the form no later than  October 15, 2021 , which is the same date as the "Opt-Out and Objection Date." (Section II.DD.) The form can be submitted electronically on the Settlement Website, or a PDF version can be downloaded from the Settlement Website and mailed to the address contained in the approved notice with a postmark date no later than October 15, 2021, which is the same date as the "Opt-Out and Objection Date." (Section II.DD.).

4

11. The "Opt-Out and Objection Date," that is, the final date by which any member of the Settlement Class must file any request for exclusion or objection to this Settlement, shall be either ___October 15, 2021___, which is sixty (60) days after the Notice Date, or ten (10) calendar days after the date of the re-mailing of the Notice of Settlement, whichever is later. (Section II.KK.).

12. Any member of the Settlement Class who wishes to opt out or be excluded from the Settlement Class must submit an appropriate, timely request for exclusion. This request for exclusion must be sent to the Settlement Administrator at the address on the Notice and must be postmarked no later than ___October 15, 2021___, which is sixty (60) Days after the Notice Date, or ten (10) calendar days after the date of re-mailing of the Notice of Settlement, whichever is later (the "Opt-Out and Objection Date") (Section II.KK.) The opt-out request must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class, and contain a statement under penalty of perjury that he or she is otherwise a member of the Settlement Class. A member of the Settlement Class may opt out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed. A person who files a timely and valid request to opt out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in this Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

5

13. Any member of the Settlement Class who does not submit a timely and valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, even if he or she has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

14. Any Settlement Class Member who does not properly and timely submit an opt-out request to the Settlement Administrator and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement or who wishes to object to any Attorneys' Fee Awards or Plaintiffs' Service Payments must file with the Court and serve on Class Counsel and County Defendants' Counsel, postmarked no later than __October 15, 2021__, which is sixty (60) Days after the Notice Date, or ten (10) calendar days after the date of re-mailing of the Notice of Settlement, whichever is later, a written statement of the objection signed by the Settlement Class Member containing all of the following information (Section II.KK, Section V.E.iii):

   a. The full name, address, telephone number of the person objecting;

   b. A signed declaration stating that he or she is a member of the Settlement Class;

   c. A written statement of all objections to the Settlement and the grounds for such objections;

   d. A statement of whether he or she intends to appear at the Fairness Hearing; and

   e. If he or she intends to appear at the Fairness Hearing through counsel, the name of his or her counsel who will appear at the Fairness Hearing.

15. If Class Counsel or County Defendants' Counsel wish to submit a response to any objection, they must file such response with the Court no later than __December 31, 2021__, which is seven (7) days prior to the Fairness Hearing. (Section VIII.N.)

16. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement, the Attorneys' Fee Awards, and/or the Service Payments, and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and Giles County's Counsel) and file with the Clerk of the Court a notice of intention to appear no later than  October 15, 2021 , which is the Opt-Out and Objection Date, or as the Court may otherwise direct. (Section VIII.P.)

17. Any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing shall so state in their objection papers or as the Court may otherwise direct.

18. No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of the Court and timely mailed to Class Counsel and County Defendants' Counsel as provided above, the written statement of objections as described above, together with copies of any supporting materials, papers or briefs.

19. Any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the requirements of Section VII Paragraph B of the Settlement Agreement shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

20. The Settlement Administrator shall establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications relating to this Settlement. Only the Settlement Administrator shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

21. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and County Defendants' Counsel on a weekly basis. (Section V.G.; Section VII.F.) The Settlement Administrator shall also provide a final list to Class Counsel and County Defendants' Counsel no later than seven (7) days after the Opt-Out and Objection Date (Section VII.F.), and then shall file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) days thereafter or on such other date as the Court may direct (Section VIII.S.).

22. The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from: (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by counsel for the Giles County Released Persons and/or Class Counsel as

a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a local, state, or federal agency.

23. A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, and (b) whether the proposed Settlement is fair, reasonable, and adequate (the "Fairness Hearing") shall be conducted in the United States Courthouse, United States District Court for the Middle District of Tennessee, located at 801 Broadway, Nashville, TN, Courtroom A826, commencing on **January 7, 2022, at 1:30 p.m.,** which is not less than thirty (30) days after the deadline to file the Motion for Final Approval.

24. The Court may reschedule the Fairness Hearing without further written notice. If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket.

25. Plaintiffs' Motion for Final Approval shall be filed on **November 23, 2021,** which is within one hundred twenty (120) days of this Order or the date Class Member Lists are provided to the Settlement Administrator, whichever is later. (Section VIII.C.) Responses to objections, shall be filed with the Court no later than December 31, 2021, which is seven (7) days before the Fairness Hearing. (Section VIII.C.)

26. All discovery and other pretrial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Settlement Agreement and this Order.

27. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the

9

Case 1:18-cv-00033   Document 447   Filed 07/26/21   Page 9 of 10 PageID #: 12770

Court, or does not become Final, pursuant to the terms of the Settlement Agreement, or (b) the proposed Settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In any such event, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

IT IS SO ORDERED.

Dated: July 26, 2021

William L. Campbell, Jr.
United States District Judge