IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

KAREN MCNEIL, *et al.*,

    Plaintiffs,

v.

GILES COUNTY TENNESSEE; *et al.*,

    Defendants.

Case No. 1:18-cv-00033
Judge Campbell/Magistrate Judge Frensley

## FINAL ORDER AND JUDGMENT
## GRANTING APPROVAL OF CLASS SETTLEMENT

Before the Court is Plaintiffs and County Defendants' Unopposed Joint Motion for Final Approval of Class Action Settlement, and the pertinent materials filed with that motion. Dkt. 453 ("Joint Motion"). The Court preliminarily approved the Settlement Agreement that is the subject of the Joint Motion on July 26, 2021. Dkt. 447 ("Preliminary Approval Order"). A copy of the Settlement Agreement has been filed as Exhibit A to the Memorandum in Support of Plaintiffs and County Defendants' Unopposed Joint Motion for Final Approval of Class Action Settlement (Dkt. 454-2) and is incorporated in this Final Order and Judgment by reference.

On January 11, 2022, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record. For good cause shown, and as more fully explained below, the Joint Motion is **GRANTED.** The Court **ORDERS** as follows:

1. **Jurisdiction.** The Court finds it has personal jurisdiction over the Named Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

1

2. **Certification of the Settlement Classes.** The Court finds that the proposed Settlement Classes, as defined in the Settlement Agreement, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the following Settlement Classes:

- Class A: All people (1) who are or will be convicted of a misdemeanor offense in Giles County and (2) who are required to make payments and/or who are sentenced to probation.

- Class B: All people who were on probation in connection with a misdemeanor offense in Giles County on or after April 23, 2017 through March 31, 2021.

- Class C: All people who paid CPS Fees and/or PSI Fees (as defined in the Settlement Agreement) while on probation in connection with a misdemeanor offense in Giles County on or after April 23, 2015 through March 31, 2021.

3. **Class Representatives.** The Court finds that the proposed Class Representatives, as defined in the Settlement Agreement, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. For the purposes of settlement, the Court reappoints the following Class Representatives:

- Class A: Indya Hilfort and Victor Gray.

- Class B: Karen McNeil, Lesley Johnson, Indya Hilfort, Lucinda Brandon, Victor Gray, and the Estate of Tanya Mitchell.

- Class C: Karen McNeil, Lesley Johnson, Lucinda Brandon, Victor Gray, and the Estate of Tanya Mitchell.

4. **Class Counsel.** For the purposes of settlement, the Court reaffirms the appointment of Elizabeth Rossi and Sumayya Saleh of Civil Rights Corps; Matthew Piers and Kate Schwartz of Hughes, Socol, Piers, Resnick & Dym, Ltd.; David Garrison and Scott Tift of Barrett Johnston Martin & Garrison, LLC; and Kyle Mothershead of Relentless Advocacy, PLLC as Class Counsel for the Settlement Class.

5. **Approval of the Settlement Agreement.** The Court approves the Settlement Agreement and finds that it is a reasonable compromise of the claims of the Settlement Class that was reached by the parties after extensive discovery and intensive arms-length negotiations with the assistance of an experienced mediator. The Settlement Agreement is fair, reasonable, and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties, and in the best interest of, the Settlement Class. It achieves a definite and certain result for the benefit of the Settlement Class that is preferable to continuing litigation in which the Settlement Class would necessarily confront substantial risk, uncertainty, delay, and cost. This Order constitutes final approval of the Settlement Agreement. The Settlement Agreement is binding on the parties to it and on all members of the Settlement Class.

6. **Adequacy.** The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7. **Class Notice.** The Court approves the Class Notice that was distributed to the Settlement Class as fair, reasonable, and adequate. The Court determines that the Class Notice was given as required by the Settlement Class Notice Program and Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Class Notice: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing, and of their right to seek monetary and other relief; (iii) constituted reasonable, due, adequate, and sufficient notice to

all Persons entitled to receive notice; and (iv) met all requirements of due process, and any other applicable law.

8. **Release of Claims.** As of the date this judgment becomes final, the Class Representatives and the Settlement Class have conclusively compromised, settled, dismissed, and released any and all Released Claims against the Giles County Released Persons (as those terms are defined in the Settlement Agreement).

9. **Class Representative Payments.** The Court finds that the Named Plaintiffs' Service Payments of $25,000 for individuals who were deposed (Lucinda Brandon, the estate of Tanya Mitchell, and Indya Hilfort), $20,000 for the other original Named Plaintiffs (Karen McNeil and Lesley Johnson), and $5,000 for recently-added Named Plaintiff Victor Gray are fair and reasonable, and are hereby approved by the Court.

10. **Attorneys' Fee Awards.** The Court finds that the lump sum payment of $200,000 to Class Counsel to cover their fees and costs is fair and reasonable, and is hereby approved by the Court.

11. **Objections and Opt-Outs.** The Court approves the Opt-Out List and determines that the Opt-Out List (which consists of zero people) is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class. The Court denies the objection submitted by Ms. Robyn Brindley-Young for the reasons stated at the Fairness Hearing.

12. **Dispute Resolution.** Without affecting the finality of this Order, the Court reserves jurisdiction over the Settlement Administrator, the Giles County Defendants, the Named Plaintiffs, and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement, the Settlement Agreement, Consent Decree, and Final Order and Judgment and for any other necessary purposes.

13. **Modification.** The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits thereto as: (i) shall be consistent in all material respects with this Order; and (ii) do not limit the rights of the Parties or Settlement Class Members.

14. **Dismissal with Prejudice.** The Court dismisses the Litigation against the County Defendants on the merits and with prejudice and with the parties to bear their own fees or costs, except as specifically provided in the Settlement Agreement, in accordance with the terms of the Final Order and Judgment.

15. **Consent Decree.** The Court confirms that the Consent Decree was entered and went into effect on January 13, 2022.

IT IS SO ORDERED.

Dated: February 1, 2022.

_____
Judge William L. Campbell
United States District Judge